IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC. PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC, ) ) ) ) | C.A. No. 18-2032-CFC |
| Plaintiffs, ) ) | |
| v. ) ) | |
| AMPHASTAR PHARMACEUTICALS, INC., ) ) ) | |
| Defendant. ) ) | |
| AMPHASTAR PHARMACEUTICALS, INC., ) ) ) | |
| Counterclaimant, ) ) | |
| v. ) ) | |
| PAR PHARMACEUTICAL, INC. PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC, ) ) ) ) | |
| Counterdefendants. ) ) ) | |

**DEFENDANT AMPHASTAR PHARMACEUTICALS, INC.'S
ANSWER, DEFENSES AND COUNTERCLAIMS**

Defendant Amphastar Pharmaceuticals, Inc. ("Amphastar"), through its undersigned counsel, hereby answers the Complaint of Plaintiffs Par Pharmaceutical, Inc. Par Sterile Products, LLC, and Endo Par Innovation Company, LLC (collectively, "Plaintiffs") as follows:

To the extent not specifically admitted herein, the allegations of the Complaint are denied.

-1-

## PARTIES[1]

1.      Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint and, therefore, denies each and every allegation in Paragraph 1.

2.      Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Complaint and, therefore, denies each and every allegation in Paragraph 2.

3.      Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint and, therefore, denies each and every allegation in Paragraph 3.

4.      Amphastar admits that Amphastar Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, having its corporate offices and principal place of business at 11570 6th Street, Rancho Cucamonga, California.  Amphastar admits that Amphastar Pharmaceuticals, Inc. develops and manufactures pharmaceutical products for the U.S. market.  Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 4 of the Complaint.

## NATURE OF ACTION

5.      Paragraph 5 of the Complaint contains legal conclusions and allegations to which no answer is required.  To the extent that an answer is required, Amphastar admits that the Complaint filed by Plaintiffs purports to state a civil action for patent infringement of U.S. Patent Nos. 9,375,478 ("the '478 patent"), U.S. Patent Nos. 9,687,526 ("the '526 patent"), U.S. Patent

---

[1] For the Court's convenience, Amphastar has incorporated the section titles that appear in the Complaint.  Amphastar does not necessarily agree with the characterizations of such section titles and does not waive any right to object to those characterizations.

Nos. 9,744,209 ("the '209 patent"), U.S. Patent Nos. 9,744,239 ("the '239 patent"), U.S. Patent Nos. 9,750,785 ("the '785 patent"), and U.S. Patent Nos. 9,937,223 ("the '223 patent") (collectively, "the patents-in-suit") under the Patent Laws of the United States, Title 35.  Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.     Amphastar admits that Plaintiffs purport to bring this action under 28 U.S.C. §§ 1331 and 1338(a).  The remaining allegations contained in Paragraph 6 of the Complaint contain legal conclusions and allegations to which no answer is required.  To the extent that an answer is required, Amphastar admits that this Court has subject matter jurisdiction over matters brought pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 6 of the Complaint.

7.     Paragraph 7 of the Complaint contains legal conclusions to which no answer is required.  To the extent that an answer is required, for purposes of this case only, Amphastar does not contest venue in this judicial district.  Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 7 of the Complaint.

8.     Paragraph 8 of the Complaint contains legal conclusions to which no answer is required.  To the extent that an answer is required, for purposes of this case only, Amphastar does not contest personal jurisdiction in this Court.  Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 8 of the Complaint.

## THE DRUG APPROVAL PROCESS

9.      Paragraph 9 contains legal conclusions to which no answer is required.  To the extent that an answer is required, 21 U.S.C. §§ 355(a), (b)(1) and (c)(2) speak for themselves. Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 9 of the Complaint.

10.      Paragraph 10 contains legal conclusions to which no answer is required.  To the extent that an answer is required, 21 U.S.C. §§ 355(j) speaks for itself.  Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 10 of the Complaint.

11.      Paragraph 11 contains legal conclusions to which no answer is required.  To the extent that an answer is required, 21 U.S.C. §§ 355(j)(2)(A)(vii) and 21 C.F.R. § 314.94(a)(12) speak for themselves.   Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 11 of the Complaint.

12.      Paragraph 12 contains legal conclusions to which no answer is required.  To the extent that an answer is required, 21 U.S.C. §§ 355(j)(2)(B) and 21 C.F.R. § 314.95 speak for themselves.   Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 12 of the Complaint.

13.      Paragraph 13 contains legal conclusions to which no answer is required.  To the extent that an answer is required, 21 U.S.C. §§ 355(j)(2)(B)(iii) and 21 C.F.R. § 314.107(b)(3) speak for themselves.   Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 13 of the Complaint.

## FACTUAL BACKGROUND

### The Patents-in-Suit

14.    Paragraph 14 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar admits that, the '478 patent, on its face, is entitled "Vasopressin Formulations for Use in Treatment of Hypotension." Amphastar admits that the '478 patent, on its face, lists an issue date of June 28, 2016.  Amphastar admits that what purports to be a copy of the '478 patent is attached to the Complaint as Exhibit A. Amphastar denies that the '478 patent was "duly and legally issued."  Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 14.

15.    Paragraph 15 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar admits that, the '526 patent, on its face, is entitled "Vasopressin Formulations for Use in Treatment of Hypotension." Amphastar admits that the '526 patent, on its face, lists an issue date of June 27, 2017.  Amphastar admits that what purports to be a copy of the '526 patent is attached to the Complaint as Exhibit B.  Amphastar denies that the '526 patent was "duly and legally issued."  Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 15.

16.    Paragraph 16 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar admits that, the '209 patent, on its face, is entitled "Vasopressin Formulations for Use in Treatment of Hypotension."  Amphastar admits that the '209 patent, on its face, lists an issue date of August 29, 2017.  Amphastar admits that what purports to be a copy of the '209 patent is attached to the Complaint as Exhibit C.  Amphastar

denies that the '209 patent was "duly and legally issued."  Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 16.

17.     Paragraph 17 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar admits that, the '239 patent, on its face, is entitled "Vasopressin Formulations for Use in Treatment of Hypotension."  Amphastar admits that the '239 patent, on its face, lists an issue date of August 29, 2017.  Amphastar admits that what purports to be a copy of the '239 patent is attached to the Complaint as Exhibit D.  Amphastar denies that the '239 patent was "duly and legally issued."  Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 17.

18.     Paragraph 18 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar admits that, the '785 patent, on its face, is entitled "Vasopressin Formulations for Use in Treatment of Hypotension."  Amphastar admits that the '785 patent, on its face, lists an issue date of September 5, 2017.  Amphastar admits that what purports to be a copy of the '785 patent is attached to the Complaint as Exhibit E.  Amphastar denies that the '785 patent was "duly and legally issued."  Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 18.

19.     Paragraph 19 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar admits that, the '223 patent, on its face, is entitled "Vasopressin Formulations for Use in Treatment of Hypotension."  Amphastar admits that the '223 patent, on its face, lists an issue date of April 10, 2018.  Amphastar admits that what

purports to be a copy of the '223 patent is attached to the Complaint as Exhibit F.  Amphastar denies that the '223 patent was "duly and legally issued."  Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 19.

20.     Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint and, therefore, denies each and every allegation in Paragraph 20.

### VASOSTRICT®

21.     Amphastar admits that the electronic version of the FDA's publication Approved Products and Therapeutic Equivalence Evaluations ("the Orange Book") identifies vasopressin as the active ingredient in a drug product with the proprietary name "Vasostrict."  Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 21.

22.     Amphastar admits that the Orange Book identifies vasopressin as the active ingredient in New Drug Application ("NDA") No. 204485.  Amphastar further admits that the Orange Book identifies the dosage form of NDA No. 204485 as a solution and the route of administration as "IV (infusion)."  Amphastar admits that the Orange Book indicates that NDA No. 204485 was approved by the FDA on April 17, 2014.  Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 22.

23.     Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint and, therefore, denies each and every allegation in Paragraph 23.

24.     Amphastar denies that the FDA approved NDA No. 204485/S-003 on March 18, 2016.  The FDA website indicates that the FDA approved NDA No. 204485/S-003 on March 21, 2016.   Amphastar admits that the FDA website indicates that NDA No. 204485/S-004 was approved on December 17, 2016.  Amphastar admits that the Orange Book indicates that the NDA No. 204485 is available in dosage strengths of 20 units/mL and 200 units/10mL. Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 24.

25.     Amphastar admits that the Orange Book identifies Par Sterile Products LLC as the "Applicant Holder" in connection with NDA No. 204485.   Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 25.

26.     Paragraph 26 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar denies that '223 patent is listed in the Orange Book in connection with the 20 unit/mL Vasostrict product (NDA No. 204485).  Amphastar admits that the '478, '526, '209, '239, and '785 patents are listed in the Orange Book in connection with the 20 unit/mL Vasostrict product (NDA No. 204485).  Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 26.

27.     Amphastar admits that the Orange Book indicates that Vasostrict (NDA No. 204485) was approved on April 17, 2014.  Amphastar admits that the Prescribing Information for Vasostrict states that "Vasostrict® is indicated to increase blood pressure in adults with vasodilatory shock (e.g., post-cardiotomy or sepsis) who remain hypertensive despite fluids and catecholamines."  Amphastar lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 of the Complaint and, therefore, denies each and every remaining allegation in Paragraph 27.

### Amphastar's Vasopressin Injection Product

28.     Paragraph 28 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar admits that it submitted ANDA No. 211857 ("Amphastar ANDA") to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, and sale of Vasopressin Injection USP, 20 units/1 mL vials ("ANDA Product") and that the Amphastar ANDA references Vasostrict®.  Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 28 of the Complaint.

29.     Amphastar admits that it sent a letter dated November 14, 2018 ("the Notice Letter") to Par Pharmaceutical, Inc., Par Sterile Products, LLC, and EPIC.  Amphastar admits that the Notice Letter provided written notice, pursuant to 21 U.S.C. § 355(j)(2)(B), that Amphastar submitted the Amphastar ANDA to the FDA seeking approval to manufacture, use or sell Amphastar's ANDA Product.   Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 29 of the Complaint.

30.     Amphastar admits that the Notice Letter provided written notification that the Amphastar ANDA was submitted with Paragraph IV Certifications that in the opinion of

Amphastar, no valid, enforceable claim of any of the '478, '526, '209, '239, or '785 patents will be infringed by the manufacture, importation, use, sale, or offer for sale of Amphastar's ANDA Product.  Amphastar denies that the Notice Letter advised that the Amphastar ANDA included a Paragraph IV Certification regarding the '223 patent.  Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 30 of the Complaint.

### COUNT I
### INFRINGEMENT OF THE '239 PATENT

31.     Amphastar restates and incorporates by reference its responses to Paragraphs 1-30 of the Complaint as if fully set forth herein.

32.     Amphastar denies each and every allegation in Paragraph 32 of the Complaint.

33.     Amphastar denies each and every allegation in Paragraph 33 of the Complaint.

34.     Amphastar denies each and every allegation in Paragraph 34 of the Complaint.

35.     Amphastar denies each and every allegation in Paragraph 35 of the Complaint.

36.     Amphastar denies each and every allegation in Paragraph 36 of the Complaint.

37.     Paragraph 37 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar denies each and every allegation in Paragraph 37 of the Complaint.

38.     Amphastar denies each and every allegation in Paragraph 38 of the Complaint.

### COUNT II
### INFRINGEMENT OF THE '223 PATENT

39.     Amphastar restates and incorporates by reference its responses to Paragraphs 1-38 of the Complaint as if fully set forth herein.

40.     Amphastar denies each and every allegation in Paragraph 40 of the Complaint.

41.     Amphastar denies each and every allegation in Paragraph 41 of the Complaint.

42.     Amphastar denies each and every allegation in Paragraph 42 of the Complaint.

43.     Amphastar denies each and every allegation in Paragraph 43 of the Complaint.

44.     Amphastar denies each and every allegation in Paragraph 44 of the Complaint.

45.     Paragraph 45 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar denies each and every allegation in Paragraph 45 of the Complaint.

46.     Amphastar denies each and every allegation in Paragraph 46 of the Complaint.

**COUNT III**
**INFRINGEMENT OF THE '478 PATENT**

47.     Amphastar restates and incorporates by reference its responses to Paragraphs 1-46 of the Complaint as if fully set forth herein.

48.     Amphastar denies each and every allegation in Paragraph 48 of the Complaint.

49.     Amphastar denies each and every allegation in Paragraph 49 of the Complaint.

50.     Amphastar denies each and every allegation in Paragraph 50 of the Complaint.

51.     Amphastar denies each and every allegation in Paragraph 51 of the Complaint.

52.     Amphastar denies each and every allegation in Paragraph 52 of the Complaint.

53.     Paragraph 53 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar denies each and every allegation in Paragraph 53 of the Complaint.

54.     Amphastar denies each and every allegation in Paragraph 54 of the Complaint.

**COUNT IV**
**INFRINGEMENT OF THE '526 PATENT**

55.     Amphastar restates and incorporates by reference its responses to Paragraphs 1-54 of the Complaint as if fully set forth herein.

56.     Amphastar denies each and every allegation in Paragraph 56 of the Complaint.

57.     Amphastar denies each and every allegation in Paragraph 57 of the Complaint.

58.     Amphastar denies each and every allegation in Paragraph 58 of the Complaint.

59.     Amphastar denies each and every allegation in Paragraph 59 of the Complaint.

60.     Amphastar denies each and every allegation in Paragraph 60 of the Complaint.

61.     Paragraph 61 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar admits that it was aware of the existence of the '526 patent on the date that it submitted the Amphastar ANDA to the FDA.  Except as expressly admitted, Amphastar denies each and every remaining allegation in Paragraph 61 of the Complaint.

62.     Amphastar denies each and every allegation in Paragraph 62 of the Complaint.

## COUNT V
## INFRINGEMENT OF THE '785 PATENT

63.     Amphastar restates and incorporates by reference its responses to Paragraphs 1-62 of the Complaint as if fully set forth herein.

64.     Amphastar denies each and every allegation in Paragraph 64 of the Complaint.

65.     Amphastar denies each and every allegation in Paragraph 65 of the Complaint.

66.     Amphastar denies each and every allegation in Paragraph 66 of the Complaint.

67.     Amphastar denies each and every allegation in Paragraph 67 of the Complaint.

68.     Amphastar denies each and every allegation in Paragraph 68 of the Complaint.

69.     Paragraph 69 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar denies each and every allegation in Paragraph 69 of the Complaint.

70.     Amphastar denies each and every allegation in Paragraph 70 of the Complaint.

## COUNT VI
## INFRINGEMENT OF THE '209 PATENT

71.     Amphastar restates and incorporates by reference its responses to Paragraphs 1-70 of the Complaint as if fully set forth herein.

72.     Amphastar denies each and every allegation in Paragraph 72 of the Complaint.

73.     Amphastar denies each and every allegation in Paragraph 73 of the Complaint.

74.     Amphastar denies each and every allegation in Paragraph 74 of the Complaint.

75.     Amphastar denies each and every allegation in Paragraph 75 of the Complaint.

76.     Amphastar denies each and every allegation in Paragraph 76 of the Complaint.

77.     Paragraph 77 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Amphastar denies each and every allegation in Paragraph 77 of the Complaint.

78.     Amphastar denies each and every allegation in Paragraph 78 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Amphastar denies all allegations not specifically admitted herein, and further denies that Plaintiffs are entitled to the judgment and relief requested in Paragraphs A-K of the Complaint or to any other relief.

## DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1 through 78 of the Complaint, and without undertaking any of the burdens imposed by law on the Plaintiffs, Amphastar avers and asserts the following separate defenses to the Complaint.  Amphastar expressly reserves the right to allege additional defenses as they become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
(Non-Infringement)

The manufacture, use, sale, offer for sale, and/or importation of the Amphastar ANDA Product does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of the '478 patent, the '526 patent, the '209 patent, the '239 patent, the '785 patent, or the '223 patent. For example, without limitation, the manufacture, use, sale, offer for sale, and/or importation of the Amphastar ANDA Product would not infringe any valid claim of the Patents-in-Suit for at least the reasons set forth in the Notice Letter.  The Amphastar ANDA would not infringe any valid claim of the '223 patent for at least the additional reason that the Amphastar ANDA Product is a single dose vial,  and the package insert instructs the user to discard the vial 48 hours after the first puncture.

## SECOND AFFIRMATIVE DEFENSE
(Invalidity)

One or more claims of the '478 patent, the '526 patent, the '209 patent, the '239 patent, the '785 patent, or the '223 patent are invalid for failure to comply with one or more of the conditions set forth in Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patents and/or the defenses recognized in 35 U.S.C. § 282.  For example, without limitation, the Patents-in-Suit are invalid for at least the reasons set forth in Amphastar's Notice Letter.

## THIRD AFFIRMATIVE DEFENSE
(Failure to State a Claim for Direct Infringement)

Plaintiffs have failed to state a claim for which relief can be granted with respect to purported direct infringement.  The Complaint fails to allege that Amphastar would directly

infringe any claim of the '478 patent, the '526 patent, the '209 patent, the '239 patent, the '785 patent, or the '223 patent if Amphastar's ANDA Product is approved and marketed.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Indirect Infringement)

Plaintiffs have failed to state a claim for which relief can be granted with respect to purported indirect infringement.  The Complaint contains only conclusory allegations that "Amphastar would actively and intentionally induce such infringement" for each of the Patents-in-Suit and that Amphastar's activities "would lead to direct infringement, contributory infringement, and/or active inducement of infringement" of each of the Patents-in-Suit under 35 U.S.C. §§ 271(a)-(c).  As such, the Complaint fails to state a claim for either induced infringement or contributory infringement.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Willful Infringement)

Plaintiffs have failed to state a claim for which relief can be granted with respect to purported willful infringement.  The Complaint contains only the conclusory allegation that "Amphastar's infringement of the [Patents-in-Suit] is willful."  The only allegedly infringing act performed by Amphastar is the filing of the Amphastar ANDA, which is insufficient as a matter of law to support a claim for willful infringement under 35 U.S.C. § 284.  *See Glaxo Group v. Apotex*, 376 F.3d 1339, 1351 (Fed. Cir. 2004); *Celgene Corp. v. Teva Pharms. USA*, 412 F. Supp. 2d 439, 445 (D.N.J. 2006).

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Exceptional Case)

To the extent the Complaint purports to seek an "exceptional case" determination, the Complaint fails to state a claim for exceptional case under 35 U.S.C. § 285 and/or 35 U.S.C.

§ 271(e)(4).   Moreover, Amphastar's actions in defending this case do not constitute an exceptional case under 35 U.S.C. § 285.

## SEVENTH AFFIRMATIVE DEFENSE
(Additional Defenses)

Amphastar reserves the right to present any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Defendant/Counterclaimant Amphastar Pharmaceuticals, Inc. ("Amphastar") brings the following Counterclaims against Plaintiffs/Counterdefendants Par Pharmaceutical, Inc. Par Sterile Products, LLC, and Endo Par Innovation Company, LLC (collectively, "Counterdefendants").

## NATURE OF THE ACTION

1.    These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.* (including 35 U.S.C. §271(e)(5)) and/or 21 U.S.C. § 355(j)(5)(C).

2.    Amphastar seeks declaratory judgement that U.S. Patent Nos. 9,375,478 ("the '478 patent"), U.S. Patent Nos. 9,687,526 ("the '526 patent"), U.S. Patent Nos. 9,744,209 ("the '209 patent"), U.S. Patent Nos. 9,744,239 ("the '239 patent"), U.S. Patent Nos. 9,750,785 ("the '785 patent"), and U.S. Patent Nos. 9,937,223 ("the '223 patent") (collectively, "the Patents-in-Suit"), are invalid and/or not infringed by the manufacture, use, sale, offer for sale, or importation of Amphastar's ANDA Product.

## PARTIES

3.      Amphastar is a corporation organized and existing under the laws of Delaware, having its corporate offices and principal place of business at 11570 6th Street, Rancho Cucamonga, California.

4.      On information and belief, and based on Counterdefendants' allegations, Par Pharmaceutical, Inc. ("Par Pharmaceutical") is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 1 Ram Ridge Road, Chestnut Ridge, New York 10977.

5.      On information and belief, and based on Counterdefendants' allegations, Par Sterile Products, LLC ("Par Sterile Products") is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 1 Ram Ridge Road, Chestnut Ridge, New York 10977.

6.      On information and belief, and based on Counterdefendants' allegations, Endo Par Innovation Company ("EPIC") is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 1 Ram Ridge Road, Chestnut Ridge, New York 10977.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202 and 35 U.S.C. § 271(e)(2).

8.      Venue is proper under 28 U.S.C. §§ 1391 and 1400(b), and by Counterdefendants' choice of forum.

9.      This is an action based upon an actual controversy between the parties concerning the invalidity and/or non-infringement of the '478, '526, '209, '239, '785, and '223 patents and

Amphastar's right to continue to seek approval of ANDA No. 211857 ("the Amphastar ANDA") for Vasopressin Injection USP, 20 units/1 mL vials ("ANDA Product").

10.     Amphastar has been and presently is engaged in the submission of documents to the FDA, and those documents seek approval to engage in the commercial manufacture, importation, use, offer for sale, or sale of Amphastar's ANDA Product.  Counterdefendants have alleged that the submission of the Amphastar ANDA infringes, will infringe, will induce infringement, or will contribute to infringement of one or more claims of the '478, '526, '209, '239, '785, and '223 patents.

11.     Counterdefendants have filed in this Court an infringement action to enforce the '478, '526, '209, '239, '785, and '223 patents against Amphastar.

12.     Amphastar has denied that it has, continues to, or will infringe, induce infringement of, and/or contribute to the infringement of, any valid and enforceable claim of the '478, '526, '209, '239, '785, and '223 patents.

13.     Amphastar has further asserted that the '478, '526, '209, '239, '785, and '223 patents are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patents, and the defenses recognized in 35 U.S.C. § 282.

14.     Amphastar's ANDA No. 211857 includes a certification under FDCA Section 505(J)(2)A)(vii)(IV), with respect to the '478, '526, '209, '239, and '785 patents, that no valid, enforceable claim of the patents will be infringed by the manufacture, importation, use, sale, or offer for sale of the drug product for which ANDA No. 211857 has been submitted.  On November 14, 2018, pursuant to Section 505(j)(2)(B) of the FDCA, Amphastar provided written

notification to Counterdefendants ("Notice Letter") that Amphastar filed ANDA No. 211857 with the FDA containing certifications pursuant to FDCA Section 505(j)(2)(A)(vii)(IV) that the '478, '526, '209, '239, and '785 patents are invalid and/or would not be infringed by Amphastar's ANDA Product.

15.     Amphastar's Notice Letter included an Offer of Confidential Access to Application ("OCA"), which allowed Counterdefendants access to Amphastar's confidential materials, including the ANDA (collectively, "Confidential Materials"), "for the sole purpose of evaluating whether to bring a civil action under 35 U.S.C. § 271(e)(2)(A)" and specifically barred Counterdefendants from using "any Confidential Material for any other purpose." Following Counterdefendants' acceptance of these terms, Amphastar provided Confidential Material to Counterdefendants.

16.     On December 20, 2018, Counterdefendants filed suit against Amphastar alleging infringement of the '478, '526, '209, '239, '785, and '223 patents.

17.     In view of the foregoing, a conflict of asserted rights has arisen between Amphastar and Counterdefendants with respect to the non-infringement and invalidity of the relevant claims of the '478, '526, '209, '239, '785, and '223 patents, and as to Amphastar's right to obtain FDA approval to engage in the commercial manufacture, importation, use, offer for sale, or sale of its Amphastar's ANDA Product.  An actual controversy therefore exists between Counterdefendants and Amphastar.

## BACKGROUND

18.     The '478 patent, on its face, is entitled "Vasopressin Formulations for Use in Treatment of Hypotension" and lists an issue date of June 28, 2016.  Upon information and belief, and according to Counterdefendants' allegations, Par Pharmaceutical owns the '478

patent. On information and belief, and according to Counterdefendants' allegations, EPIC holds an exclusive license to the '478 patent.

19.     The '526 patent, on its face, is entitled "Vasopressin Formulations for Use in Treatment of Hypotension" and lists an issue date of June 27, 2017.  Upon information and belief, and according to Counterdefendants' allegations, Par Pharmaceutical owns the '526 patent. On information and belief, and according to Counterdefendants' allegations, EPIC holds an exclusive license to the '526 patent.

20.     The '209 patent, on its face, is entitled "Vasopressin Formulations for Use in Treatment of Hypotension" and lists an issue date of August 29, 2017.  Upon information and belief, and according to Counterdefendants' allegations, Par Pharmaceutical owns the '209 patent. On information and belief, and according to Counterdefendants' allegations, EPIC holds an exclusive license to the '209 patent.

21.     The '239 patent, on its face, is entitled "Vasopressin Formulations for Use in Treatment of Hypotension" and lists an issue date of August 29, 2017.  Upon information and belief, and according to Counterdefendants' allegations, Par Pharmaceutical owns the '239 patent. On information and belief, and according to Counterdefendants' allegations, EPIC holds an exclusive license to the '239 patent.

22.     The '785 patent, on its face, is entitled "Vasopressin Formulations for Use in Treatment of Hypotension" and lists an issue date of September 5, 2017.  Upon information and belief, and according to Counterdefendants' allegations, Par Pharmaceutical owns the '785 patent. On information and belief, and according to Counterdefendants' allegations, EPIC holds an exclusive license to the '785 patent.

23.     The '223 patent on its face, is entitled "Vasopressin Formulations for Use in Treatment of Hypotension" and lists an issue date of April 10, 2018.  Upon information and belief, and according to Counterdefendants' allegations, Par Pharmaceutical owns the '223 patent. On information and belief, and according to Counterdefendants' allegations, EPIC holds an exclusive license to the '223 patent.

24.     On information and belief, and according to Counterdefendants' allegations, Par Sterile Products, LLC holds New Drug Application ("NDA") No. 204485 Vasostrict®.

25.     The Notice Letter, dated November 14, 2018, in accordance with 21 U.S.C. § 355(j)(2)(B), provided written notice to Counterdefendants that Amphastar had submitted ANDA No. 211857 to the FDA seeking approval to manufacture, use or sell Amphastar's ANDA Product.  The Notice Letter also informed  Counterdefendants that ANDA No. 211857 included a Paragraph IV certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '478, '526, '209, '239, and '785 patents are invalid, unenforceable, and/or will not be infringed by the Amphastar ANDA Product.

26.     In accordance with 21 U.S.C. § 355(j)(2)(B)(iv)(ii), the Notice Letter included a detailed statement of the factual and legal bases for the certification that the '478, '526, '209, '239, and '785 patents are invalid, unenforceable, and/or will not be infringed by the Amphastar ANDA Product.

27.     On information and belief, and according to Counterdefendants' allegations, Counterdefendants received the Notice Letter.

28.     Amphastar's Notice Letter included an OCA, permitting Counterdefendants access to Amphastar's Confidential Materials, "for the sole purpose of evaluating whether to bring a civil action under 35 U.S.C. § 271(e)(2)(A)" and specifically barred Counterdefendants

from using "any Confidential Material for any other purpose."  Following Counterdefendants'

acceptance of these terms, Amphastar provided Confidential Material to Counterdefendants.

29.     On December 20, 2018, Counterdefendants initiated this action against

Amphastar alleging infringement of the Patents-in-Suit.

30.     On information and belief, Counterdefendants misused Amphastar's Confidential

Material to allege infringement of the '223 patent which is not Orange Book listed with respect

to the 20 unit/mL Vasostrict product (NDA No. 204485) and for which Amphastar's ANDA

does not include a Paragraph IV Certification.

**FIRST COUNTERCLAIM**
(Declaration of Non-Infringement)

31.     Amphastar realleges Paragraphs 1-30 as though fully set forth herein.

32.     A case of actual, substantial and continuing justiciable controversy having

adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaration of

rights by this Court exists between Counterdefendants and Amphastar concerning the non-

infringement of the Patents-in-Suit.

33.     The manufacture, use, sale, offer for sale, and/or importation of the Amphastar

ANDA Product does not and will not infringe (either literally or under the doctrine of

equivalents), directly or indirectly (either by inducement or contributorily), any valid,

enforceable claim of the Patents-in-Suit.

34.     Amphastar's Notice Letter included a detailed statement of the factual and legal

bases for why Amphastar's ANDA Product does not infringe the Patents-in-Suit.  Amphastar

incorporates by reference the factual and legal bases provided in the Notice Letter.  Amphastar's

ANDA Product would not infringe any valid claim of the '223 patent for at least the additional

reason that it is a single dose vial, and the package insert instructs the user to discard the vial 48

hours after the first puncture.  Amphastar expressly reserves the right to assert additional grounds of non-infringement.

35.    Amphastar is entitled to a judicial determination that the sale, offer for sale, manufacture, importation, or use of Amphastar's ANDA Product does not, and would not if marketed, infringe any valid and enforceable claim of the '478, '526, '209, '239, '785, and '223 patents.

## SECOND COUNTERCLAIM
(Declaration of Invalidity)

36.    Amphastar Pharmaceuticals, Inc. realleges Paragraphs 1-35 as though fully set forth herein.

37.    A case of actual, substantial and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaration of rights by this Court exists between Counterdefendants and Amphastar concerning the invalidity of the Patents-in-Suit.

38.    The claims of the '239 patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 100 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patents and/or in view of the defenses recognized in 35 U.S.C. § 282.  The claims of the '239 patent are invalid at least under 35 U.S.C. § 103 in view of at least the prior art cited in the Notice Letter, alone or in combination with one or more of the others, including:  Novaplus® Package Insert (Fresenius Kabi); International Patent Publication No. WO 2010/030180; Kanagarajian et al., *Clinical Toxicology* 2007, 45, 56-59; Luckner et al., *Crit. Care Med.* 2005, 33:2659-66; Luckner et al., *Crit. Care Med.* 2007, 2280-85; Dünser et al., *Anaesthet. Analg.* 2001, 93:7-13;

Remington's Pharmaceutical Sciences, 20th Ed.; European Patent No. 2185170; Kumar et al., *J. Chem. Pharm. Res.*, 2010, 2(3):424-432; Hedge, et al., *Endocrinology* 1996, 79, 328-340.

39.     The claims of the '223 patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 100 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patents and/or in view of the defenses recognized in 35 U.S.C. § 282.  The claims of the '223 patent are invalid at least under 35 U.S.C. § 103 in view of at least the prior art cited in the Notice Letter, alone or in combination with one or more of the others, including:  Novaplus® Package Insert (Fresenius Kabi); International Patent Publication No. WO 2010/030180; Kanagarajian et al., *Clinical Toxicology* 2007, 45, 56-59; Luckner et al., *Crit. Care Med.* 2005, 33:2659-66; Luckner et al., *Crit. Care Med.* 2007, 2280-85; Dünser et al., *Anaesthet. Analg.* 2001, 93:7-13; Remington's Pharmaceutical Sciences, 20th Ed.; European Patent No. 2185170; Kumar et al., *J. Chem. Pharm. Res.*, 2010, 2(3):424-432; Hedge, et al., *Endocrinology* 1996, 79, 328-340.

40.     The claims of the '478 patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 100 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patents and/or in view of the defenses recognized in 35 U.S.C. § 282.  The claims of the '478 patent are invalid at least under 35 U.S.C. § 103 in view of at least the prior art cited in the Notice Letter, alone or in combination with one or more of the others, including:  Novaplus® Package Insert (Fresenius Kabi); International Patent Publication No. WO 2010/030180; Kanagarajian et al., *Clinical Toxicology* 2007, 45, 56-59; Luckner et al., *Crit. Care Med.* 2005, 33:2659-66; Luckner

et al., *Crit. Care Med.* 2007, 2280-85; Dünser et al., *Anaesthet. Analg.* 2001, 93:7-13; Remington's Pharmaceutical Sciences, 20th Ed.; European Patent No. 2185170; Kumar et al., *J. Chem. Pharm. Res.*, 2010, 2(3):424-432; Hedge, et al., *Endocrinology* 1996, 79, 328-340.

41.     The claims of the '526 patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 100 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patents and/or in view of the defenses recognized in 35 U.S.C. § 282.  The claims of the '526 patent are invalid at least under 35 U.S.C. § 103 in view of at least the prior art cited in the Notice Letter, alone or in combination with one or more of the others, including:  Novaplus® Package Insert (Fresenius Kabi); International Patent Publication No. WO 2010/030180; Kanagarajian et al., *Clinical Toxicology* 2007, 45, 56-59; Luckner et al., *Crit. Care Med.* 2005, 33:2659-66; Luckner et al., *Crit. Care Med.* 2007, 2280-85; Dünser et al., *Anaesthet. Analg.* 2001, 93:7-13; Remington's Pharmaceutical Sciences, 20th Ed.; European Patent No. 2185170; Kumar et al., *J. Chem. Pharm. Res.*, 2010, 2(3):424-432; Hedge, et al., *Endocrinology* 1996, 79, 328-340.

42.     The claims of the '785 patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 100 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patents and/or in view of the defenses recognized in 35 U.S.C. § 282.  The claims of the '785 patent are invalid at least under 35 U.S.C. § 103 in view of at least the prior art cited in the Notice Letter, alone or in combination with one or more of the others, including:  Novaplus® Package Insert (Fresenius Kabi); International Patent Publication No. WO 2010/030180; Kanagarajian et al.,

*Clinical Toxicology* 2007, 45, 56-59; Luckner et al., *Crit. Care Med.* 2005, 33:2659-66; Luckner et al., *Crit. Care Med.* 2007, 2280-85; Dünser et al., *Anaesthet. Analg.* 2001, 93:7-13; Remington's Pharmaceutical Sciences, 20th Ed.; European Patent No. 2185170; Kumar et al., *J. Chem. Pharm. Res.*, 2010, 2(3):424-432; Hedge, et al., *Endocrinology* 1996, 79, 328-340.

43.    The claims of the '209 patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 100 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of patents and/or in view of the defenses recognized in 35 U.S.C. § 282(b).  The claims of the '209 patent are invalid at least under 35 U.S.C. § 103 in view of at least the prior art cited in the Notice Letter, alone or in combination with one or more of the others, including:  Novaplus® Package Insert (Fresenius Kabi); International Patent Publication No. WO 2010/030180; Kanagarajian et al., *Clinical Toxicology* 2007, 45, 56-59; Luckner et al., *Crit. Care Med.* 2005, 33:2659-66; Luckner et al., *Crit. Care Med.* 2007, 2280-85; Dünser et al., *Anaesthet. Analg.* 2001, 93:7-13; Remington's Pharmaceutical Sciences, 20th Ed.; European Patent No. 2185170; Kumar et al., *J. Chem. Pharm. Res.*, 2010, 2(3):424-432; Hedge, et al., *Endocrinology* 1996, 79, 328-340.

44.    The Notice Letter included a detailed statement of the factual and legal bases for why the Patents-in-Suit are invalid.  Amphastar incorporates by reference the factual and legal bases provided in the Notice Letter and expressly reserves the right to assert additional grounds of invalidity.

45.    Amphastar is entitled to a judicial declaration that the claims of the '239, '223, '478, '526, '785, and '209 patents are invalid.

## **DEMAND FOR JUDGMENT**

WHEREFORE, Amphastar Pharmaceuticals, Inc. prays for the following relief:

A.     That the Court order the Complaint dismissed with prejudice and judgment be entered in favor of Amphastar Pharmaceuticals, Inc.;

B.     That a judgment be entered declaring that the manufacture, import, use, sale, and/or offer to sell Amphastar Pharmaceuticals, Inc.'s ANDA Product, has not infringed, does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily) any valid, enforceable claim of U.S. Patent Nos. 9,375,478, 9,687,526, 9,744,209, 9,744,239, 9,750,785 and 9,937,223;

C.     That a judgment be entered declaring the claims of U.S. Patent Nos. 9,375,478, 9,687,526, 9,744,209, 9,744,239, 9,750,785 and 9,937,223 invalid;

D.     That the Court declare that Amphastar Pharmaceuticals, Inc. has the lawful right to manufacture, import, use, sell, and/or offer to sell Amphastar Pharmaceuticals, Inc.'s ANDA Product in the United States once the product is approved by the FDA;

E.     That Counterdefendants and their agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice thereof, be preliminarily and permanently enjoined from threatening or initiating infringement litigation against Amphastar Pharmaceuticals, Inc. or any of its customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors, or customers of Amphastar Pharmaceuticals, Inc., or charging any of them either orally or in writing with infringement of U.S. Patent Nos. 9,375,478, 9,687,526, 9,744,209, 9,744,239, 9,750,785 and 9,937,223;

F.     That a judgment be entered, declaring that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that Amphastar Pharmaceuticals, Inc. is therefore entitled to recover its reasonable attorneys' fees upon prevailing in this action;

G.     That Amphastar Pharmaceuticals, Inc. be awarded costs, attorney's fees, and other relief, both legal and equitable, to which it may be justly entitled; and

H.     That Amphastar Pharmaceuticals, Inc. be awarded such other and further relief as is just and proper.

Dated:  February 19, 2019                    PHILLIPS GOLDMAN MCLAUGHLIN & HALL, P.A.

                                             */s/ John C. Phillips, Jr.*
                                             John C. Phillips, Jr. (#110)
                                             Megan C. Haney (#5016)
                                             1200 North Broom Street
                                             Wilmington, DE  19806-4204
                                             Telephone:  (302) 655-4200
                                             Facsimile:  (302) 655-4210
                                             jcp@pgmhlaw.com
                                             mch@pgmhlaw.com

                                             *Attorneys for Defendant Amphastar*
                                             *Pharmaceuticals, Inc.*

*Of Counsel*

William R. Zimmerman (*Pro Hac Vice Pending*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1717 Pennsylvania Ave. N.W., Ste. 900
Washington D.C. 20006
202-640-6412 - Direct
Tel: (202) 640-6400
Fax: (202) 640-6401
Bill.Zimerman@knobbe.com

William O. Adams (*Pro Hac Vice Pending*)
Karen M. Cassidy (*Pro Hac Vice Pending*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502
William.Adams@knobbe.com
Karen.Cassidy@knobbe.com