IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>AMPHASTAR PHARMACEUTICALS, INC.<br><br>*Defendant.* | C.A. No. 18-2032-CFC |

# PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, LLC (collectively "Par"), hereby set forth their Answer to the Counterclaims of Defendant Amphastar Pharmaceuticals, Inc. ("Amphastar") as follows:

## NATURE OF THE ACTION

1. Paragraph 1 states legal conclusions to which no answer is required. To the extent an answer is required, Par admits that Amphastar seeks declaratory judgement under 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States. Except as expressly admitted, Par denies the remaining allegations of Paragraph 1 as stated.

2. Paragraph 2 states legal conclusions to which no answer is required. To the extent an answer is required, Par admits that Amphastar seeks declaratory judgement that U.S. Patent No. 9,375,478 ("the '478 patent"), U.S. Patent No. 9,687,526 ("the '526 patent"), U.S. Patent No. 9,744,209 ("the '209 patent"), U.S. Patent No. 9,744,239 ("the '239 patent"), U.S. Patent No. 9,750,785 ("the '785 patent"), and U.S. Patent No. 9,937,223 ("the '223 patent")

(collectively, "the Patents-in-Suit"), are invalid and/or not infringed by the manufacture, use, sale, offer for sale, or importation of Amphastar's ANDA Product. Except as expressly admitted, Par denies the remaining allegations of Paragraph 2 as stated.

## PARTIES

3. Upon information and belief, Par admits the allegations of Paragraph 3.

4. Par admits the allegations of Paragraph 4.

5. Par admits the allegations of Paragraph 5.

6. Par admits the allegations of Paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 states legal conclusions to which no answer is required. To the extent an answer is required, Par does not contest that this Court has subject matter jurisdiction over Amphastar's Counterclaims. Par denies that Amphastar states or has any valid counterclaims.

8. Paragraph 8 states legal conclusions to which no answer is required. To the extent an answer is required, Par does not contest that venue in this judicial district is proper with respect to Amphastar's Counterclaims.

9. Paragraph 9 states legal conclusions to which no answer is required. To the extent an answer is required, Par does not dispute that a justiciable controversy exists between the parties regarding infringement and validity of the Patents-in-Suit. Except as expressly admitted, Par denies the remaining allegations of Paragraph 9.

10. Par admits on information and belief that Amphastar has been and presently is engaged in the submission of documents to the FDA seeking approval to engage in the

commercial manufacture, importation, use, offer for sale, or sale of Amphastar's Proposed ANDA Product, and that Par asserts claims for infringement of the Patents-in-Suit based thereon.

11. Par admits that on December 20, 2018, it filed a Complaint in this Court. The Complaint speaks for itself.

12. Par admits the allegations of Paragraph 12.

13. Par admits that Amphastar contests the validity of the Patents-in-Suit. Except as expressly admitted, Par denies the remaining allegations of Paragraph 13.

14. Upon information and belief, Par admits that Amphastar's ANDA contains a Paragraph IV certification. Par further admits that, in a letter dated November 14, 2018, Amphastar gave written notification to Par of Amphastar's submission of ANDA No. 211857 containing Paragraph IV certifications alleging that the Patents-in-Suit are invalid and/or will not be infringed by Amphastar's Proposed ANDA Product. Except as expressly admitted, Par denies the remaining allegations of Paragraph 14 as stated.

15. Par admits that, in a letter dated November 14, 2018, Amphastar provided an Offer of Confidential Access to ANDA No. 211857 to Par. Par further admits that Amphastar provided Par with access to portions of ANDA No. 211857. Except as expressly admitted, Par denies the remaining allegations of Paragraph 15.

16. Par admits that on December 20, 2018, it filed a Complaint in this Court. The Complaint speaks for itself.

17. Paragraph 17 states legal conclusions to which no answer is required. To the extent an answer is required, Par does not dispute that a justiciable controversy exists between the parties regarding infringement and validity of the Patents-in-Suit. Except as expressly admitted, Par denies the remaining allegations of Paragraph 17.

## BACKGROUND

18. Par admits the allegations of Paragraph 18.

19. Par admits the allegations of Paragraph 19.

20. Par admits the allegations of Paragraph 20.

21. Par admits the allegations of Paragraph 21.

22. Par admits the allegations of Paragraph 22.

23. Par admits the allegations of Paragraph 23.

24. Par admits the allegations of Paragraph 24.

25. Paragraph 25 states legal conclusions to which no answer is required. To the extent an answer is required, Par admits that, in a letter dated November 14, 2018, Amphastar gave written notification to Par of Amphastar's submission of ANDA No. 211857 seeking approval to manufacture, use or sell Amphastar's Proposed ANDA Product and containing a Paragraph IV certification alleging that the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by Amphastar's Proposed ANDA Product. Except as expressly admitted, Par denies the remaining allegations of Paragraph 25.

26. Paragraph 26 states legal conclusions to which no answer is required. To the extent an answer is required, Par admits that Amphastar provided a notice letter to Par dated November 14, 2018 as described in Paragraph 25 above. Except as expressly admitted, Par denies the remaining allegations of Paragraph 26.

27. Par admits the allegations of Paragraph 27.

28. Par admits that, in a letter dated November 14, 2018, Amphastar provided an Offer of Confidential Access to ANDA No. 211857 to Par. Par further admits that Amphastar

provided Par with access to portions of ANDA No. 211857. Except as expressly admitted, Par denies the remaining allegations of Paragraph 28.

29. Par admits the allegations of Paragraph 29.

30. Par denies the allegations of Paragraph 30.

## FIRST COUNTERCLAIM
(Declaration of Non-Infringement)

31. Par incorporates by reference its responses to each of the preceding paragraphs of Amphastar's Counterclaims.

32. Paragraph 32 states legal conclusions to which no answer is required. To the extent an answer is required, Par does not dispute that an actual and justiciable controversy exists between the parties regarding infringement of the Patents-in-Suit. Except as expressly admitted, Par denies the remaining allegations of Paragraph 32.

33. Par denies the allegations of Paragraph 33.

34. Paragraph 34 states legal conclusions to which no answer is required. To the extent an answer is required, Par admits that Amphastar provided a notice letter dated November 14, 2018 as described in Paragraph 25 above. Except as expressly admitted, Par denies the remaining allegations of Paragraph 34.

35. Par denies the allegations of Paragraph 35.

## SECOND COUNTERCLAIM
(Declaration of Invalidity)

36. Par incorporates by reference its responses to each of the preceding paragraph of Amphastar's Counterclaims.

37. Paragraph 37 states legal conclusions to which no answer is required. To the extent an answer is required, Par does not dispute that an actual and justiciable controversy exists

between the parties regarding validity of the Patents-in-Suit. Except as expressly admitted, Par denies the remaining allegations of Paragraph 37.

38. Par denies the allegations of Paragraph 38.

39. Par denies the allegations of Paragraph 39.

40. Par denies the allegations of Paragraph 40.

41. Par denies the allegations of Paragraph 41.

42. Par denies the allegations of Paragraph 42.

43. Par denies the allegations of Paragraph 43.

44. Paragraph 44 states legal conclusions to which no answer is required. To the extent an answer is required, Par admits that Amphastar provided a notice letter dated November 14, 2018 as described in Paragraph 25 above. Except as expressly admitted, Par denies the remaining allegations of Paragraph 44.

45. Par denies the allegations of Paragraph 45.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant's Counterclaims fail to state a claim upon which relief can be granted

### PRAYER FOR RELIEF

Par denies all remaining allegations not expressly admitted or responded to herein. Par further denies the Amphastar is entitled to the relief requested, or to any relief whatsoever. Par prays for relief as follows:

A. Entry of judgment in favor of Par and against Amphastar with respect to Defendant's Counterclaims, and an award of relief sought in Par's Complaint;

B. Dismissal of Amphastar's Counterclaims with prejudice;

    C.    An award to Par of its attorneys' fees, costs, and expenses; and

    D.    Such other relief as the Court deems equitable and just.

| | |
|---|---|
| Dated: March 12, 2019 | Respectfully submitted, |
| OF COUNSEL: | FARNAN LLP |
| Martin J. Black<br>Sharon K. Gagliardi<br>Brian M. Goldberg<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>Tel: (215) 994-4000<br>martin.black@dechert.com<br>sharon.gagliardi@dechert.com<br>brian.goldberg@dechert.com | /s/ Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 North Market St.<br>12th Floor<br>Wilmington, DE 19801<br>Tel: 302-777-0300<br>Fax: 302-777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com |
| Robert D. Rhoad<br>DECHERT LLP<br>100 Overlook Center<br>2nd Floor<br>Princeton, NJ 08540-7814 | *Attorneys for Plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, LLC* |

Johnathan D.J. Loeb, Ph.D
DECHERT LLP
2400 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Tel: (650) 813-4995
jonathan.loeb@dechert.com

Blake B. Greene
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
Tel: (512) 394-3000
blake.greene@dechert.com