## PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.

JOHN C. PHILLIPS, JR.
ROBERT S. GOLDMAN
LISA C. MCLAUGHLIN
JAMES P. HALL
DAVID A. BILSON
MEGAN C. HANEY

ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DE 19806

(302) 655-4200 (P)
(302) 655-4210 (F)

May 16, 2019

**VIA CM/ECF & HAND DELIVERY**　　　　　　　　　**REDACTED - PUBLIC VERSION**
The Honorable Colm F. Connolly
United States District Court for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

　　　　Re:　*Par Pharmaceutical, Inc. v. Amphastar Pharmaceuticals Inc.*
　　　　　　C.A. No. 18-cv-2032-CFC

Dear Judge Connolly:

　　　　This firm, together with Knobbe, Martens, Olson & Bear LLP, represents Defendant Amphastar Pharmaceuticals, Inc. ("Amphastar") in the above-captioned action. In accordance with ¶ 5 of the Scheduling Order (D.I. 13), we write regarding a dispute that has arisen with respect to the Protective Order: whether the Parties should treat key technical information—including the ANDA, the NDA, and technical documents related thereto—as Highly Confidential – Outside Counsel's Eyes Only under the Protective Order. The Parties have made a reasonable effort to resolve this dispute, including telephonic meet and confers involving Delaware counsel for both parties. Ex. 1. For the following reasons, Amphastar respectfully requests that the Court enter the proposed Protective Order, attached hereto as Exhibit 2, which treats such highly sensitive technical information as Highly Confidential – Outside Counsel's Eyes Only.[1]

　　　　Courts have often found technical documents, such as research and development work, ANDAs, and NDAs, to be highly confidential. For example, in one Hatch-Waxman case, the court determined that information including "the parties' products, research and development, processes, secret chemical formulas, [and] the parties suppliers" were "clearly protectable and highly confidential trade secrets." *See In re Gabapentin Patent Litigation*, 312 F. Supp.2d 653, 667 (D.N.J. 2004) (affirming the magistrate's decision). Due to the highly confidential nature of these types of documents, parties to Hatch-Waxman litigation commonly agree to exchange these documents on a Highly Confidential – Outside Counsel's Eyes Only basis. Here, however, Plaintiffs insist that the parties treat these types of technical documents as merely "Confidential," thereby allowing in-house counsel access to these highly confidential documents.

**Amphastar's ANDA and Technical Documents are Highly Confidential**

---

[1]　For the Court's reference, an excerpt of the Protective Order showing the differences between Amphastar and Plaintiff's proposals in redline is attached hereto as Exhibit 3.

The Honorable Colm F. Connolly  Page 2
May 16, 2019

      Amphastar's ANDA contains a blueprint for Amphastar's proposed product, including Amphastar's research and development methods, formulations, and manufacturing methods. "Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the disclosure of scientific information." *Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988). Amphastar's ANDA and technical research documents certainly qualify as "particularly competitive and sensitive business information." Ex. 2 at ¶2(b). Inadvertent disclosure or use of Amphastar's ANDA and technical information would be at least as harmful as disclosure of any other "Highly Confidential – Outside Counsel's Eyes Only" document (e.g., marketing plans, forecasts, prospective or current customers or distributors). *See id.* at ¶2(b)(ii-v).

### The Risk of Inadvertent Disclosure or Use is High

      Plaintiffs argue that the risk of inadvertent disclosure or use is low because the draft Protective Order contains a prosecution bar and an FDA bar. While this does provide some protection, it is insufficient. The Protective Order does not prevent in-house counsel with access to confidential information from participating in competitive decisionmaking. The Federal Circuit has defined "competitive decisionmaking" to include "counsel's activities, association, and relationship with a client that are such to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). Here, Plaintiffs' identified in-house counsel appear to be involved in such competitive decisionmaking.

      Plaintiffs have proposed Mathew Maletta and Lawrence Brown as the in-house counsel who should be able to access "Confidential Information." Mr. Maletta is an Executive Vice President and Chief Legal Officer at Endo Pharmaceuticals ("Endo"), which appears to be the non-party parent company of the Plaintiffs. Ex. 4 at 2. Endo's website identifies Mr. Maletta as part of the "Company Leadership," and particularly as an "Executive Officer." *Id.* at 1-2. Endo's website further identifies him as "serv[ing] as an advisor to the Chief Executive Officer and Board of Directors," and "supervising large transactions," in his previous positions. *Id.* at 2. Given his role as an Executive Officer and member of the non-party parent company's leadership, it is apparent that Mr. Maletta will be involved in competitive decisionmaking having the potential to result in the inadvertent disclosure or use of Amphastar's highly confidential technical information.

      Mr. Brown is a Vice President and Assistant General Counsel, IP – Generics at Par Pharmaceutical. Ex. 5. Although, in this case, Plaintiffs are the NDA holder, Plaintiffs often directly compete with Amphastar in the generic market. It is particularly concerning that Plaintiffs are attempting to obtain access to Amphastar's proprietary technical information for in-house counsel involved in Plaintiffs' generic programs. Moreover, Mr. Brown's role also appears to encompass involvement in competitive decisionmaking, including work in patent litigation, client counseling, patent prosecution and strategy. *See id.*

      Delaware courts have found the risk of inadvertent disclosure is high when a plaintiff is also asserting the same patents against direct competitors of a defendant. *See Apeldyn Corp. v.*

The Honorable Colm F. Connolly  Page 3
May 16, 2019

*AU Optronics Corp.*, C.A. No. 08-cv-568-SLR, 2012 WL 2368796, at *8 (D. Del. Jun 13, 2012). Here, Plaintiffs are asserting the same patents against three of Amphastar's direct competitors. Both Mr. Maletta and Mr. Brown are already identified as in-house counsel with access to confidential information in at least two of those cases. *See Par Pharmaceutical, Inc. v. Eagle Pharmaceuticals, Inc.*, C.A. No. 18-cv-823-CFC, D.I. No. 36 at 7 (D. Del. Jan. 16, 2016); *Par Pharmaceutical, Inc. v. Sandoz, Inc.*, C.A. No. 3:18-cv-14895-BRM-DEA, D.I. No. 34 at 8 (D.N.J. Apr. 12, 2019); *Athenex Pharma Solutions, LLC v. Par Pharmaceutical, Inc.*, C.A. No. 1:18-cv-896 (W.D.N.Y.) (no protective order has been entered as of May 16, 2019). Therefore, both likely will be involved in competitive decisionmaking relating to all four generic competitors, including potential licensing determinations, and their terms. The risk of highly confidential information influencing those competitive decisions is significant. *Apeldyn*, 2012 WL 2368796, at *8.

**Plaintiffs will Not be Harmed by the Classification of Technical Documents as Highly Confidential**

Plaintiffs have not identified any legitimate need for its in-house counsel to have access to Amphastar's highly sensitive technical information. When pressed on the issue, Plaintiffs could only vaguely assert that in-house counsel may need to access these highly confidential documents to provide guidance on litigation strategy. However, "requiring a party to rely on its competent outside counsel does not create an undue and unnecessary burden." *Intel Corp. v. VIA Techs., Inc.* 198 F.R.D. 525, 529 (N.D. Cal. 2000). Plaintiffs were able to make strategic decisions regarding the initiation of this litigation based on the advice of its outside counsel, and without accessing Amphastar's highly proprietary technical information.

For all of these reasons, technical information including Amphastar's ANDA, Plaintiffs' NDA, and the parties' technical documents, such as research and development documents should be treated as Highly Confidential – Outside Counsels' Eyes Only, and Amphastar respectfully requests the court enter its proposed Protective Order.

Respectfully submitted,

/s/ *John C. Phillips, Jr.*

John C. Phillips, Jr. (No. 110)

cc:   All counsel of record (via CM/ECF & email)