# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERLINE PRODUCTS, LLC and ENDO PAR INNOVATION COMPANY, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>AMPHASTAR PHARMACEUTICALS INC.,<br><br>*Defendant*. | C.A. No. 18-2032-CFC |
| PAR PHARMACEUTICAL, INC., PAR STERLINE PRODUCTS, LLC and ENDO PAR INNOVATION COMPANY, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS GMBH, AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, AMNEAL BIOSCIENCES LLC, AMNEAL PHARMACEUTICAL HOLDING COMPANY LLC, and AMNEAL PHARMACEUTICAL PVT. LTD<br><br>*Defendant*. | C.A. No. 19-0712-CFC |

**[PROPOSED] SCHEDULING ORDER**

This __ day of _____, 2019, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>.  Unless otherwise agreed to by the parties, the parties in C.A. No. 19-0712-CFC shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than <u>August 13, 2019</u>.  The parties in C.A. No. 18-2032-CFC have already made these disclosures.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before <u>May 4, 2020</u>.

3. <u>Discovery</u>.

   a. <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before <u>July 13, 2020</u>.

   b. <u>Document Production</u>.  Document production shall be substantially completed on or before <u>March 13, 2020</u>.

   c. <u>Requests for Admission</u>.  A maximum of <u>100</u> requests for admission (other than requests seeking authentication of documents produced in discovery) are permitted for each side.

   d. <u>Interrogatories</u>.  A maximum of <u>25</u> interrogatories, including contention interrogatories, are permitted for each side.

   e. <u>Depositions</u>.

      i. <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of <u>60</u> hours of taking fact testimony by deposition upon oral examination.  Expert testimony by deposition is not included in this limitation.

      ii. <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District.  Exceptions to

this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties have agreed that the depositions of a party's witnesses may be taken either at the offices of that party's counsel or another location convenient to the witness's home or work.

    4.  <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by no later than <u>August 13, 2019</u>. The parties in C.A. No. 19-0712-CFC have agreed to adopt the terms of the protective order in C.A. No. 18-2032-CFC, except that the following language will be added to the end of paragraph 8(i): "(provided that such persons shall not be involved in seeking amendment of the claims in any such post-grant proceedings involving patents concerning vasopressin)". The parties shall file an amended protective order reflecting this change no later August 13.

    Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    5.  <u>Disputes Relating to Discovery Matters and Protective Orders</u>. Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall

3

contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature which identifies with specificity the relief sought by the party. By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Two courtesy copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). If a motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

    7. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

    8. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

    9. <u>Claim Construction Issue Identification</u>. On or before <u>November 18, 2019</u>, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before <u>December 2, 2019</u>, the parties shall exchange a list of proposed constructions for each

claim term/phrase identified by a party as being in need of construction, along with the identity of all intrinsic evidence on which the party may rely in support of its proposed construction of each term/phrase. On December 9, 2019, the parties shall exchange an identification of all intrinsic evidence that each party intends to rely upon to oppose any other party's proposed construction.  Subsequent to exchanging these documents, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than December 13, 2019.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov.  The text for the Joint Claim Construction Chart shall be 14-point and in Times New Roman or a similar typeface.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A separate text-searchable PDF of each of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

    10. Claim Construction Briefing.  The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words, on January 3, 2020.  The Defendants shall serve, but not file, its answering brief, not to exceed 8,250 words, on January 24, 2020.  The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,500 words, on January 31, 2020.  The Defendants shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on February 7, 2020.  The text for each brief shall be 14-point and in Times New Roman or a similar typeface.  Each brief must include a certification by counsel that the brief complies with the type and number

limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than February 12, 2020, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.       Agreed-upon Constructions

II.      Disputed Constructions

       A.      [TERM 1]

               1.      Plaintiff's Opening Position
               2.      Defendants' Answering Position
               3.      Plaintiff's Reply Position
               4.      Defendants' Sur-Reply Position

       B.      [TERM 2]

               1.      Plaintiff's Opening Position
               2.      Defendants' Answering Position
               3.      Plaintiff's Reply Position
               4.      Defendants' Sur-Reply Position

etc.  The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

     11. Hearing on Claim Construction.  Beginning at _ _.m.  on March [ ], 2020, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

12. <u>Disclosure of Initial Contentions</u>. No later than September 19, 2019, Plaintiff shall serve on Amneal a disclosure of asserted claims that identifies each claim of each patent-in-suit (including both those identified in the Complaint and in the Counterclaims asserted by Amneal) that it asserts is infringed by Amneal, including for each claim (i) the applicable statutory subsection of 35 U.S.C. § 271 asserted; and (ii) the accused apparatus, product, device, process, method, act, or other instrumentality. No later than October 21, 2019, Plaintiff shall serve its initial infringement contentions addressing all patents-in-suit (including both those identified in the Complaint and in the Counterclaims asserted by Amneal), and Defendants shall serve their initial invalidity contentions.

13. <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than June 15, 2020 Plaintiff must finally supplement its infringement contentions on all patents-in-suit (including both those identified in the Complaint and in the Counterclaims asserted by Amneal) and Defendants must finally supplement their invalidity contentions.

14. <u>Disclosure of Expert Testimony</u>.

   a. <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before <u>August 14, 2020</u>.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>October 2, 2020</u>.  Reply expert reports from the party with the initial burden of proof are due on or before <u>October 26, 2020</u>.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before <u>November 30, 2020</u>.

   b. <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than <u>January 4, 2021</u>.

 15. <u>Case Dispositive Motions</u>.  Absent agreement between the parties or order of the Court, the Court will not hear case dispositive motions in this ANDA case.

 16. <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

 17. <u>Pretrial Conference</u>.  On <u>February [ ], 2021</u>, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at \_\_\_\_\_ \_.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

 18. <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-

page submission (and, if the moving party, a single one-page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

19.  Compendium of Cases.  A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus.  The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction).  An authority that is cited only once by a party generally should not be included in the compendium.  An authority already provided to the Court by another party should not be included in the compendium.  Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court.

20.  Jury Instructions, Voir Dire and Special Verdict Forms.  This ANDA case is expected to be a bench trial.

21.  Trial.  This matter is scheduled for a ___-day _____ trial beginning at 9:30 a.m. on March [ ], 2021, with the subsequent trial days beginning at 9:30 a.m.  This ANDA case is expected to be a bench trial.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22.  ADR Process.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

23. <u>Additional Dates Agreed by the Parties</u>. A schedule setting forth the above-referenced deadlines, as well as additional dates stipulated and agreed by the parties, is attached hereto as Schedule A.

SO ORDERED, this ___ day of _____, 2019

_____<br>The Honorable Colm F. Connolly

**SCHEDULE A**

| Event | Deadline |
|---|---|
| Rule 26 Disclosures in C.A. No. 19-0712-CFC | August 13, 2019 |
| Protective Order in C.A. No. 19-0712-CFC | August 13, 2019 |
| Paragraph 3 Disclosures in C.A. No. 19-0712-CFC | August 13, 2019 |
| Core Tech Docs in C.A. No. 19-0712-CFC | August 19, 2019 |
| Disclosure of Accused Prods/Asserted Patents in C.A. No. 19-0712-CFC | September 19, 2019 |
| Infringement Contentions in C.A. No. 19-0712-CFC and Invalidity Contentions in C.A. No. 18-2032-CFC and C.A. No. 19-0712-CFC | October 21, 2019 |
| Exchange Claim Terms/Constructions | Nov. 18, 2019 - Exchange terms<br>Dec. 2, 2019 - Exchange Constructions/intrinsic evidence<br>Dec. 9, 2019- Exchange rebuttal intrinsic evidence |
| File Joint Claim Chart | Dec. 13, 2019 |
| Plaintiff Opening CC Br | Jan. 3, 2020 |
| Defendants Rebuttal CC Br | Jan. 24, 2020 |
| Plaintiff Reply CC Br | Jan. 31, 2020 |
| Defendants Sur-Reply CC Br | Feb. 7, 2020 |
| File Combined CC Br. | Feb. 12, 2020 |
| CC Hearing | March 2020 |
| Substantial Doc Prod | March 13, 2020 |
| Joinder of parties/amend pleadings | May 4, 2020 |
| Final infringement & invalidity contentions | June 15, 2020 |
| Close Fact Discovery | July 13, 2020 |
| Opening Expert Reports | Aug. 14, 2020 |
| Rebuttal Expert Reports | Oct. 2, 2020 |
| Reply Expert Reports | Oct. 26, 2020 |
| Complete Expert Discovery | Nov. 30, 2020 |
| Daubert Motions | January 4, 2021 |
| Pre Trial Order | February 2021 |
| Pre Trial Conference | February 2021 |
| Trial | March 2021 |
| Thirty Month Stay Expiry C.A. No. 18-2032-CFC | May 19, 2021 |
| Thirty Month Stay Expiry in C.A. No. 19-0712-CFC | September 5, 2021 |