## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PAR PHARMACEUTICAL, INC., PAR
STERILE PRODUCTS, LLC, and ENDO
PAR INNOVATION COMPANY, LLC,

      *Plaintiffs*,

    v.

AMPHASTAR PHARMACEUTICALS, INC.,

      *Defendant*.

C.A. No. 18-2032-CFC
(Consolidated)

## PLAINTIFFS' ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIMS

      Plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par

Innovation Company, LLC (collectively "Par"), hereby set forth their Answer to the Amended

Counterclaims of Defendant Amphastar Pharmaceuticals, Inc. ("Amphastar") as follows:

## NATURE OF THE ACTION

      1.      Paragraph 1 states legal conclusions to which no answer is required.  To the

extent an answer is required, Par admits that Amphastar seeks declaratory judgement under 28

U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States.  Except as expressly

admitted, Par denies the remaining allegations of Paragraph 1 as stated.

      2.      Paragraph 2 states legal conclusions to which no answer is required.  To the

extent an answer is required, Par admits that Amphastar seeks declaratory judgement that U.S.

Patent No. 9,375,478 ("the '478 patent"), U.S. Patent No. 9,687,526 ("the '526 patent"), U.S.

Patent No. 9,744,209 ("the '209 patent"), U.S. Patent No. 9,744,239 ("the '239 patent"), U.S.

Patent No. 9,750,785 ("the '785 patent"), and U.S. Patent No. 9,937,223 ("the '223 patent")

(collectively, "the Patents-in-Suit"), are invalid and/or not infringed by the manufacture, use, sale, offer for sale, or importation of Amphastar's ANDA Product.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 2 as stated.

## PARTIES

3.      Upon information and belief, Par admits the allegations of Paragraph 3.

4.      Par admits the allegations of Paragraph 4.

5.      Par admits the allegations of Paragraph 5.

6.      Par admits the allegations of Paragraph 6.

## JURISDICTION AND VENUE

7.      Paragraph 7 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not contest that this Court has subject matter jurisdiction over Amphastar's Counterclaims.  Par denies that Amphastar states or has any valid counterclaims.

8.      Paragraph 8 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not contest that venue in this judicial district is proper with respect to Amphastar's Counterclaims.

9.      Paragraph 9 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not dispute that a justiciable controversy exists between the parties regarding infringement and validity of the Patents-in-Suit. Except as expressly admitted, Par denies the remaining allegations of Paragraph 9.

10.      Par admits on information and belief that Amphastar has been and presently is engaged in the submission of documents to the FDA seeking approval to engage in the commercial manufacture, importation, use, offer for sale, or sale of Amphastar's Proposed

ANDA Product, and that Par asserts claims for infringement of the Patents-in-Suit based thereon.

11.     Par admits that on December 20, 2018, it filed a Complaint in this Court.  The Complaint speaks for itself.

12.     Par admits the allegations of Paragraph 12.

13.     Par admits that Amphastar contests the validity of the Patents-in-Suit. Except as expressly admitted, Par denies the remaining allegations of Paragraph 13.

14.     Upon information and belief, Par admits that Amphastar's ANDA contains a Paragraph IV certification.  Par further admits that, in a letter dated November 14, 2018, Amphastar gave written notification to Par of Amphastar's submission of ANDA No. 211857 containing Paragraph IV certifications alleging that the Patents-in-Suit are invalid and/or will not be infringed by Amphastar's Proposed ANDA Product.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 14 as stated.

15.     Par admits that, in a letter dated November 14, 2018, Amphastar provided an Offer of Confidential Access to ANDA No. 211857 to Par. Par further admits that Amphastar provided Par with access to portions of ANDA No. 211857. Except as expressly admitted, Par denies the remaining allegations of Paragraph 15.

16.     Par admits that on December 20, 2018, it filed a Complaint in this Court.  The Complaint speaks for itself.

17.     Paragraph 17 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not dispute that a justiciable controversy exists between the parties regarding infringement and validity of the Patents-in-Suit. Except as expressly admitted, Par denies the remaining allegations of Paragraph 17.

## BACKGROUND

18.     Par admits the allegations of Paragraph 18.

19.     Par admits the allegations of Paragraph 19.

20.     Par admits the allegations of Paragraph 20.

21.     Par admits the allegations of Paragraph 21.

22.     Par admits the allegations of Paragraph 22.

23.     Par admits the allegations of Paragraph 23.

24.     Par admits the allegations of Paragraph 24.

25.     Paragraph 25 states legal conclusions to which no answer is required.  To the extent an answer is required, Par admits that, in a letter dated November 14, 2018, Amphastar gave written notification to Par of Amphastar's submission of ANDA No. 211857 seeking approval to manufacture, use or sell Amphastar's Proposed ANDA Product and containing a Paragraph IV certification alleging that the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by Amphastar's Proposed ANDA Product.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 25.

26.     Paragraph 26 states legal conclusions to which no answer is required.  To the extent an answer is required, Par admits that Amphastar provided a notice letter to Par dated November 14, 2018 as described in Paragraph 25 above.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 26.

27.     Par admits the allegations of Paragraph 27.

28.     Par admits that, in a letter dated November 14, 2018, Amphastar provided an Offer of Confidential Access to ANDA No. 211857 to Par. Par further admits that Amphastar

4

provided Par with access to portions of ANDA No. 211857. Except as expressly admitted, Par denies the remaining allegations of Paragraph 28.

29.     Par admits the allegations of Paragraph 29.

30.     Par denies the allegations of Paragraph 30.

**A.     <u>Vasopressin Products Alleged Available Prior to the Patents-in-Suit</u>**

31.     Par denies the allegations of Paragraph 31.  Par admits that Pitressin® was on sale at least as early as the 1920s.  Par denies the remaining allegations of Paragraph 31.

32.     Paragraph 32 states legal conclusions to which no answer is required.  To the extent an answer is required, Par admits Pitressin® was marketed without FDA approval, and that it was on the market prior to the passage of the Food, Drug & Cosmetic Act.  Par denies the remaining allegations of Paragraph 32 as stated.

33.     Par admits the allegations of Paragraph 33.

34.     Par admits the allegations of Paragraph 34.

35.     Par admits the first sentence of Paragraph 35.  With respect to the second sentence of Paragraph 35, Par admits that JHP was renamed to Par Sterile Products, LLC, and that Par Sterile Products, LLC is a wholly owned, indirect subsidiary of Par Pharmaceutical, Inc.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 35.

36.     ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████
███████████████████████

37. Par admits that the cited documents contain the quoted language. Except as expressly admitted, Par denies the remaining allegations of Paragraph 37 as stated.

38. ██████████████████████████████████████ Par admits the remaining allegations of Paragraph 38.

39. ██████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 39.

40. █████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 40.

41. ████████████████████████████████████
█████████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 41.

42. ████████████████████████████████████
██████████████████████████████████████████
███████████████ Except as expressly admitted, Par denies the remaining the allegations and characterizations of Paragraph 42.

43. 

Par admits that the USP Monograph specified a pH range of 2.5 to 4.5 for vasopressin formulations.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 43.

44. Except as expressly admitted, Par denies the remaining allegations of Paragraph 44.

45. Except as expressly admitted, Par denies the remaining allegations of Paragraph 45.

46. Except as expressly admitted, Par denies the remaining the allegations of Paragraph 46.

47. Par admits that it acquired JHP, including all rights to JHP's Pitressin product and NDA No. 204485, and related know-how, other intellectual property and goodwill, as well as a sterile manufacturing facility where Pitressin® and other products were made.  Except as expressly admitted, Par denies the remaining the allegations of Paragraph 47.

48. Par admits that the FDA approved NDA No. 204485 on or about April 17, 2014, granting Par approval to make and sell the vasopressin product described therein under the tradename Vasostrict®.  Except as expressly admitted, Par denies the remaining the allegations of Paragraph 48.

49. Par admits the allegations of Paragraph 49.

50.     Par admits that the quoted language appears on the package insert for Vasostrict approved by the FDA in April 2014, which otherwise speaks for itself.  Par lacks information sufficient for it to admit or deny the remaining allegations of Paragraph 50.

51.     Par admits that the quoted language appears on the package insert for Vasostrict approved by the FDA in April 2014, which otherwise speaks for itself.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 51.

52.     Paragraph 52 states legal conclusions to which no answer is required.  To the extent an answer is required, Par admits that the asserted patents recite a concentration of vasopressin between 0.01 and 0.07 mg/mL and do not recite a specified amount of chlorobutanol.  By way of further response, the cited patents and patent claims speak for themselves.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 52.

53.     ████████████████████████████████████████████████ ████████████████████████  Except as expressly admitted, Par denies the remaining the allegations of Paragraph 53.

54.     Par denies the allegations of Paragraph 54.

55.     Par admits that the cited exhibit is a copy of an email dated October 14, 2014, and that it attached a copy of the cited memorandum.  Those documents speak for themselves.  Except as expressly admitted, Par denies the remaining the allegations of Paragraph 55.

56.     Par admits the allegations of the first sentence of Paragraph 56.  The remainder of Paragraph 56 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the remaining allegations of Paragraph 56.

57.     Paragraph 57 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 57.

58.     Paragraph 58 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 58.

59.     Par denies the allegations of Paragraph 59.

**B.     Alleged Inequitable Conduct During Prosecution of the Patents-in-Suit**

60.     Par admits the allegations of Paragraph 60.

61.     Par admits the allegations of Paragraph 61.

62.     Par admits the allegations of Paragraph 62.

63.     Par admits that Craig Kenesky and Trisha Agrawal participated in the prosecution of the cited patents, ██████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 63.

64.     Par admits the allegations of Paragraph 64.

65.     Par admits the allegations of Paragraph 65.

66.     Par admits the allegations of Paragraph 66.

67.     Par admits that the cited document contains the quoted language, which speaks for itself.  Except as expressly admitted, Par is without sufficient information to admit or deny the remaining allegations of Paragraph 67.

68.     Par admits that the cited document contains the quoted language, which speaks for itself.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 68.

69.     Par admits that Examiner Bradley stated that "Claims 16-28 and 30 are rejected under 35 U.S.C. 102(a)(l) as anticipated by or, in the alternative, under 35 U.S.C. 103 as obvious

over the FDA label for VASOSTRICT™ (NPL UPT0-892, published 4/2014)." Except as expressly admitted, Par denies the remaining allegations of Paragraph 69.

70.     Par denies the allegations of Paragraph 70 as stated.

71.     Par admits that the applicants raised several ground grounds for overcoming the rejections contained in the cited office action, including by way of reference to 35 U.S.C. Section 102(b)(1).  Except as expressly admitted, Par denies the remaining allegations of Paragraph 71.

72.     Paragraph 72 states legal conclusions to which no answer is required.  To the extent an answer is required, the allegations fails to specify what "Section 102(b)(1)(A)" is, and therefore, Par lacks information sufficient to admit or deny allegations of Paragraph 72.

73.     Par admits that on November 24, 2015, Craig Kenesky participated in an Applicant-Initiated Interview.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 73.

74.     Par admits that prior to the interview with Examiner Bradley, Mr. Kenesky submitted two unexecuted declarations, which speak for themselves.  Except as expressly admitted, Par denies the remaining the allegations of Paragraph 74.

75.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 75.

76.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 76.

77.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 77.

78.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 78.

79.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 79.

80.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 80.

81.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 81.

82.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 82.

83.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 83.

84.     Par admits that, in his deposition, ███████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 84.

85.     Par admits that the cited documents, which speak for themselves, were executed and submitted on the stated dates.  Further, Par is without sufficient information to admit or deny what Examiner Bradley relied on.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 85.

86.     Par denies the allegations of Paragraph 86.

87.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 87.

88.     Par denies the allegations of Paragraph 88.

89.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 89.

90.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 90.

91.     Par denies the allegations of Paragraph 91.

92.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par is without sufficient information to admit or deny the

remaining allegations of Paragraph 92.

93.     Par is without sufficient information to admit or deny the allegations of Paragraph

93.

94.     Par denies the allegations of Paragraph 94.

95.     Paragraph 95 states legal conclusions to which no answer is required.  To the

extent an answer is required, ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

██████████████████████ Except as expressly admitted, Par denies the remaining

allegations and characterizations of Paragraph 95.

96.     Par denies the allegations of Paragraph 96.

97.     Par admits the Kannan declaration was not required to and did not identify specific documents or particular communications to corroborate the statements set forth therein. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 97 as stated.

98.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 98.

99.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 99.

100.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 100.

101.    Par admits that the cited transcript contains the excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 101.

102.    Par admits that although the pending claims at issue at time of the Kannan declaration did include limitations relating to refrigerated storage of the recited vasopressin composition, later amendments removed those limitations from the claims as issued.  Par further admits that the issued claims of the '526, '209, and '785 patents do not include a limitation that requires refrigerated storage of a diluted vasopressin composition for up to 24 hours.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 102.

13

103.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 103.

104.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 104.

105.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 105.

106.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 106.

107.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 107.

108.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 108.

109.    Par admits that  Par further admits that although the pending claims at issue at time of the Kannan declaration did include limitations relating to refrigerated storage of the recited vasopressin composition, later

amendments removed those limitations from the claims as issued.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 109.

110.    Paragraph 110 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 110.

111.    Paragraph 111 states legal conclusions to which no answer is required.  To the extent an answer is required,  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 111 as stated.

112.    Par denies the allegations of Paragraph 112.

113.    Par denies the allegations of Paragraph 113.

114.    Par denies the allegations of Paragraph 114.

115.    Par denies the allegations of Paragraph 115.

116.    Par denies the allegations of Paragraph 116.

117.    Par admits that the Bonomi-Huvala declaration was not required to and did not identify specific documents or particular communications to corroborate the statements set forth

therein.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 117 as stated.

118. 

Except as expressly admitted, Par denies the remaining allegations of Paragraph 118.

119.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 119 as stated.

120.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 120 as stated.

121.    Par denies the allegations of Paragraph 121.

122.    Par denies the allegations of Paragraph 122.

123.    Par denies the allegations of Paragraph 123.

124. 

Except as expressly admitted, Par denies the remaining allegations of Paragraph 124.

125.    Paragraph 125 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 125.

126.    Par denies the allegations of Paragraph 126.

127.    Par denies the premise of the allegations of Paragraph 127, and therefore denies those allegations.

128.     Par denies the premise of the allegations of Paragraph 128, and therefore denies those allegations.

129.     Par denies the premise of the allegations of Paragraph 129, and therefore denies those allegations.

130.     Paragraph 130 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 130.

131.     Paragraph 131 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 131 as stated.  See responses to allegations set forth in the paragraphs of Part C.1.a.

132.     Par is without sufficient knowledge to admit or deny the allegations of Paragraph 132.

133.     Paragraph 133 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 133 as stated.

134.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 134.

135.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 135.

136.     Par admits that the cited document contains the quoted excerpts, out of context. Paragraph 136 also states legal conclusions to which no answer is required.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 136.

137.     Par denies the allegations of Paragraph 137.

138.    Paragraph 138 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 138.

139.    Paragraph 139 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 139.  By way of further response, see response to Paragraph 70 above.

140.    Paragraph 140 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 140.

141.    Paragraph 141 is vague and ambiguous with respect to what "dependent claims" it is referring to, and therefore, Par lacks information sufficient to admit or deny the allegations of Paragraph 141.

142.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 142.

143.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 143.

144.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 144.

145.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 145.

146.     Paragraph 146 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 146.

147.     Par denies the premise of the allegations of Paragraph 147, and therefore denies those allegations.

148.     Paragraph 148 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 148.

149.     Paragraph 149 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the premise of the allegations of Paragraph 149, and therefore denies those allegations.

150.     Par denies the allegations of Paragraph 150.

151.     Par denies the allegations of Paragraph 151.

152.     Par denies the premise of the allegations of Paragraph 152, and therefore denies those allegations.

153.     Par denies the premise of the allegations of Paragraph 153, and therefore denies those allegations.

154.     Par denies the premise of the allegations of Paragraph 154, and therefore denies those allegations.

155.     Par admits the allegations of Paragraph 155.

156.     Par admits that the applications that issued as the Asserted Patents were filed after January 2016.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 156.

157.    Par admits that application that issued as the '478 patent was pending before Examiner Bradley as of January 11, 2016.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 157.

158.    Par admits that on their face, each of the Asserted Patents claims priority back to the '499 Application.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 158.

159.    Par admits that the '526 Patent issued from an application that was a continuation-in-part of the application that issued as the '239 Patent, and the '209 and '785 Patents issued from applications that were filed as continuations-in-part of the application that issued as the '526 Patent.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 159.

160.    Par admits that Dr. Kannan and Mr. Kenney are named inventors on the '239, '526, '209 and '785 Patents.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 160.

161.    Par admits that Craig Kenesky and Trisha Agrawal participated in the prosecution of the cited patents.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 161.

162.    Par admits the allegations of Paragraph 162.

163.    The allegations of Paragraph 163 are vague and ambiguous with respect to the phrase "overlapping claim elements," and therefore, Par lacks information sufficient to admit or deny the allegations of Paragraph 163.

164.    Par admits that the '526 Patent recites, among other things, the stated claim limitations.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 164.

165.    Par admits that the '209 Patent recites, among other things, the stated claim limitations.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 165.

166.    Par admits that the '785 Patent recites, among other things, the stated claim limitations.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 166.

167.    Par admits that the '478 Patent recites, among other things, the stated claim limitations.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 167.

168.    Paragraph 168 states legal conclusions to which no answer is required.  To the extent an answer is required, and to the extent Par understands the allegations, Par denies the allegations of Paragraph 168.

169.    Paragraph 169 states legal conclusions to which no answer is required.  To the extent an answer is required, and to the extent Par understands the allegations, Par denies the allegations of Paragraph 169.

170.    Par admits the allegations of Paragraph 170.

171.    Par admits the allegations of Paragraph 171.

172.    Par admits the allegations of Paragraph 172.

173.    Par admits that Craig Kenesky and Trisha Agrawal participated in the prosecution of the '478 Patent.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 173.

174.    Par admits that Christina Bradley was the examiner of record during prosecution of the '478 Patent.  Par denies the remaining allegations of Paragraph 174.

175.    Par admits the allegations of Paragraph 175.

176.    Par admits that on August 14, 2015, the applicants canceled the pending claims and added new claims.  Par further admits that new claim 16 specified a pH of 3.75 to 3.85.  Par further admits that the cited document contains the quoted language, which speaks for itself.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 176.

177.    Par admits that the cited document contains the quoted language, taken out of context.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 177.

178.    Par admits the allegations of the first two sentences of Paragraph 178.  Except as expressly admitted, Par is without information sufficient to admit or deny the remaining allegations and characterizations of Paragraph 178.

179.    Par admits that the applicants filed a request for continued examination on January 22, 2016.  Par further admits that the applicants amended pending claim 16 to recite a pH of "about 3.8."  Par further admits that the cited document contains the quoted language, taken out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 179.

180.     Par admits the allegations of the first sentence of Paragraph 180.  Par further admits that the cited document contains the quoted language, taken out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 180.

181.     Par admits the allegations of the first sentence of Paragraph 181.  Par further admits that the cited document contains the quoted language, taken out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 181.

182.     Par admits the allegations of the first and third sentences of Paragraph 182.  Par further admits that the applicants included a declaration from named inventor Vinayagam Kannan establishing the criticality of a pH of 3.8 with the response to the February 2, 2016 office action.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 182.

183.     Par admits that the cited document contains the quoted language, taken out of context.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 183.

184.     Par admits only that the cited document reported conclusions regarding the results of stability testing on various vasopressin formulations adjusted to initial pH values as specified therein.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 184.

185.     Par denies the allegations of Paragraph 185.

186.     Par admits that the cited document contains the quoted language, taken out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 186.

187.     Par admits that the cited paragraph of the cited document states, in part, "pH 3.8 provided the best overall results because pH 3.8 provided excellent stability, and lower levels of

impurities compared to the results at pH 3.6 or pH 3.7."  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 187.

188.   Par admits that the cited document contains the quoted language, taken out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 188.

189.   Par admits that the cited document contains the quoted language, taken out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 189.

190.   Par admits only that Examiner Bradley issued a Notice of Allowance of the then-pending claims on May 4, 2016.  The allegations of the second sentence are internally inconsistent and hopelessly vague and undecipherable—the sentence first asserts that "Examiner Bradley did not cite a basis for allowance," and then goes to posit what is "therefore the sole cited reason the claims of the [sic??] is the sole reason the claims of the '478 patent issued."  Par does not understand this sentence and asserts that the reason the '478 patent issued is that Examiner Bradley entered a Notice of Allowance.  Except as expressly admitted, Par is without sufficient information to admit or deny the remaining allegations and characterizations of Paragraph 190.

191.   Par admits the allegations of the first two sentences of Paragraph 191.  Par denies the allegations and characterizations of the last sentence of Paragraph 191 as stated.

192.   Par admits the allegations of Paragraph 192.

193.   Par admits the allegations of Paragraph 193.

194.     Par admits that Craig Kenesky and Trisha Agrawal participated in the prosecution of the '526 Patent, ████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 194.

195.     Par admits Christina Bradley was the examiner of record during prosecution of the '526 Patent.  Par denies the remaining allegations of Paragraph 195.

196.     Par admits the allegations of Paragraph 196.

197.     Par admits that the cited document states that "Neither Treschan nor Pharmaceutical Partners of Canada teach that Vasopressin is stored at 2-8° C for at least 4 weeks prior to administration to a subject.  However, this difference is obvious in view of the prior art."  Except as expressly admitted, Par denies the remaining allegations of Paragraph 197.

198.     Par admits that the cited document contains the quoted excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 198.

199.     Par denies the allegations of Paragraph 199.

200.     Par admits that the cited document contains the quoted excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 200.

201.     Par admits that the cited document contains the quoted excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 201.

202.     Par admits that the cited document lists Craig Kenesky and Trisha Agrawal as participants in the cited examiner interview.  Par further admits that the cited document contains

the quoted excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 202.

203.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 203.

204.    Par admits that the applicants submitted a declaration from named inventor Vinayagam Kannan, which speaks for itself.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 204 as stated.

205.    Par admits the allegations of Paragraph 205.

206.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 206.

207.    Par admits that the cited declaration included results of stability testing performed on compositions that included vasopressin and acetate buffer adjusted to an initial pH value of 2.5 to 4.5.  Except as expressly admitted, Par denies the allegations of Paragraph 207.

208.    Par admits that the cited declaration included data reflecting the results of that stability testing, which speaks for itself.  Except as expressly admitted, Par denies the allegations of Paragraph 208.

209.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 209.

210.    Par admits that the cited declaration, which speaks for itself, included conclusions regarding the results of that stability testing.  Except as expressly admitted, Par denies the allegations of Paragraph 210.

211.    Par denies that Amphastar has accurately quoted the cited declaration, which speaks for itself in any event.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 211.

212.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 212.

213.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 213.

214.    Par admits that the cited document states as follows:

> The following is an examiner's statement of reasons for allowance:
>
> The claims are allowable over the prior art of record in view of the amendment to claim 16 filed May 2, 2017, that requires that the pharmaceutical composition has a pH of 3.8. The criticality of pH 3.8 is established in declarations filed under 37 CFR 1.132 by Sunil Vandse on August 14, 2015, and January 22, 2016, and by Vinayagam Kannan on March 31, 2016, in Application No. 14/717,882. A copy of each declaration was filed in the instant case on May 2, 2017. In addition, the declaration filed under 37 CFR 1.132 by Vinayagam Kannan on May 2, 2017, establishes that the results presented in the previous Vandse and Kannan declarations are applicable to the refrigeration conditions required by the instant claims.

Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 214.

215.    Par admits the allegations of the first two sentences of Paragraph 215.  Par denies the allegations and characterizations of the last sentence of Paragraph 215 as stated.

216.     Par admits the allegations of the first two sentences of Paragraph 216.  Par denies the allegations and characterizations of the last sentence of Paragraph 216 as stated.

217.     Par admits the allegations of Paragraph 217.

218.     Par admits the allegations of Paragraph 218.

219.     Par admits the allegations of Paragraph 219.

220.     Par admits that Craig Kenesky and Trisha Agrawal participated in the prosecution of the cited patents, ██████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 220.

221.     Par admits that Christina Bradley was the examiner of record during prosecution of the '526 Patent.  Par denies the remaining the allegations of Paragraph 221.

222.     Par admits the allegations of Paragraph 222.

223.     Par denies the allegations of Paragraph 223.

224.     Par admits that the cited documents contain the quoted excerpts, out of context, which speak for themselves.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 224.

225.     Par admits that the cited documents state that "Therefore, the instantly claimed pH of 3.75-3.85[, and 3.8,] is *prima facie* obvious in view of the broader prior art range 2.5-4.5." Except as expressly admitted, Par denies the remaining allegations of Paragraph 225.

226.     Par admits the allegations of Paragraph 226.

227.     Par admits that the cited document contains the excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 227.

228.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 228.

229.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 229.

230.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 230.

231.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 231.

232.    Par admits that the applicants relied on Example 10 and Figures 15-18 of the specification of the '209 and '785 patents in its cited response to the examiner's rejections. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 232.

233.    Par admits the allegations of Paragraph 233.

234.    Par admits that the applicants amended the independent claims to require between 0.9 and 1.7% of impurities having between 85% to 100% sequence homology to SEQ ID NO. 1. Except as expressly admitted, Par denies the remaining allegations of Paragraph 234.

235.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 235.

29

236.     Par denies the allegations of Paragraph 236.

237.     Par denies the allegations of Paragraph 237.

238.     Par is without sufficient information to admit or deny the allegations of Paragraph 238.

239.     Par denies the allegations of Paragraph 239.

240.     Par admits that Examiner Bradley at one point rejected the pending claims of the '526, '209, and '785 patents as obvious under Section 103 in view of PPC and that PPC discloses a pH range of 2.5 – 4.5.  Except as expressly admitted, Par is without sufficient information to admit or deny the remaining allegations of Paragraph 240.  By way of further response, see responses to Paragraphs 203-212, 231-233 above.

241.     Paragraph 241 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 241.

242.     Par denies the allegations of Paragraph 242.

243.     Paragraph 243 states legal conclusions to which no answer is required.  To the extent an answer is required, Par admits that the cited cases contain the quoted excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 243.

244.     Paragraph 244 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 244.

245.     Paragraph 245 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies allegations of Paragraph 245.

246.     Paragraph 246 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 246.

247.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 247.

248.    The allegations of Paragraph 248 are vague and ambiguous with respect to the phrase "demonstrate stability," and therefore, Par lacks information sufficient to admit or deny the allegations in this paragraph.

249.    Par admits that the cited document contains the excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 249.

250.    Paragraph 250 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 250.

251.    Paragraph 251 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 251.

252.    Par admits that the cited documents contain the cited impurity levels at the cited pH values.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 252.

253.    Paragraph 253 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 253.

254.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 254.

255.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 255.

256.     Paragraph 256 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 256 as stated.

257.     Paragraph 257 states legal conclusions to which no answer is required.  To the extent an answer is required, and to the extent the allegations are understandable, Par denies the allegations of Paragraph 257.

258.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 258.

259.     Par denies the allegations of Paragraph 259.

260.     Paragraph 260 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 260.

261.     Par denies the allegations of Paragraph 261.

262.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 262.

263.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 263.

264.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 264.

265.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 265.

266.    Par denies the allegations of Paragraph 266.

267.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 267.

268.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 268.

269.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 269.

270.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 270.

271.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 271.

272.     Except as expressly admitted, Par denies the remaining allegations of Paragraph 272.

273.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 273.

274.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 274.

275.     Par denies the allegations of Paragraph 275 as stated. ███████████

████████████████████████████████████████████████

███████  Except as expressly admitted, Par denies the remaining allegations of Paragraph 275.

276.     Paragraph 276 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 276.

277.     Paragraph 277 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 277.

278.     ████████████████████████████████████

████████████████████████████████████

███████  Except as expressly admitted, Par is without sufficient information to admit or deny the remaining allegations of Paragraph 278.

279.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 279.

280.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 280.

281.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 281.

282.    Par denies the allegations of Paragraph 282 as stated.  By way of further response, see responses to Paragraphs 36, 42, and 50-52 above.

283.    Par denies the allegations of Paragraph 283.

284.    Paragraph 284 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 284.

285.    Par admits that the Pitressin label was submitted to the PTO during prosecution, and that the Pitressin label does not recite any pH values; however, other prior art disclosed to the PTO did include pH values, including the PPC reference which recited a pH range that encompassed the range of 3.4 – 3.6.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 285.

286.    Par denies the premise of the allegations of Paragraph 286, and therefore denies the allegations of Paragraph 286.

287.    Par denies the allegations of Paragraph 287.

288.    Paragraph 288 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the premise of the allegations of Paragraph 288, and therefore denies those allegations.

35

289.     Paragraph 289 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 289.

290.     Paragraph 290 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 290.

291.     Par denies the allegations of Paragraph 291.

292.     Paragraph 292 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 292.

293.     Paragraph 293 states legal conclusions to which no answer is required.  To the extent an answer is required, Par is without information sufficient to admit or deny the allegations of Paragraph 293.

294.     ██████████████████████████████████████████████████████ ████████████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 294.

295.     Par admits that the cited exhibit is a copy of an email dated October 14, 2014, and that it attached a copy of the cited memorandum.  Those documents speak for themselves. Except as expressly admitted, Par denies the remaining allegations of Paragraph 295.

296.     Par admits the allegations of Paragraph 296.

297.     Par admits the allegations of Paragraph 297.

298.     Par denies the allegations of Paragraph 298.

299.     Paragraph 299 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 299.

300.     Par denies the allegations of Paragraph 300 as stating an incomplete hypothetical. Furthermore, Paragraph 300 states legal conclusions to which no answer is required.  To the

extent an answer is required, Par admits that a pH of 3.7 is within the range of 3.7-3.9 recited by the claims of the '209 and '785 patents, and within the range of 3.5-4.1 recited by the claims of the '239 patent. Except as expressly admitted, Par denies the remaining allegations of Paragraph 300.

301.    Paragraph 301 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 301.

302.    Paragraph 302 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 302. By way of further response, see responses to Paragraphs 71-126 above.

303.    Paragraph 303 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 303.

304.    The allegations of Paragraph 304 are vague and ambiguous with respect to the method steps being referenced and the phrase "otherwise," and therefore, Par lacks information sufficient to admit or deny the allegations in this paragraph. By way of further response, see responses to Paragraphs 197 and 223 above.

305.    Paragraph 305 states legal conclusions to which no answer is required. ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Except as otherwise admitted, Par denies the remaining allegations of Paragraph 305. By way of further response, see responses to Paragraphs 36, 52, 61, 193, and 218-219 above.

306.    Par admits the allegations of Paragraph 306.

307.    Par denies the allegations of Paragraph 307. By way of further response, see responses to Paragraphs 137, 201, 227-228 above.

308.     Par denies the allegations of Paragraph 308.

309.     Par denies the allegations of Paragraph 309.

310.     Par admits that the April 2014 Vasostrict® Label described the vasopressin formulation approved by the FDA in April 2014.  Par further admits that the original Vasostrict® formulation was first offered for sale in November 2014.  By way of further response, see responses to Paragraphs 53, 158, 170 and 215 above.  The remainder of Paragraph 310 states legal conclusions to which no answer is required.  To the extent an answer is required, and except as otherwise admitted, Par denies the allegations of Paragraph 310.

311.     Par denies the allegations of Paragraph 311.

312.     ████████████████████████████████████████████ ████████████████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 312.

313.     Par admits that the cited exhibit is a copy of an email dated October 14, 2014, and that it attached a copy of the cited memorandum.  Those documents speak for themselves. Except as expressly admitted, Par denies the remaining allegations of Paragraph 313.

314.     Par denies the allegations of Paragraph 314.

315.     ████████████████████████████████████████████ ████████████████████████████████████████ The remainder of Paragraph 315 states legal conclusions to which no answer is required.  Furthermore, Paragraph 315 is vague and ambiguous with regard to its references to "this pH data" and "this information," and therefore, Par lacks information sufficient to admit or deny the allegations thereof.

316.     Par denies the allegations of Paragraph 316 as stated.  Furthermore, Paragraph 316 is vague and ambiguous with regard to its references to "this pH data," and therefore, Par lacks information sufficient to admit or deny the allegations thereof.

317.     Par is without information sufficient to admit or deny the allegations of Paragraph 317 as to what Examiner Bradley was aware of or believed, and therefore denies the allegations of this paragraph as stated.

318.     Par is without information sufficient to admit or deny the allegations of Paragraph 318.

319.     Paragraph 319 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 319.

320.     Paragraph 320 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 320.

321.     Par admits that the examiner cited the prior art PPC reference during prosecution of the Original Patents in Suit.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 321.

322.     The cited documents from the prosecution histories of the cited patents speak for themselves.  Par denies the remaining allegations of Paragraph 322 as stated.

323.     Paragraph 323 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 323 as stated.  Par admits that the cited documents state, in relevant part, "As I understand, the pending claims are rejected as allegedly being obvious over [PPC]" and "I am familiar with the contents and the pending claims.  I have reviewed the Non-Final Office Action of June 8, 2015 . . . and I understand the

nature of the rejections therein."  Except as expressly admitted, Par denies the remaining allegations of Paragraph 323.

324.    Paragraph 324 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 324 as stated.  Par admits that the inventors submitted declarations, as described above.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 324.

325.    Par admits that the cited documents contain the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 325.

326.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 326.

327.    Par admits that the cited declarations included stability data from studies conducted at 25° C and 40° C.  Par denies that Amphastar has accurately quoted the cited declaration, which speaks for itself in any event.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 327.

328.    Par denies the allegations of Paragraph 328.

329.    ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████    Except as expressly admitted, Par denies the remaining allegations of Paragraph 329.

330.    Par admits the allegations of Paragraph 330.

331.    Paragraph 331 is vague and ambiguous with respect to what ███████████ ████████████████████ it is referring to, and therefore, Par lacks information sufficient to admit or deny the allegations of Paragraph 331.

332.    Par admits that the cited documents contain the quoted excerpts, out of context, and that the cited declarations speak for themselves.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 332.

333.    Par denies the allegations of Paragraph 333.

334.    Par denies Amphastar's ████████████████ presented in Paragraph 334. The data speaks for itself.

335.    Par denies Amphastar's ████████████████ presented in Paragraph 335. The data speaks for itself.

336.    Par admits that normalized assay data and plots were included in the material submitted to the PTO.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 336.

337.    ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 337.

338.    Par denies the allegations of Paragraph 338.

339.    Par denies the allegations of Paragraph 339.

340.    Paragraph 340 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 340.

341.    Par denies the allegations of Paragraph 341 as stated.  By way of further response, see responses to Paragraphs 75-78 and 202-204.

342.    Par denies the allegations of Paragraph 342.

343.    Par denies the allegations of Paragraph 343.

344.    Par denies the allegations of Paragraph 344.

345.    Par incorporates by reference its response to Paragraph 345 as if more fully set forth herein.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 345.

346.    Par denies the allegations of Paragraph 346 as stated.

347.    Par denies the allegations of Paragraph 347.

348.    Par denies the allegations of Paragraph 348.

349.    Par denies the allegations of Paragraph 349.

350.    Par denies the allegations of Paragraph 350 as stated.  ███████████████ ████████████████████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 350.

351.    ███████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████ Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 351.

352.    ████████████████████████████████████████ ██████████████████ Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 352.

353.   ███████████████████████████████████████████

████████████████   Except as expressly admitted, Par denies the remaining allegations

and characterizations of Paragraph 353.

354.   ████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████   Except as expressly admitted, Par denies

the remaining allegations and characterizations of Paragraph 354.

355.   Par admits that the cited document contains the quoted excerpt, out of context.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 355.

356.   Par denies the allegations of Paragraph 356 as stated.   ██████████████

████████████████████████████████████████████████

███████████████████████████████████████████

███████████████   Except as expressly admitted, Par denies the remaining allegations of

Paragraph 356.

357.   Par denies the allegations of Paragraph 357 as stated.   ███████████████

████████████████████████████████████████████████

███████████████   Except as expressly admitted, Par denies the remaining allegations of Paragraph

357.

358.   Paragraph 358 states legal conclusions to which no answer is required.  To the

extent an answer is required, Par denies the allegations of Paragraph 358.

359.   Par denies the allegations of Paragraph 359.

360.   Par admits the allegations of the first two sentence of Paragraph 360.  Par denies

the allegations and characterizations of the last sentence of Paragraph 360 as stated.

361.    Par admits the allegations of Paragraph 361.

362.    Par admits that Christina Bradley was the examiner of record during prosecution of the '223 Patent.  Par denies the remaining allegations of Paragraph 362.

363.    Par admits that Craig Kenesky and Trisha Agrawal participated in the prosecution of the cited patents, ████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 363.

364.    Par admits that Christina Bradley was the examiner of record during prosecution of the '223 Patent.  Par denies the remaining allegations of Paragraph 364.

365.    Par admits that the '223 Patent recites, among other things, the stated claim limitations.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 365.

366.    Paragraph 366 states legal conclusions to which no answer is required.  To the extent an answer is required, and to the extent Par understands the allegations, Par denies the allegations of Paragraph 366.

367.    Paragraph 367 states legal conclusions to which no answer is required.  To the extent an answer is required, and to the extent Par understands the allegations, Par denies the allegations of Paragraph 367.

368.    Par is without sufficient information to admit or deny the allegations and characterizations of Paragraph 368.

369.    Par denies the allegations of Paragraph 369.

## FIRST COUNTERCLAIM
(Declaration of Non-Infringement)

370.    Par incorporates by reference its responses to each of the preceding paragraphs of Amphastar's Counterclaims.

44

371.     Paragraph 371 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not dispute that an actual and justiciable controversy exists between the parties regarding infringement of the Patents-in-Suit.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 371.

372.     Par denies the allegations of Paragraph 372.

373.     Paragraph 373 states legal conclusions to which no answer is required.  To the extent an answer is required, Par admits that Amphastar provided a notice letter dated November 14, 2018 as described in Paragraph 25 above.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 373.

374.     Par denies the allegations of Paragraph 374.

### SECOND COUNTERCLAIM
(Declaration of Invalidity)

375.     Par incorporates by reference its responses to each of the preceding paragraph of Amphastar's Counterclaims.

376.     Paragraph 376 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not dispute that an actual and justiciable controversy exists between the parties regarding validity of the Patents-in-Suit. Except as expressly admitted, Par denies the remaining allegations of Paragraph 376.

377.     Par denies the allegations of Paragraph 377.

378.     Par denies the allegations of Paragraph 378.

379.     Par denies the allegations of Paragraph 379.

380.     Par denies the allegations of Paragraph 380.

381.     Par denies the allegations of Paragraph 381.

382.     Par denies the allegations of Paragraph 382.

383.    Paragraph 383 states legal conclusions to which no answer is required.  To the extent an answer is required, Par admits that Amphastar provided a notice letter dated November 14, 2018 as described in Paragraph 25 above.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 383.

384.    Par denies the allegations of Paragraph 384.

### THIRD COUNTERCLAIM
(Declaration of Unenforceability)

385.    Par incorporates by reference its responses to each of the preceding paragraph of Amphastar's Counterclaims.

386.    Paragraph 386 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not dispute that an actual and justiciable controversy exists between the parties regarding enforceability of the Patents-in-Suit. Except as expressly admitted, Par denies the remaining allegations of Paragraph 386.

387.    Par denies the allegations of Paragraph 387.

388.    Par denies the allegations of Paragraph 388.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Amphastar's Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

This Court lacks jurisdiction over Amphastar's Counterclaims relating to the '239 Patent as there is no justiciable case or controversy relating thereto.

**Third Affirmative Defense**

All persons with any duty to disclose information to the Patent Office complied with their duty and acted at all times in good faith and without intent to deceive, such that there are no grounds for rendering any of the Patents-in-Suit unenforceable.

**PRAYER FOR RELIEF**

Par denies all remaining allegations not expressly admitted or responded to herein.  Par further denies that Amphastar is entitled to the relief requested, or to any relief whatsoever.  Par pray for relief as follows:

A.   Entry of judgment in favor of Par and against Amphastar with respect to Defendant's Counterclaims, and an award of the relief sought in Par's Complaint;

B.   Dismissal of Amphastar's Counterclaims with prejudice;

C.   An award to Par of its attorney's fees, costs, and expenses; and

D.   Such other relief as the Court deems equitable and just.

Dated: July 24, 2020

Of Counsel:

Martin J. Black
Sharon K. Gagliardi
Brian M. Goldberg
Joseph J. Gribbin (Bar No. 5677)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
martin.black@dechert.com
sharon.gagliardi@dechert.com
brian.goldberg@dechert.com
joe.gribbin@dechert.com

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone : (302) 777-0300
Fax : (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs Par Pharmaceutical,*
*Inc., Par Sterile Products, LLC, and Endo*
*Par Innovation Company, LLC*

Robert D. Rhoad
DECHERT LLP
502 Carnegie Center, Suite #104
Princeton, NJ 08540
Tel: (609) 955-3200
robert.rhoad@dehcert.com

Johnathan D.J. Loeb, Ph.D.
DECHERT LLP
2400 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Tel: (650) 813-4995
jonathan.loeb@dechert.com

Blake B. Greene
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
Tel: (512) 394-3000
blake.greene@dechert.com