# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PAR PHARMACEUTICAL, INC., PAR
STERILE PRODUCTS, LLC, and ENDO
PAR INNOVATION COMPANY, LLC,

    Plaintiffs,

v.

AMPHASTAR PHARMACEUTICALS, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 18-2032-CFC
(Consolidated)

**REDACTED**
**PUBLIC VERSION**

## PLAINTIFFS' ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIMS

Plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, LLC (collectively "Par"), hereby set forth their Answer to the Amended Counterclaims of Defendant Fresenius Kabi USA, LLC ("Fresenius") as follows:

## NATURE OF THE ACTION

1.  Paragraph 1 repeats and incorporates Fresenius's entire Answer, to which no further response is required. To the extent any response is required, Par denies the allegations of Paragraph 1.

2.  Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Par admits that Fresenius seeks a declaratory judgment. Except as expressly admitted, Par denies the remaining allegations of Paragraph 2 as stated.

## PARTIES

3.  Par admits the allegations of Paragraph 3 upon information and belief.

4.  Par admits the allegations of Paragraph 4.

5.  Par admits the allegations of Paragraph 5.

6.      Par admits the allegations of Paragraph 6.

## JURISDICTION AND VENUE

7.      Paragraph 7 states legal conclusions to which no answer is required.  To the extent an answer is required, Par admits that Fresenius seeks declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 7 as stated.

8.      Paragraph 8 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not contest that this Court has subject matter jurisdiction over Fresenius's Counterclaims relating to U.S. Patent Nos. 9,375,478 ("'478 Patent"), 9,687,526 ("'526 Patent"), 9,744,209 ("the '209 Patent"), 9,750,785 ("'785 Patent") and 9,937,223 ("'223 Patent").  Par denies that a justiciable case or controversy exists with respect to Fresenius's Counterclaims relating to U.S. Patent No. 9,744,239 ("'239 Patent") and denies that the Court has proper jurisdiction over those Counterclaims.  Par denies that Fresenius states or has any valid counterclaims.

9.      Paragraph 9 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not contest personal jurisdiction in this judicial district for the limited purpose of this action only.  Par denies the remaining allegations of Paragraph 9.

10.     Paragraph 10 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not contest personal jurisdiction in this judicial district for the limited purpose of this action only.  Par denies the remaining allegations of Paragraph 10.

11.     Paragraph 11 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not contest that venue in this judicial district with respect to Fresenius's Counterclaims is proper.

RLF1 23800575v.1

## BACKGROUND

12.     Par admits the allegations of Paragraph 12.

13.     Par admits the allegations of Paragraph 13.

14.     Par admits the allegations of Paragraph 14.

15.     Par admits the allegations of Paragraph 15.

16.     Par admits the allegations of Paragraph 16.

17.     Par admits the allegations of Paragraph 17.

18.     Par admits the allegations of Paragraph 18.

19.     Par admits the allegations of Paragraph 19.

20.     Par admits the allegations of Paragraph 20.

21.     Par admits the allegations of Paragraph 21.

22.     Par admits, on information and belief, that Fresenius has submitted ANDA No. 213205 (the "Fresenius Multi-Dose ANDA") to the FDA pursuant to 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, and sale of a proposed generic Vasopressin Injection USP, 200 units/10 mL (20 units/mL) product.  Par also admits, upon information and belief, that Fresenius's Multi-Dose ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) stating that it is Fresenius's opinion that the '209, '785, '478, '526, '239, and '223 Patents are invalid and/or that certain specified dependent claims will not be infringed by the Fresenius Multi-Dose ANDA Product.  Par denies the remaining allegations of Paragraph 22.

23.     Par admits that, on or about September 6, 2019, Fresnius sent notice of that certification to Par, and that it received that notification.  Par denies the remaining allegations of Paragraph 23.

24. Par admits, on information and belief, that Fresenius has submitted ANDA No. 213206 (the "Fresenius Single-Dose ANDA") to the FDA pursuant to 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, and sale of a proposed generic Vasopressin Injection USP, 20 units/1 mL (20 units/mL) product. Par also admits, upon information and belief, that Fresenius's Single-Dose ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) stating that it is Fresenius's opinion that the '209, '785, '478, '526, and '239 Patents are invalid and/or that certain specified dependent claims will not be infringed by the Fresenius Single-Dose ANDA Product. Par denies the remaining allegations of Paragraph 24.

25. Par admits that, on or about September 6, 2019, Fresnius sent notice of that certification to Par, and that it received that notification. Par denies the remaining allegations of Paragraph 25.

26. Par admits the allegations of Paragraph 26.

27. Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Par does not dispute that a justiciable controversy exists between the parties regarding the validity and infringement of the '478, '526, '209, '785, and '223 Patents. Except as expressly admitted, Par denies the remaining allegations of Paragraph 27.

A. **Vasopressin Products Alleged Available Prior to the Patents-in-Suit**

28. Par admits that Pitressin® was on sale at least as early as the 1920s. Par denies the remaining allegations of Paragraph 28.

29. Paragraph 29 states legal conclusions to which no answer is required. To the extent an answer is required, Par admits Pitressin® was marketed without FDA approval, and that it was

on the market prior to the passage of the Food, Drug & Cosmetic Act.  Par denies the remaining allegations of Paragraph 29 as stated.

30.     Par admits the allegations of Paragraph 30.

31.     Par admits the allegations of Paragraph 31.

32.     Par admits the first sentence of Paragraph 32.  With respect to the second sentence of Paragraph 32, Par admits that JHP was renamed to Par Sterile Products, LLC, and that Par Sterile Products, LLC is a wholly owned, indirect subsidiary of Par Pharmaceutical, Inc. Except as expressly admitted, Par denies the remaining allegations of Paragraph 32.

33.     ███████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████  Except as expressly admitted, Par denies the remaining allegations of Paragraph 33.

34.     Par admits that the cited documents contain the quoted language.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 34 as stated.

35.     ████████████████████████████████████████████████  Par admits the remaining allegations of Paragraph 35.

36.     ███████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████



█████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 36.

37. ████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 37.

38. ████████████████████████████████████████████████

█████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 38.

39. ████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████ Except as expressly admitted, Par denies the remaining the allegations and characterizations of Paragraph 39.

40. ████████████████████████████████████████████████

██████████████████████ Par admits that the USP Monograph specified a pH range of 2.5 to 4.5 for vasopressin formulations. Except as expressly admitted, Par denies the remaining allegations of Paragraph 40.

41. ██████████████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 41.

42. ████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 42.

RLF1 23800575v.1

43. ██████████████████████████████████████████████████

██████████████████████████████████████████████████ Except as

expressly admitted, Par denies the remaining the allegations of Paragraph 43.

44. Par admits that it acquired JHP, including all rights to JHP's Pitressin product and NDA No. 204485, and related know-how, other intellectual property and goodwill, as well as a sterile manufacturing facility where Pitressin® and other products were made. Except as expressly admitted, Par denies the remaining the allegations of Paragraph 44.

45. Par admits that the FDA approved NDA No. 204485 on or about April 17, 2014, granting Par approval to make and sell the vasopressin product described therein under the tradename Vasostrict®. Except as expressly admitted, Par denies the remaining the allegations of Paragraph 45.

46. Par admits the allegations of Paragraph 46.

47. Par admits that the quoted language appears on the package insert for Vasostrict® approved by the FDA in April 2014, which otherwise speaks for itself. Par lacks information sufficient for it to admit or deny the remaining allegations of Paragraph 47.

48. Par admits that the quoted language appears on the package insert for Vasostrict® approved by the FDA in April 2014, which otherwise speaks for itself. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 48.

49. Paragraph 49 states legal conclusions to which no answer is required. To the extent an answer is required, Par admits that the asserted patents recite a concentration of vasopressin between 0.01 and 0.07 mg/mL and do not recite a specified amount of chlorobutanol. By way of further response, the cited patents and patent claims speak for themselves. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 49.

50.　█████████████████████████████████████████

██████████████████████████ Except as expressly admitted, Par denies the remaining the

allegations of Paragraph 50.

51.　Par denies the allegations of Paragraph 51.

52.　Par admits that Ex. 26 is a copy of an email dated October 10, 2014, and that it

attached a copy of Ex. 25. Those documents speak for themselves. Except as expressly admitted,

Par denies the remaining the allegations of Paragraph 52.

53.　Par admits the allegations of Paragraph 53.

54.　Paragraph 54 states legal conclusions to which no answer is required. To the extent

an answer is required, Par denies the allegations of Paragraph 54.

55.　Paragraph 55 states legal conclusions to which no answer is required. To the extent

an answer is required, Par denies the allegations of Paragraph 55.

56.　Par denies the allegations of Paragraph 56.

**B.　Alleged Inequitable Conduct During Prosecution of the Patents-in-Suit**

57.　Par admits the allegations of Paragraph 57.

58.　Par admits the allegations of Paragraph 58.

59.　Par admits the allegations of Paragraph 59.

60.　Par admits that Craig Kenesky and Trisha Agrawal participated in the prosecution

of the cited patents, ████████████████████████████████████ Except as expressly

admitted, Par denies the remaining allegations of Paragraph 60.

61.　Par admits the allegations of Paragraph 61.

62.　Par admits the allegations of Paragraph 62.

63.　Par admits the allegations of Paragraph 63.

RLF1 23800575v.1

64.     Par admits that the cited document contains the quoted language, which speaks for itself.  Except as expressly admitted, Par is without sufficient information to admit or deny the remaining allegations of Paragraph 64.

65.     Par admits that the cited document contains the quoted language, which speaks for itself.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 65.

66.     Par admits that Examiner Bradley stated that "Claims 16-28 and 30 are rejected under 35 U.S.C. 102(a)(l) as anticipated by or, in the alternative, under 35 U.S.C. 103 as obvious over the FDA label for VASOSTRICT™ (NPL UPT0-892, published 4/2014)."  Except as expressly admitted, Par denies the remaining allegations of Paragraph 66.

67.     Par denies the allegations of Paragraph 67 as stated.

68.     Par admits that the applicants raised several grounds for overcoming the rejections contained in the cited office action, including by way of reference to 35 U.S.C. Section 102(b)(1). Except as expressly admitted, Par denies the remaining allegations of Paragraph 68.

69.     Paragraph 69 states legal conclusions to which no answer is required.  To the extent an answer is required, the allegations fails to specify what "Section 102(b)(1)(A)" is, and therefore, Par lacks information sufficient to admit or deny allegations of Paragraph 69.

70.     Par admits that on November 24, 2015, Craig Kenesky participated in an Applicant-Initiated Interview.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 70.

71.     Par admits that prior to the interview with Examiner Bradley, Dr. Kenesky submitted two unexecuted declarations, which speak for themselves.  Except as expressly admitted, Par denies the remaining the allegations of Paragraph 71.

RLF1 23800575v.1

72.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 72.

73.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 73.

74.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 74.

75.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 75.

76.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 76.

77.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 77.

78.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 78.

79.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 79.

80.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 80.

81.     Par admits that, in his deposition, ███████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

RLF1 23800575v.1

███████████████████████████████████████ Except as

expressly admitted, Par denies the remaining allegations of Paragraph 81.

82.     Par admits that the cited documents, which speak for themselves, were executed

and submitted on the stated dates.  Further, Par is without sufficient information to admit or deny

what Examiner Bradley relied on.  Except as expressly admitted, Par denies the remaining

allegations of Paragraph 82.

83.     Par denies the allegations of Paragraph 83.

84.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 84.

85.     Par denies the allegations of Paragraph 85.

86.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 86.

87.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 87.

88.     Par denies the allegations of Paragraph 88.

89.     Par admits that the cited document contains the quoted excerpts, out of context.

Except as expressly admitted, Par is without sufficient information to admit or deny the remaining

allegations of Paragraph 89.

90.     Par is without sufficient information to admit or deny the allegations of Paragraph

90.

91.     Par denies the allegations of Paragraph 91.

92.     Paragraph 92 states legal conclusions to which no answer is required.  To the extent

an answer is required, ████████████████████████████████████████████████████

[█████████████████████████████████████]

[█████████████████████████████████████]

[█████████████████████████████████████]

[█████████████████████████████████████]

[█████████████████████████████████████]

Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 92.

93.     Par denies the allegations of Paragraph 93.

94.     Par admits the Kannan declaration was not required to and did not identify specific documents or particular communications to corroborate the statements set forth therein.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 94 as stated.

95.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 95.

96.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 96.

97.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 97.

98.     Par admits that the cited transcript contains the excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 98.

99.    Par admits that although the pending claims at issue at time of the Kannan declaration did include limitations relating to refrigerated storage of the recited vasopressin composition, later amendments removed those limitations from the claims as issued.  Par further admits that the issued claims of the '526, '209, and '785 patents do not include a limitation that requires refrigerated storage of a diluted vasopressin composition for up to 24 hours.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 99.

100.    Par admits that the cited transcript contains the quoted excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 100.

101.    Par admits that the cited transcript contains the quoted excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 101.

102.    Par admits that the cited transcript contains the quoted excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 102.

103.    Par admits that the cited transcript contains the quoted excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 103.

104.    Par admits that the cited transcript contains the quoted excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 104.

RLF1 23800575v.1

105. Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 105.

106. Par admits that ██████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████ Par further admits that although the pending claims at issue at time of the Kannan declaration did include limitations relating to refrigerated storage of the recited vasopressin composition, later amendments removed those limitations from the claims as issued. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 106.

107. Paragraph 107 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 107.

108. Paragraph 108 states legal conclusions to which no answer is required. To the extent an answer is required, ███████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

RLF1 23800575v.1

████████████████████████ Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 108 as stated.

109.    Par denies the allegations of Paragraph 109.

110.    Par denies the allegations of Paragraph 110.

111.    Par denies the allegations of Paragraph 111.

112.    Par denies the allegations of Paragraph 112.

113.    Par denies the allegations of Paragraph 113.

114.    Par admits that the Bonomi-Huvala declaration was not required to and did not identify specific documents or particular communications to corroborate the statements set forth therein.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 114 as stated.

115.    ██████████████████████████████████████ ████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 115.

116.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 116 as stated.

117.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 117 as stated.

118.    Par denies the allegations of Paragraph 118.

119.    Par denies the allegations of Paragraph 119.

120.    Par denies the allegations of Paragraph 120.

121.  ███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████ Except as expressly admitted, Par denies the remaining allegations

of Paragraph 121.

122.    Paragraph 122 states legal conclusions to which no answer is required.  To the

extent an answer is required, Par denies the allegations of Paragraph 122.

123.    Par denies the allegations of Paragraph 123.

124.    Par denies the premise of the allegations of Paragraph 124, and therefore denies

those allegations.

125.    Par denies the premise of the allegations of Paragraph 125, and therefore denies

those allegations.

126.    Par denies the premise of the allegations of Paragraph 126, and therefore denies

those allegations.

127.    Paragraph 127 states legal conclusions to which no answer is required.  To the

extent an answer is required, Par denies the allegations of Paragraph 127.

128.    Paragraph 128 states legal conclusions to which no answer is required.  To the

extent an answer is required, Par denies the allegations of Paragraph 128 as stated.  See responses

to allegations set forth in the paragraphs of Part C.1.a.

129.    Par is without sufficient knowledge to admit or deny the allegations of Paragraph

129.

130.    Paragraph 130 states legal conclusions to which no answer is required.  To the

extent an answer is required, Par denies the allegations of Paragraph 130 as stated.

RLF1 23800575v.1

131.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 131.

132.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 132.

133.    Par admits that the cited document contains the quoted excerpts, out of context. Paragraph 133 also states legal conclusions to which no answer is required.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 133.

134.    Paragraph 134 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 134.

135.    Paragraph 135 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 135.  By way of further response, see response to Paragraph 67 above.

136.    Paragraph 136 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 136.

137.    Paragraph 137 is vague and ambiguous with respect to what "dependent claims" it is referring to, and therefore, Par lacks information sufficient to admit or deny the allegations of Paragraph 137.

138.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 138.

RLF1 23800575v.1

139. Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 139.

140. Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 140.

141. Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 141.

142. Paragraph 142 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 142.

143. Par denies the premise of the allegations of Paragraph 143, and therefore denies those allegations.

144. Paragraph 144 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 144.

145. Paragraph 145 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the premise of the allegations of Paragraph 145, and therefore denies those allegations.

146. Par denies the allegations of Paragraph 146.

147. Par denies the allegations of Paragraph 147.

148. Par denies the premise of the allegations of Paragraph 148, and therefore denies those allegations.

RLF1 23800575v.1

149. Par denies the premise of the allegations of Paragraph 149, and therefore denies those allegations.

150. Par denies the premise of the allegations of Paragraph 150, and therefore denies those allegations.

151. Par admits the allegations of Paragraph 151.

152. Par admits that the applications that issued as the Asserted Patents were filed after January 2016. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 152.

153. Par admits that on their face, each of the Asserted Patents claims priority back to the '499 Application. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 153.

154. Par admits that the '526 Patent issued from an application that was a continuation-in-part of the application that issued as the '239 Patent, and the '209 and '785 Patents issued from applications that were filed as continuations-in-part of the application that issued as the '526 Patent. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 154.

155. Par admits that Dr. Kannan and Mr. Kenney are named inventors on the '239, '526, '209 and '785 Patents. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 155.

156. Par admits that Craig Kenesky and Trisha Agrawal participated in the prosecution of the cited patents. Except as expressly admitted, Par denies the remaining allegations of Paragraph 156.

157. Par admits the allegations of Paragraph 157.

158. The allegations of Paragraph 158 are vague and ambiguous with respect to the phrase "overlapping claim elements," and therefore, Par lacks information sufficient to admit or deny the allegations of Paragraph 158.

159. Par admits that the '526 Patent recites, among other things, the stated claim limitations. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 159.

160. Par admits that the '209 Patent recites, among other things, the stated claim limitations. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 160.

161. Par admits that the '785 Patent recites, among other things, the stated claim limitations. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 161.

162. Par admits that the '223 Patent recites, among other things, the stated claim limitations. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 162.

163. Paragraph 163 states legal conclusions to which no answer is required. To the extent an answer is required, and to the extent Par understands the allegations, Par denies the allegations of Paragraph 163.

164. Paragraph 164 states legal conclusions to which no answer is required. To the extent an answer is required, and to the extent Par understands the allegations, Par denies the allegations of Paragraph 164.

165. Par admits the allegations of the first two sentences of Paragraph 165. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 165.

RLF1 23800575v.1

166.     Par admits the allegations of the first two sentences of Paragraph 166. Par denies the allegations and characterizations of the last sentence of Paragraph 166 as stated.

167.     Par admits the allegations of Paragraph 167.

168.     Par admits the allegations of Paragraph 168.

169.     Par admits the allegations of Paragraph 169.

170.     Par admits that Craig Kenesky and Trisha Agrawal participated in the prosecution of the '526 Patent, ███████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 170.

171.     Par admits Christina Bradley was the examiner of record during prosecution of the '526 Patent. Par denies the remaining allegations of Paragraph 171.

172.     Par admits the allegations of Paragraph 172.

173.     Par admits that the cited document contains the quoted excerpt, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 173.

174.     Par admits that the cited document contains the quoted excerpt, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 174.

175.     Par admits that PPC is the only prior art reference cited by the Examiner in the cited Office Action (referenced in Paragraphs 173-174 above) which discloses a pH range for a vasopressin composition. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 175.

176.     Par admits the allegations of Paragraph 176.

177.   Par admits that the cited document states that "Neither Treschan nor Pharmaceutical Partners of Canada teach that Vasopressin is stored at 2-8° C for at least 4 weeks prior to administration to a subject.  However, this difference is obvious in view of the prior art." Except as expressly admitted, Par denies the remaining allegations of Paragraph 177.

178.   Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 178.

179.   Par denies the allegations of Paragraph 179.

180.   Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 180.

181.   Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 181.

182.   Par admits that during prosecution of the '478 patent, the applicants submitted two declarations from named inventor Sunil Vandse, which speak for themselves.  Par further admits that the cited document contains the quoted excerpt, out of context.  Par is without information sufficient to admit or deny the allegations and characterizations of the last sentence of Paragraph 182.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 182.

183.   Par admits that the applicants submitted a declaration from named inventor Vinayagam Kannan, which speaks for itself.  Par admits that the declaration incorporated data

from the declarations referenced in Paragraph 182. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 183.

184. Par admits that the cited document lists Craig Kenesky and Trisha Agrawal as participants in the cited examiner interview. Par further admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 184.

185. Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 185.

186. Par admits the allegations of Paragraph 186.

187. Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 187.

188. Par admits that the cited declaration included data reflecting the results of that stability testing, which speaks for itself. Except as expressly admitted, Par denies the allegations of Paragraph 188.

189. Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 189.

190. Par admits that the cited declaration, which speaks for itself, included conclusions regarding the results of that stability testing. Except as expressly admitted, Par denies the allegations of Paragraph 190.

191.    Par denies that Fresenius has accurately quoted the cited declaration, which speaks for itself in any event.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 191.

192.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 192.

193.    Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 193.

194.    Par admits that the cited document states as follows:

> The following is an examiner's statement of reasons for allowance:
>
> The claims are allowable over the prior art of record in view of the amendment to claim 16 filed May 2, 2017, that requires that the pharmaceutical composition has a pH of 3.8. The criticality of pH 3.8 is established in declarations filed under 37 CFR 1.132 by Sunil Vandse on August 14, 2015, and January 22, 2016, and by Vinayagam Kannan on March 31, 2016, in Application No. 14/717,882. A copy of each declaration was filed in the instant case on May 2, 2017. In addition, the declaration filed under 37 CFR 1.132 by Vinayagam Kannan on May 2, 2017, establishes that the results presented in the previous Vandse and Kannan declarations are applicable to the refrigeration conditions required by the instant claims.

Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 194.

195.    Par admits the allegations of the first two sentences of Paragraph 195.  Par denies the allegations and characterizations of the last sentence of Paragraph 195 as stated.

196.    Par admits the allegations of the first two sentences of Paragraph 196.  Par denies the allegations and characterizations of the last sentence of Paragraph 196 as stated.

197.    Par admits the allegations of Paragraph 197.

198.	Par admits the allegations of Paragraph 198.

199.	Par admits the allegations of Paragraph 199.

200.	Par admits that Craig Kenesky and Trisha Agrawal participated in the prosecution of the cited patents, █████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 200.

201.	Par admits that Christina Bradley was the examiner of record during prosecution of the '526 Patent.  Par denies the remaining the allegations of Paragraph 201.

202.	Par admits the allegations of Paragraph 202.

203.	Par denies the allegations of Paragraph 203.

204.	Par admits that the cited documents contain the quoted excerpts, out of context, which speak for themselves.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 204.

205.	Par admits that the cited documents state that "Therefore, the instantly claimed pH of 3.75-3.85[, and 3.8,] is *prima facie* obvious in view of the broader prior art range 2.5-4.5." Except as expressly admitted, Par denies the remaining allegations of Paragraph 205.

206.	Par admits the allegations of Paragraph 206.

207.	Par admits that the cited document contains the excerpts, out of context.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 207.

208.	Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 208.

RLF1 23800575v.1

209.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 209.

210.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 210.

211.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 211.

212.     Par admits that the applicants relied on Example 10 and Figures 15-18 of the specification of the '209 and '785 patents in its cited response to the examiner's rejections.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 212.

213.     Par admits the allegations of Paragraph 213.

214.     Par admits that the applicants amended the independent claims to require between 0.9 and 1.7% of impurities having between 85% to 100% sequence homology to SEQ ID NO. 1. Except as expressly admitted, Par denies the remaining allegations of Paragraph 214.

215.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 215.

216.     Par denies the allegations of Paragraph 216.

217.     Par admits the allegations of the first two sentences of Paragraph 217.  Par denies the allegations and characterizations of the last sentence of Paragraph 217 as stated.

218. Par admits the allegations of Paragraph 218.

219. Par admits the allegations of Paragraph 219.

220. Par admits that Craig Kenesky and Trisha Agrawal participated in the prosecution of the '223 Patent, ████████████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 220.

221. Par admits Christina Bradley was the examiner of record during prosecution of the '526 Patent. Par denies the remaining allegations of Paragraph 221.

222. Par denies the allegations of Paragraph 222.

223. Paragraph 223 states a legal conclusion to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 223.

224. Par denies the allegations of Paragraph 224.

225. Par is without sufficient information to admit or deny the allegations of Paragraph 225.

226. Par denies the allegations of Paragraph 226.

227. Par admits that Examiner Bradley at one point rejected the pending claims of the '526, '209, and '785 patents as obvious under Section 103 in view of PPC and that PPC discloses a pH range of 2.5 – 4.5. Except as expressly admitted, Par is without sufficient information to admit or deny the remaining allegations of Paragraph 227. By way of further response, see responses to Paragraphs 185-192, 211-213 above.

228. Paragraph 228 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 228.

229. Par denies the allegations of Paragraph 229.

RLF1 23800575v.1

230. Paragraph 230 states legal conclusions to which no answer is required. To the extent an answer is required, Par admits that the cited cases contain the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 230.

231. Paragraph 231 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 231.

232. Paragraph 232 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies allegations of Paragraph 232.

233. Paragraph 233 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 233.

234. Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 234.

235. The allegations of Paragraph 235 are vague and ambiguous with respect to the phrase "demonstrate stability," and therefore, Par lacks information sufficient to admit or deny the allegations in this paragraph.

236. Par admits that the cited document contains the excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 236.

237. Paragraph 237 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 237.

238. Paragraph 238 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 238.

239. Par admits that the cited documents contain the cited impurity levels at the cited pH values. Except as expressly admitted, Par denies the remaining allegations of Paragraph 239.

240.     Paragraph 240 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 240.

241.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 241.

242.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 242.

243.     Paragraph 243 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 243 as stated.

244.     Paragraph 244 states legal conclusions to which no answer is required.  To the extent an answer is required, and to the extent the allegations are understandable, Par denies the allegations of Paragraph 244.

245.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 245.

246.     Par denies the allegations of Paragraph 246.

247.     Paragraph 247 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 247.

248.     Par denies the allegations of Paragraph 248.

249.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 249.

RLF1 23800575v.1

250.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 250.

251.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 251.

252.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 252.

253.     Par denies the allegations of Paragraph 253.

254.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 254.

255.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 255.

256.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 256.

257.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 257.

RLF1 23800575v.1

258.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 258.

259.      Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 259.

260.     Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 260.

261.     Except as expressly admitted, Par denies the remaining allegations of Paragraph 261.

262.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 262.

263.     Par admits that the cited document contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 263.

264.     Par denies the allegations of Paragraph 264 as stated. Except as expressly admitted, Par denies the remaining allegations of Paragraph 264.

265.    Paragraph 265 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 265.

266.    Paragraph 266 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 266.

267.    ██████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████    Except as expressly admitted, Par is without sufficient information to admit or deny the remaining allegations of Paragraph 267.

268.    Par admits the allegations of the first sentence of Paragraph 268.  Par denies the remaining allegations of Paragraph 268.

269.    ██████████████████████████████████████████████████

██████████████████████████████    Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 269.

270.    Par admits the allegations of Paragraph 270.

271.    Par denies the allegations and characterizations of Paragraph 271.

272.    Paragraph 272 states legal conclusions to which no response is required.  To the extent a response is required, ███████████████████████████████████ Except as expressly admitted, Par denies the allegations of Paragraph 272.

273.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 273.

RLF1 23800575v.1

274.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 274.

275.     Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 275.

276.     Par denies the allegations of Paragraph 276 as stated.  By way of further response, see responses to Paragraphs 33, 39, and 47-49 above.

277.     Par denies the allegations of Paragraph 277.

278.     Paragraph 278 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 278.

279.     Par admits that the Pitressin label was submitted to the PTO during prosecution, and that the Pitressin label does not recite any pH values; however, other prior art disclosed to the PTO did include pH values, including the PPC reference which recited a pH range that encompassed the range of 3.4 – 3.6.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 279.

280.     Par denies the premise of the allegations of Paragraph 280, and therefore denies the allegations of Paragraph 280.

281.     Par denies the allegations of Paragraph 281.

282.     Paragraph 282 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the premise of the allegations of Paragraph 282, and therefore denies those allegations.

283. Paragraph 283 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 283.

284. Paragraph 284 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 284.

285. Par denies the allegations of Paragraph 285.

286. Paragraph 286 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 286.

287. Paragraph 287 states legal conclusions to which no answer is required. To the extent an answer is required, Par is without information sufficient to admit or deny the allegations of Paragraph 287.

288. Par admits that it sought claims directed to a pH of about 3.5, to a pH of 3.8, and to a pH of 3.75-3.85 during prosecution of the '478 patent, with the issued claims reciting a pH of 3.8. The remainder of Paragraph 288 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the remaining allegations of Paragraph 288.

289. Par admits that inventors Kannan and Vandse filed declarations during prosecution of the '478 patent, which speak for themselves. Par denies the remaining allegations of Paragraph 289.

290. Par admits that the Examiner provided a Notice of Allowance after receiving Par's March 31, 2016 amendment. Par denies the remaining allegations of Paragraph 290. Further, the final sentence of Paragraph 290 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of the final sentence of Paragraph 290.

291. Par admits that the FDA's Biopharmaceutics Review was disclosed in the cited Information Disclosure Statements, which speak for themselves. Par further admits that the

Examiner cited the FDA's Biopharmaceutics Review in Non-Final Rejections in pending applications, which speak for themselves. Par denies the remaining allegations of Paragraph 291.

292. Par admits that the cited document contains the quoted excerpt, taken out of context, and that the cited document speaks for itself. Par denies the bracketed language "[of the Pitressin® product]." Par further denies the remaining allegations of Paragraph 292.

293. Par admits that it abandoned the cited applications. Par is without information sufficient to admit or deny the remaining allegations of Paragraph 293.

294. Par denies the allegations of Paragraph 294.

295. ████████████████████████████████████████ ████████████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 295.

296. Par admits that the cited exhibit is a copy of an email dated October 10, 2014, and that it attached a copy of the cited memorandum. Those documents speak for themselves. Except as expressly admitted, Par denies the remaining allegations of Paragraph 296.

297. Par admits the allegations of Paragraph 297.

298. Par denies the allegations of Paragraph 298.

299. Paragraph 299 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 299.

300. Par denies the allegations of Paragraph 300 as stating an incomplete hypothetical. Furthermore, Paragraph 300 states legal conclusions to which no answer is required. To the extent an answer is required, Par admits that a pH of 3.7 is within the range of 3.7-3.9 recited by the claims of the '209 and '785 patents, and within the range of 3.5-4.1 recited by the claims of the '239 patent. Except as expressly admitted, Par denies the remaining allegations of Paragraph 300.

301. Paragraph 301 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 301.

302. Paragraph 302 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 302. By way of further response, see responses to Paragraphs 68-123 above.

303. Paragraph 303 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 303.

304. The allegations of Paragraph 304 are vague and ambiguous with respect to the method steps being referenced and the phrase "otherwise," and therefore, Par lacks information sufficient to admit or deny the allegations in this paragraph. By way of further response, see responses to Paragraphs 177 and 203 above.

305. Paragraph 305 states legal conclusions to which no answer is required. To the extent an answer is required, ████████████████████████████████████

████████████████████████████████████████████████████████████████

Except as otherwise admitted, Par denies the remaining allegations of Paragraph 305. By way of further response, see responses to Paragraphs 33, 49, 58, 169, and 198-199 above.

306. Par admits the allegations of Paragraph 306.

307. Par denies the allegations of Paragraph 307. By way of further response, see responses to Paragraphs 181 and 207-208 above.

308. Par denies the allegations of Paragraph 308.

309. Par denies the allegations of Paragraph 309.

310. Par denies the allegations of Paragraph 310.

311. Par admits that the April 2014 Vasostrict® Label described the vasopressin formulation approved by the FDA in April 2014. Except as otherwise admitted, Par denies the remaining allegations of Paragraph 311 as stated.

312. Paragraph 312 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 212.

313. Par denies the allegations of Paragraph 313.

314. ███████████████████████████████████████████████████
███████████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 314.

315. Par admits that Ex. 26 is a copy of an email dated October 10, 2014, and that it attached a copy of Ex. 25. Those documents speak for themselves. Except as expressly admitted, Par denies the remaining allegations of Paragraph 315.

316. Par denies the allegations of Paragraph 316.

317. ███████████████████████████████████████████████████
███████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 317.

318. Paragraph 318 states legal conclusions to which no answer is required. Furthermore, Paragraph 318 is vague and ambiguous with regard to its references to "this pH data" and "this information," and therefore, Par lacks information sufficient to admit or deny the allegations thereof.

319. Par denies the allegations of Paragraph 319 as stated. Furthermore, Paragraph 319 is vague and ambiguous with regard to its references to "this pH data," and therefore, Par lacks information sufficient to admit or deny the allegations thereof.

320.     Par denies the allegations of Paragraph 320.

321.     Par is without information sufficient to admit or deny the allegations of Paragraph 321 as to what Examiner Bradley was aware of or believed, and therefore denies the allegations of this paragraph as stated.

322.     Par is without information sufficient to admit or deny the allegations of Paragraph 322.

323.     Par is without information sufficient to admit or deny the allegations of Paragraph 323.

324.     Paragraph 324 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 324.

325.     Paragraph 325 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 325.

326.     Par admits that the examiner cited the prior art PPC reference during prosecution of the Original Patents in Suit.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 326.

327.     The cited documents from the prosecution histories of the cited patents speak for themselves.  Par denies the remaining allegations of Paragraph 327 as stated.

328.     Paragraph 328 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 328 as stated.  Par admits that the cited documents state, in relevant part, "As I understand, the pending claims are rejected as allegedly being obvious over [PPC]" and "I am familiar with the contents and the pending claims. I have reviewed the Non-Final Office Action of June 8, 2015 . . . and I understand the nature of

the rejections therein." Except as expressly admitted, Par denies the remaining allegations of Paragraph 328.

329.    Paragraph 329 states legal conclusions to which no answer is required. To the extent an answer is required, Par denies the allegations of Paragraph 329 as stated. Par admits that the inventors submitted declarations, as described above. Except as expressly admitted, Par denies the remaining allegations of Paragraph 329.

330.    Par admits that the cited documents contain the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 330.

331.    Par admits that the cited transcript contains the quoted excerpts, out of context. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 331.

332.    Par admits that the cited declarations included stability data from studies conducted at 25° C and 40° C. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 332 as stated.

333.    Par denies that Fresenius has accurately quoted the cited declaration, which speaks for itself in any event. Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 333.

334.    Par denies the allegations of Paragraph 334.

335.    ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████  Except as expressly admitted, Par denies the remaining allegations of Paragraph 335.

336.     Par admits the allegations of Paragraph 336.

337.     Paragraph 337 is vague and ambiguous with respect to what ███████████ ██████████████████████ it is referring to, and therefore, Par lacks information sufficient to admit or deny the allegations of Paragraph 337.

338.     Par admits that the cited documents contain the quoted excerpts, out of context, and that the cited declarations speak for themselves.  Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 338.

339.     Par denies the allegations of Paragraph 339.

340.     Par denies Fresenius's ██████████████████ presented in Paragraph 340.  The data speaks for itself.

341.     Par denies Fresenius's ██████████████████ presented in Paragraph 341.  The data speaks for itself.

342.     Par admits that normalized assay data and plots were included in the material submitted to the PTO.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 342.

343.     ████████████████████████████████████████████████████ ██████████████████████████████████████████████████ ███████████████████████████████ Except as expressly admitted, Par denies the remaining allegations of Paragraph 343.

344.     Par denies the allegations of Paragraph 344.

345.     Par denies the allegations of Paragraph 345.

346.     Paragraph 346 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 346.

40

347. Par denies the allegations of Paragraph 347 as stated. By way of further response, see responses to Paragraphs 72-75 and 203-205 above.

348. Par denies the allegations of Paragraph 348.

349. Par denies the allegations of Paragraph 349.

350. Par denies the allegations of Paragraph 350.

351. Par incorporates by reference its response to Paragraph 351 as if more fully set forth herein. Except as expressly admitted, Par denies the remaining allegations of Paragraph 351.

352. Par denies the allegations of Paragraph 352 as stated.

353. Par denies the allegations of Paragraph 353.

354. Par denies the allegations of Paragraph 354.

355. Par denies the allegations of Paragraph 355.

356. Par denies the allegations of Paragraph 356.

357. Par denies the allegations of Paragraph 357 as stated. ███████████ ███████████████████████████████████████████████████ Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 357.

358. ███████████████████████████████████████ ████████████████████████████████████████████ ████████████████████ Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 358.

359. ███████████████████████████████████████ ████████████████████████ Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 359.

360. 

Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 360.

361.

Except as expressly admitted, Par denies the remaining allegations and characterizations of Paragraph 361.

362.     Par admits that the cited document contains the quoted excerpt, out of context. Except as expressly admitted, Par denies the remaining allegations of Paragraph 362.

363.     Par denies the allegations of Paragraph 363 as stated.

Except as expressly admitted, Par denies the remaining allegations of Paragraph 363.

364.     Paragraph 364 states legal conclusions to which no answer is required.  To the extent an answer is required, Par denies the allegations of Paragraph 364.

365.     Par denies the allegations of Paragraph 365.

## COUNTERCLAIM I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '478 PATENT
## (FRESENIUS'S ANDA NO. 213205)

366.     Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.  Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

367.     Par denies the allegations of Paragraph 367.

368.     Par denies the allegations of Paragraph 368.

369.     Par denies the allegations of Paragraph 369.

370.     Par denies the allegations of Paragraph 370.

42

## COUNTERCLAIM II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '478 PATENT
## (FRESENIUS'S ANDA NO. 213206)

371.    Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.  Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

372.    Par denies the allegations of Paragraph 372.

373.    Par denies the allegations of Paragraph 373.

374.    Par denies the allegations of Paragraph 374.

375.    Par denies the allegations of Paragraph 375.

## COUNTERCLAIM III
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '478 PATENT

376.    Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.  Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

377.    Par denies the allegations of Paragraph 377.

378.    Par denies the allegations of Paragraph 378.

379.    Par denies the allegations of Paragraph 379.

380.    Par does not dispute that a justiciable controversy exists between the parties regarding the validity of the '478 Patent.  Except as expressly admitted, Par denies the allegations of Paragraph 380.

381.    Par denies the allegations of Paragraph 381.

382.    Par denies the allegations of Paragraph 382.

RLF1 23800575v.1

## COUNTERCLAIM IV
## DECLATORY JUDGMENT OF NON-INFRINGEMENT OF THE '526 PATENT
## (FRESENIUS'S ANDA NO. 213205)

383.    Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.   Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

384.    Par denies the allegations of Paragraph 384.

385.    Par denies the allegations of Paragraph 385.

386.    Par denies the allegations of Paragraph 386.

387.    Par denies the allegations of Paragraph 387.

## COUNTERCLAIM V
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '526 PATENT
## (FRESENIUS'S ANDA NO. 213206)

388.    Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.   Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

389.    Par denies the allegations of Paragraph 389.

390.    Par denies the allegations of Paragraph 390.

391.    Par denies the allegations of Paragraph 391.

392.    Par denies the allegations of Paragraph 392.

## COUNTERCLAIM VI
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '526 PATENT

393.    Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.   Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

394.    Par denies the allegations of Paragraph 394.

RLF1 23800575v.1

395.     Par denies the allegations of Paragraph 395.

396.     Par denies the allegations of Paragraph 396.

397.     Par does not dispute that a justiciable controversy exists between the parties regarding the validity of the '526 Patent.  Except as expressly admitted, Par denies the allegations of Paragraph 397.

398.     Par denies the allegations of Paragraph 398.

399.     Par denies the allegations of Paragraph 399.

**COUNTERCLAIM VII**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '209 PATENT**
**(FRESENIUS'S ANDA NO. 213205)**

400.     Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.   Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

401.     The Fresenius Single-Dose ANDA product is the subject of further investigation and discovery, such that Par is without sufficient information to admit or deny the allegations of Paragraph 401.

402.     The Fresenius Single-Dose ANDA product is the subject of further investigation and discovery, such that Par is without sufficient information to admit or deny the allegations of Paragraph 402.

403.     Par denies the allegations of Paragraph 403.

404.     Par denies the allegations of Paragraph 404.

RLF1 23800575v.1

## COUNTERCLAIM VIII
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '209 PATENT
## (FRESENIUS'S ANDA NO. 213206)

405.    Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.  Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

406.    The Fresenius Multi-Dose ANDA product is the subject of further investigation and discovery, such that Par is without sufficient information to admit or deny the allegations of Paragraph 406.

407.    The Fresenius Multi-Dose ANDA product is the subject of further investigation and discovery, such that Par is without sufficient information to admit or deny the allegations of Paragraph 407.

408.    Par denies the allegations of Paragraph 408.

409.    Par denies the allegations of Paragraph 409.

## COUNTERCLAIM IX
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '209 PATENT

410.    Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.  Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

411.    Par denies the allegations of Paragraph 411.

412.    Par denies the allegations of Paragraph 412.

413.    Par denies the allegations of Paragraph 413.

414.    Par does not dispute that a justiciable controversy exists between the parties regarding the validity of the '209 Patent.  Except as expressly admitted, Par denies the allegations of Paragraph 414.

415. Par denies the allegations of Paragraph 415.

416. Par denies the allegations of Paragraph 416.

## COUNTERCLAIM X
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '239 PATENT
## (FRESENIUS'S ANDA NO. 213205)

417. Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims. Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

418. The Fresenius Single-Dose ANDA product is the subject of further investigation and discovery, such that Par is without sufficient information to admit or deny the allegations of Paragraph 418.

419. The Fresenius Single-Dose ANDA product is the subject of further investigation and discovery, such that Par is without sufficient information to admit or deny the allegations of Paragraph 419.

420. Par denies the allegations of Paragraph 420.

421. Par denies the allegations of Paragraph 421.

## COUNTERCLAIM XI
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '239 PATENT
## (FRESENIUS'S ANDA NO. 213206)

422. Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims. Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

423. The Fresenius Multi-Dose ANDA product is the subject of further investigation and discovery, such that Par is without sufficient information to admit or deny the allegations of Paragraph 423.

RLF1 23800575v.1

424. The Fresenius Multi-Dose ANDA product is the subject of further investigation and discovery, such that Par is without sufficient information to admit or deny the allegations of Paragraph 424.

425. Par denies the allegations of Paragraph 425.

426. Par denies the allegations of Paragraph 426.

## COUNTERCLAIM XII
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '239 PATENT

427. Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims. Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

428. Par denies the allegations of Paragraph 428.

429. Par denies the allegations of Paragraph 429.

430. Par denies the allegations of Paragraph 430.

431. Par disputes that a justiciable controversy exists between the parties regarding the validity of the '239 Patent. Except as expressly admitted, Par denies the allegations of Paragraph 431.

432. Par denies the allegations of Paragraph 432.

433. Par denies the allegations of Paragraph 433.

## COUNTERCLAIM XIII
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '785 PATENT
## (FRESENIUS'S ANDA NO. 213205)

434. Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims. Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

435.    The Fresenius Single-Dose ANDA product is the subject of further investigation and discovery, such that Par is without sufficient information to admit or deny the allegations of Paragraph 435.

436.    The Fresenius Single-Dose ANDA product is the subject of further investigation and discovery, such that Par is without sufficient information to admit or deny the allegations of Paragraph 436.

437.    Par denies the allegations of Paragraph 437.

438.    Par denies the allegations of Paragraph 438.

**COUNTERCLAIM XIV**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '785 PATENT**
**(FRESENIUS'S ANDA NO. 213206)**

439.    Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.  Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

440.    The Fresenius Multi-Dose ANDA product is the subject of further investigation and discovery, such that Par is without sufficient information to admit or deny the allegations of Paragraph 440.

441.    The Fresenius Multi-Dose ANDA product is the subject of further investigation and discovery, such that Par is without sufficient information to admit or deny the allegations of Paragraph 441.

442.    Par denies the allegations of Paragraph 442.

443.    Par denies the allegations of Paragraph 443.

## COUNTERCLAIM XV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '785 PATENT

444. Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims. Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

445. Par denies the allegations of Paragraph 445.

446. Par denies the allegations of Paragraph 446.

447. Par denies the allegations of Paragraph 447.

448. Par does not dispute that a justiciable controversy exists between the parties regarding the validity of the '785 Patent. Except as expressly admitted, Par denies the allegations of Paragraph 448.

449. Par denies the allegations of Paragraph 449.

450. Par denies the allegations of Paragraph 450.

## COUNTERCLAIM XVI
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '223 PATENT
## (FRESENIUS'S ANDA NO. 213205)

451. Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims. Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

452. Par denies the allegations of Paragraph 452.

453. Par denies the allegations of Paragraph 453.

454. Par denies the allegations of Paragraph 454.

455. Par denies the allegations of Paragraph 455.

RLF1 23800575v.1

## COUNTERCLAIM XVII
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '223 PATENT

456. Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims. Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

457. Par denies the allegations of Paragraph 457.

458. Par denies the allegations of Paragraph 458.

459. Par denies the allegations of Paragraph 459.

460. Par does not dispute that a justiciable controversy exists between the parties regarding the validity of the '223 Patent. Except as expressly admitted, Par denies the allegations of Paragraph 460.

461. Par denies the allegations of Paragraph 461.

462. Par denies the allegations of Paragraph 462.

## COUNTERCLAIM XVIII
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '478 PATENT
## BASED ON INEQUITABLE CONDUCT AND UNCLEAN HANDS

463. Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims. Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

464. Paragraph 464 states legal conclusions to which no answer is required. To the extent an answer is required, Par does not dispute that a justiciable controversy exists between the parties regarding the enforceability of the '478 Patent. Except as expressly admitted, Par denies the remaining allegations of Paragraph 464.

465. Par denies the allegations of Paragraph 465.

466. Par denies the allegations of Paragraph 466.

467.    Par denies the allegations of Paragraph 467.

## COUNTERCLAIM XIX
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '526 PATENT
## BASED ON INEQUITABLE CONDUCT AND UNCLEAN HANDS

468.    Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.  Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

469.    Paragraph 469 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not dispute that a justiciable controversy exists between the parties regarding the enforceability of the '526 Patent.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 469.

470.    Par denies the allegations of Paragraph 470.

471.    Par denies the allegations of Paragraph 471.

472.    Par denies the allegations of Paragraph 472.

## COUNTERCLAIM XX
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '785 PATENT
## BASED ON INEQUITABLE CONDUCT AND UNCLEAN HANDS

473.    Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.  Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

474.    Paragraph 474 states legal conclusions to which no answer is required.  To the extent an answer is required, Par does not dispute that a justiciable controversy exists between the parties regarding the enforceability of the '785 Patent.  Except as expressly admitted, Par denies the remaining allegations of Paragraph 474.

475.    Par denies the allegations of Paragraph 475.

476.    Par denies the allegations of Paragraph 476.

477. Par denies the allegations of Paragraph 477.

## COUNTERCLAIM XXI
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '209 PATENT BASED ON INEQUITABLE CONDUCT AND UNCLEAN HANDS

478. Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims. Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

479. Paragraph 479 states legal conclusions to which no answer is required. To the extent an answer is required, Par does not dispute that a justiciable controversy exists between the parties regarding the enforceability of the '209 Patent. Except as expressly admitted, Par denies the remaining allegations of Paragraph 479.

480. Par denies the allegations of Paragraph 480.

481. Par denies the allegations of Paragraph 481.

482. Par denies the allegations of Paragraph 482.

## COUNTERCLAIM XXII
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '239 PATENT BASED ON INEQUITABLE CONDUCT AND UNCLEAN HANDS

483. Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims. Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

484. Paragraph 484 states legal conclusions to which no answer is required. To the extent an answer is required, Par disputes that a justiciable controversy exists between the parties regarding the enforceability of the '239 Patent. Except as expressly admitted, Par denies the remaining allegations of Paragraph 484.

485. Par denies the allegations of Paragraph 485.

486. Par denies the allegations of Paragraph 486.

487.    Par denies the allegations of Paragraph 487.

## COUNTERCLAIM XXIII
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '223 PATENT
## BASED ON INEQUITABLE CONDUCT AND UNCLEAN HANDS

488.    Par incorporates by reference its responses to each of the preceding paragraphs of Fresenius's Counterclaims.   Except as expressly admitted above, Par denies any remaining allegations of the preceding paragraphs of Fresenius's Counterclaims as if fully set forth herein.

489.    Paragraph 489 states legal conclusions to which no answer is required.   To the extent an answer is required, Par does not dispute that a justiciable controversy exists between the parties regarding the enforceability of the '223 Patent.   Except as expressly admitted, Par denies the remaining allegations of Paragraph 489.

490.    Par denies the allegations of Paragraph 490.

491.    Par denies the allegations of Paragraph 491.

492.    Par denies the allegations of Paragraph 492.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Fresenius's Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

This Court lacks jurisdiction over Fresenius's Counterclaims relating to the '239 Patent as there is no justiciable case or controversy relating thereto.

### Third Affirmative Defense

All persons with any duty to disclose information to the Patent Office complied with their duty and acted at all times in good faith and without intent to deceive, such that there are no grounds for rendering any of the Patents-in-Suit unenforceable.

## PRAYER FOR RELIEF

Par denies all remaining allegations not expressly admitted or responded to herein. Par further denies that Fresenius is entitled to the relief requested, or to any relief whatsoever. Par pray for relief as follows:

A.      Entry of judgment in favor of Par and against Fresenius with respect to Defendant's Counterclaims, and an award of the relief sought in Par's Complaint;

B.      Dismissal of Fresenius's Counterclaims with prejudice;

C.      An award to Par of its attorney's fees, costs, and expenses; and

D.      Such other relief as the Court deems equitable and just.

<table>
<tr><td></td><td><em>/s/ Kelly E. Farnan</em></td></tr>
<tr><td>OF COUNSEL:</td><td>Kelly E. Farnan (#4395)<br>Valerie A. Caras (#6608)</td></tr>
<tr><td>Martin J. Black<br>Sharon K. Gagliardi<br>Brian M. Goldberg<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104</td><td>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br>caras@rlf.com</td></tr>
<tr><td>Robert D. Rhoad<br>DECHERT LLP<br>502 Carnegie Center - Suite 104<br>Princeton, NJ 08540-7814</td><td><em>Attorneys for Plaintiffs Par Pharmaceutical,<br>Inc., Par Sterile Products, LLC, and Endo<br>Par Innovation Company, LLC</em></td></tr>
<tr><td>Johnathan D.J. Loeb, Ph.D<br>DECHERT LLP<br>2400 W. El Camino Real, Suite 700<br>Mountain View, CA 94040-1499</td><td></td></tr>
<tr><td>Blake B. Greene<br>DECHERT LLP<br>300 W. 6th Street, Suite 2010<br>Austin, TX 78701</td><td></td></tr>
<tr><td>Dated: July 27, 2020</td><td></td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2020, true and correct copies of the foregoing document

were caused to be served on the following counsel of record by e-mail:

Anne Shea Gaza                          Daryl L. Wiesen
Robert M. Vrana                         John T. Bennett
Young Conaway Stargatt & Taylor LLP     Shaobo Zhu
Rodney Square                           Goodwin Procter LLP
1000 North King Street                  100 Northern Avenue
Wilmington, DE 19801                    Boston, MA 02110


                                        */s/ Kelly E. Farnan*
                                        Kelly E. Farnan (#4395)
                                        farnan@rlf.com