IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PAR PHARMACEUTICAL, INC. PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AMPHASTAR PHARMACEUTICALS, INC.,<br><br>Defendant. | C.A. No. 18-2032-CFC-CJB<br>(Consolidated)<br><br><br>**REDACTED - PUBLIC VERSION** |

**DEFENDANT AMPHASTAR PHARMACEUTICALS, INC.'S LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM JOHN C. PHILLIPS, JR. REGARDING DISCOVERY DISPUTE**

Dated: August 7, 2020

*Of Counsel*

William R. Zimmerman
Jonathan Bachand
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1717 Pennsylvania Ave. N.W., Ste. 900
Washington D.C. 20006
Tel: (202) 640-6400
Fax: (202) 640-6401
Bill.Zimerman@knobbe.com
Jonathan.Bachand@knobbe.com

PHILLIPS, MCLAUGHLIN & HALL, P.A.
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE 19806-4204
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendant Amphastar Pharmaceuticals, Inc.*

Dear Judge Burke:

We write on behalf of the Consolidated Defendants ("Defendants") to address a discovery dispute regarding Plaintiffs' improper assertion of the attorney-client privilege in its objections to Joint Interrogatory Nos. 15 and 16.[1]  The Supreme Court has held that the **underlying facts** are discoverable even if they are found in privileged communications.  Although the interrogatories are narrowly tailored to seek underlying factual information, Plaintiffs improperly attempt to shroud these non-privileged facts from discovery.

**<u>Background</u>**

Defendants served their Second Set of Joint Interrogatories, including Interrogatory Nos. 15 and 16, on June 12, 2020.  On July 13, 2020, Plaintiffs served their objections to Interrogatory Nos. 15 and 16 as "seeking the substance of an attorney-client communication."  *See* Ex. A at 12-14.

Joint Interrogatory No. 15 requests that Plaintiffs:

> Identify all prior art documents and/or correspondence with the U.S. Food and Drug Administration provided by Par to Prosecution Counsel during the prosecution of the Patents-in-Suit or any Related Application, and for each document provide: (1) the date Par sent the document to Prosecution Counsel; (2) the identity of the person involved in sending the document; and (3) the identity of all persons Par is aware of who received the document at the time it was sent to Prosecution Counsel.

*Id*. at 11.  Joint Interrogatory No. 16 requests that Plaintiffs:

> Describe in detail all facts provided by Par to Prosecution Counsel during the prosecution of the Patents-in-Suit or any Related Application regarding the pH and/or impurity profile of any vasopressin formulation commercially sold before 2016, including providing for each fact: (1) who was involved in sending the fact; (2) who received the fact; (3) the non-privileged substance of the fact; and (4) when such facts were sent to Prosecution Counsel.

*Id*. at 13.  These two interrogatories are relevant to Defendants' inequitable conduct defenses and counterclaims, which allege, *inter alia*, that the asserted patents are unenforceable due to the failure of individuals involved in prosecution to disclose the actual pH and impurity profiles of prior art vasopressin products sold by Plaintiffs.

On July 27, 2020, Defendants requested a meet-and-confer to address Plaintiffs' refusal to substantively respond to Joint Interrogatory Nos. 15 and 16 and stated Defendants' view that Plaintiffs' assertion of the attorney-client privilege was legally unsupported.  *See* Ex. B (Letter from Bachand).  On July 30, 2020, the Parties conducted a telephonic meet-and-confer.  Plaintiffs maintained their refusal to provide substantive responses and their assertion of privilege.  Because

---

[1] The parties have resolved their dispute regarding the number of permitted interrogatories.

the Parties were at an impasse, the Parties jointly contacted Judge Connolly who subsequently referred all discovery disputes to Your Honor (D.I. 189).

**Joint Interrogatory Nos. 15 and 16 Do Not Seek Privileged Information**

"The [attorney-client] privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *See Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981). In the Third Circuit, the burden of demonstrating the applicability of the attorney-client privilege is on the party asserting the privilege. *See, e.g.*, *Idenix Pharms., Inc. v. Gilead Sci., Inc.*, 195 F.Supp.3d (D. Del. 2016). Plaintiffs cannot meet their burden of showing the underlying facts requested by Joint Interrogatory Nos. 15 and 16 are protected from disclosure by the attorney-client privilege.

The interrogatories at issue here, are similar to one at issue in *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C 09-05897 RS (PSG), 2011 WL 1599646 (N.D. Cal. Apr. 27, 2011), where the Defendants served the following interrogatory:

> Separately, for each Patent–in–Suit, identify all prior art known or reasonably believed to be relevant to the subject matter of the patent or that has been asserted by any person or entity to be relevant to the patent, including without limitation, all prior art cited in any reexamination of either Patent–in–Suit, and separately state for each person involved in any way in the prosecution of either Patent-in-Suit (including the named inventor and all attorneys involved in any part of the prosecution) the date and circumstances under which each such person first became aware of each item of prior art.

*Id.* at *1. The plaintiff in *Vasudevan* argued that responding to the interrogatory "would necessarily reveal the substance of communications between the inventor and his prosecution attorneys [and] such an answer would necessarily reveal that Vasudevan and his attorneys had discussions regarding specific prior art references on a specific date." *Id.* at *2.

The court rejected plaintiff's argument, reasoning that defendant was seeking "facts of the date and circumstances by which each individual first learned about a piece of prior art independent of any communication involving those facts" and that "the date of a communication and its general subject matter is information routing disclosed in privilege logs to establish that the content of the communication is privileged." *Id.* The court ordered the plaintiff to provide "the actual dates upon which each piece of prior art became known and a description of any and all circumstances by which the prior art became known to [each person involved in any way in the prosecution of either Patent-in-Suit]." *Id.* at *3.

The joint interrogatories here similarly seek non-privileged **underlying facts**. Joint Interrogatory No. 15 seeks facts regarding: (i) the dates when prior art and FDA correspondence were disclosed to prosecution counsel; and (ii) the identity of individuals who disclosed and received such prior art. Likewise, Interrogatory No. 16 appropriately asks Plaintiffs to identify: (i) the dates when the pH and impurity profiles of prior art vasopressin products were disclosed to prosecution counsel; and (ii) the individuals who disclosed and received each fact.

Plaintiffs cannot dispute these facts are relevant. For example, during prosecution

The Honorable Christopher J. Burke  Page 3
August 7, 2020

Plaintiffs obtained claims reciting vasopressin formulations with a pH of 3.5-4.1. *See* Ex. C at 33:47 (claim 1). But FDA correspondence states unapproved prior art vasopressin products were adjusted to a pH of 3.6 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Ex. D at 2. Whether or not prosecution counsel were aware of these facts and when they became aware of these fact is not privileged, and is highly relevant to Defendants' inequitable conduct defense.

A narrow interrogatory seeking when and with whom prior art was shared is an appropriate way to obtain discovery **without revealing the substance** of any privileged communications. What was said about these prior art references or facts for the purposes of seeking legal advice may be privileged, but whether the information was sent to counsel is not. The inclusion of an otherwise discoverable fact in a privileged communication does not shield it from discovery. *See, e.g., Vasudevan Software*, 2011 WL 1599646, at *2 ("The protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.") (internal citations and quotation marks omitted).

Plaintiffs' objections cite two cases for the proposition that the requested facts are protected by the privilege: *In re TQ Delta*, No. 17-MC-328-RGA, 2018 WL 5033756 (D. Del. Oct. 17, 2018) and *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000). Neither case supports Plaintiffs' attempt to shield underlying facts with a "privilege" objection.

*In re TQ Delta* supports a determination that the underlying facts sought by Defendants are not privileged. There the court determined third-party discovery of a patent attorney was appropriate on topics such as the identity of prior art the named inventors were aware of during prosecution. *In re TQ Delta*, 2018 WL 5033756, at *3 ("[A]s Defendants point out, underlying facts are not protected under the attorney client privilege") (internal citations omitted).

*In re Spalding Sports Worldwide, Inc.* also does not support Plaintiffs' arguments. There, the court determined that an invention record was a privileged communication. 203 F.3d at 805-06. In the present case, however, Defendants do not seek any privileged documents, or even the privileged substance of such documents; Defendants merely seek the underlying facts. To the extent such facts were incorporated into privileged communications, such incorporation does not shield the facts found in such documents from discovery. The court in *Vasudevan* rejected a similar argument finding "*Spalding* does not insulate otherwise discoverable information simply because it is included in a privileged communication." *Vasudevan Software*, 2011 WL 1599646, at *2.

In view of the above, Defendants respectfully request the Court find Plaintiffs may not shield from discovery the relevant underlying facts based on their overbroad assertion of the attorney-client privilege and order the Plaintiffs to provide full responses to Interrogatories 15 and 16 with the relevant underlying facts even if found in otherwise privileged documents/communications.