# EXHIBIT B

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

1717 Pennsylvania Ave. N.W., Ste. 900, Washington D.C. 20006
**T** (202) 640-6400

Jonathan E. Bachand
Jonathan.Bachand@knobbe.com

July 27, 2020
**VIA EMAIL**

Blake B. Greene
Dechert LLP
515 Congress Ave
Suite 1400
Austin, TX 78701

Re:   Par Pharmaceuticals, Inc. v. Amphastar Pharmaceuticals, Inc.
      18cv2032-CFC
      Our Reference: AMPHAL.001L

Dear Blake:

I write on behalf of the consolidated Defendants regarding Plaintiffs' refusal to provide a substantive response to Defendants' Joint Interrogatory Nos. 14-18. Defendants intend to move the Court on this issue unless Plaintiffs agree to provide substantive responses to these interrogatories. I also write to address Plaintiffs' contention that the underlying facts sought by Interrogatory Nos. 15 and 16 are not discoverable due to the attorney client privilege. For the reasons discussed below, Plaintiffs' contention is contrary to the case law. Please let us know if you are available to meet and confer on these issues on Tuesday or Wednesday this week as Defendants intend to seek judicial relief this week in view of the upcoming end of fact discovery.

**Plaintiffs' arguments regarding improper subparts.**

Defendants' first set of interrogatories did not contain any improper subparts.

"Subparts are treated as part of a single interrogatory where 'they are logically or factually subsumed within and necessarily related to the primary question.'" *Madigus Ltd. v. Endochioce, Inc*., Civil Action No. 15-505-LPS-CJB, 2016 WL 5791409 (July 19, 2016 D.Del). In its objections to Defendants' First Set of Joint Interrogatories 1-10, Plaintiffs objected—without any supporting explanation—to Interrogatory Nos. 1-3 and 5-8 as containing multiple subparts that should count as multiple interrogatories. In its objections to Defendants' Second Set of Joint Interrogatories (Nos. 11-18), Plaintiffs stated its belief for the first time that "Defendants' previous set of interrogatories (numbered 1-10) contained at least, very conservatively, 15 separate subparts . . . ." Plaintiffs are incorrect.

Interrogatory No. 1's primary question is to detail the "research, development, conception, and reduction to practice of each claim of the Patents-in-Suit . . . ." The remaining information requested is subsumed within and necessarily related to this primary question. This is a single interrogatory.

Interrogatory No. 2's primary question is for information related to any secondary considerations of nonobviousness upon which Plaintiffs intend to rely. All of the information requested by this interrogatory is related to the question of what Plaintiffs' contentions are regarding secondary considerations and what evidence supports those assertions. This is a single interrogatory.

Interrogatory No. 3's primary question is information regarding the experiments, studies, data, figures, tables and examples described in the Patents-in-Suit. All of the information requested by this interrogatory is necessarily related to this primary question. This is a single interrogatory.

Interrogatory No. 5's primary question is the earliest date and the circumstances that any claim "was publicly disclosed, sold, offered for sale, or otherwise put in the public domain by Plaintiffs or any inventor, or any

other person or entity . . . ." All of the information requested by this interrogatory is necessarily related to this primary question. This is a single interrogatory.

Interrogatory No. 6's primary question is the details of the testing of vasopressin compositions researched, developed, or considered by Plaintiffs . . . ." All of the information requested by this interrogatory is necessarily related to this primary question. This is a single interrogatory.

Interrogatory No. 7's primary question relates to Plaintiffs' response to Defendants' invalidity contentions. All of the information requested by this interrogatory is necessarily related to this primary question. This is a single interrogatory.

Interrogatory No. 8's primary question is the standing of Plaintiffs to bring this lawsuit. All of the information requested by this interrogatory is necessarily related to this primary question. This is a single interrogatory.

Defendants' second set of joint interrogatories did not contain any improper subparts.

Plaintiffs contend that Interrogatory Nos. 11 and 12 each contain two subparts constituting a separate interrogatory because they "seek[] information about two different products, PITRESSIN AND VASOSTRICT, manufactured at different times by different companies." Interrogatory No. 11's primary question is the identification of properties of vasopressin products sold by Plaintiffs or their predecessor's in interest. Interrogatory No. 12's primary question is information related to the sale of vasopressin products sold by Plaintiffs or their predecessor's in interest. The mere fact that Plaintiffs reformulated the product at one point does not convert a single interrogatory into multiple interrogatories. Contrary to Plaintiffs' baseless contentions, both of these interrogatories are a single interrogatory. Accordingly, Defendants' request substantive responses to Joint Interrogatories 14-18 by July 31, 2020.

Plaintiffs' refusal to provide substantive responses indicates bad faith.

Plaintiffs' refusal to provide substantive answers Defendants' Joint Interrogatory Nos. 14-18 is particularly galling considering the defendants agreed to serve three less individual interrogatories for the ability to serve three additional joint interrogatories. In doing so, Plaintiffs benefited by avoiding answering six additional interrogatories. Plaintiffs attempts to benefit from Defendants' proposal to decrease the overall burden on Plaintiffs, while refusing to answer these additional joint interrogatories evidences bad faith and gamesmanship in agreeing to the deal.

**Plaintiffs' additional objections to Interrogatory Nos. 15 and 16.**

The information requested in Interrogatory Nos. 15 and 16, contrary to Plaintiffs' objections, does not seek information protected by the attorney client privilege. These interrogatories request purely factual information regarding whether prior art documents and/or correspondence from the FDA was sent to Prosecution Counsel, and information regarding the date such documents were sent, who was involved in sending the document, and the identity of all people receiving the document. This is the type of information routinely found in a privilege log. The attorney-client privilege does not generally justify the withholding of purely factual material. *Upjohn Co. v. U.S.*, 449 U.S. 383, 395, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

Plaintiffs' citation to *In re TQ Delta*, No. 17-MC-328-RGA, 2018 WL 5033756, at *3 (D. Del. Oct. 17, 2018), supports determining these facts are not privileged. There, the court permitted third-party discovery of a patent attorney on topics such as the identity of prior art the named inventors were aware of during the prosecution of the patents. As stated by the court:

> [E]numerated items 3-6 appear to be both relevant and targeted at non-privileged factual information, rather than communications between attorney and client during patent prosecution. Defendants have asserted an affirmative defense that '[t]he patents-in-suit are unenforceable because [Plaintiff] or its predecessor-in-interest had an obligation to disclose them to the [International Telecommunication Union] in the course of the standard-setting process, [Plaintiff]

# Knobbe Martens

was aware of its disclosure obligations, and [Plaintiff] failed to disclose the relevant patents.'  The information sough appears to be relevant to this affirmative defense. . . .   [A]s Defendants point out, underlying facts are not protected under the attorney client privilege.

*In re TQ Delta*, 2018 WL 5033756 at *3 (internal citations omitted).

*In re Spalding Sports Worldwide, Inc*., also does not support Plaintiffs' arguments. There, the court determined that an invention record was a privileged communication.  203 F.3d 800, 805-06 (Fed. Cir. 2000). Here, Defendants do not seek the substance of any communications, but seek the underlying facts regarding who received certain information, when they received it, and who sent it to them.  Even if the communication of these facts was part of a communication that was protected, the underlying facts Defendants seek are not privileged.

District Courts have repeatedly rejected patentees' contentions that underlying facts are privileged.  For example, in *Vasudevan Software, Inc. v. IBM*, 09-05897 RS, 2011 WL 1599646 (N.D. Cal. Apr. 27, 2011 ) the court rejected the idea that the disclosure of such facts would "necessarily reveal that [Plaintiff] and his attorneys had discussions regarding specific prior art references on a specific date."  *Id*. at *2.  The court stated "the date of a communications and its general subject matter is information routinely disclosed in privilege logs to establish that the content of the communication is privileged," and ordered the Plaintiffs to "provide the actual dates upon which each piece of prior art became known and a description of any and all circumstances by which the prior art became known to each individual [involved in any way in the prosecution of either Patent-in-Suit]."  *Id*. at *2-3*; see also DSM Desotech, Inc. v. 3D Sys. Corp*., No. 08 C 1531, 2011 WL 117048 (N.D. Ill. Jan. 12, 2011) (determining that information regarding whether persons involved in prosecution were aware of certain prior art discoverable facts not protected by attorney client privilege).

The underlying factual information Defendants seek in Interrogatory Nos. 15 and 16 is not privileged and central to the inequitable conduct claims in this case.  To the extent this information is reflected in any communications logged by Plaintiffs on their privilege log, Plaintiffs can easily determine the non-privileged information requested by the interrogatory.  Plaintiffs' attempts to hide facts from discovery via an assertion of the attorney client privilege are unsupported and provide no basis to withhold relevant underlying facts from discovery.

Please let us know times Plaintiffs are available to meet and confer on these issues on Tuesday or Wednesday this week.

Sincerely,

/s/Jonathan Bachand

Jonathan E. Bachand

cc:       Counsel of Record

33211260