## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC and ENDO PAR INNOVATION COMPANY, LLC, | |
| *Plaintiffs*, | C.A. No. 18-2032-CFC-CJB (consolidated) |
| v. | ▬▬▬▬▬▬▬▬▬▬▬▬ |
| AMPHASTAR PHARMACEUTICALS INC., | |
| *Defendant*. | |

**PLAINTIFFS' RESPONSE TO DEFENDANT AMPHASTAR PHARMACEUTICALS, INC.'S AUGUST 7, 2020 LETTER TO THE HONORABLE CHRISTOPHER J. BURKE REGARDING DISCOVERY DISPUTE**

Dated: August 12, 2020

Of Counsel:

Martin J. Black
Sharon K. Gagliardi
Brian M. Goldberg
Joseph J. Gribbin (Bar No. 5677)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000

Robert D. Rhoad
DECHERT LLP
502 Carnegie Center, Suite #104
Princeton, NJ 08540
Tel: (609) 955-3200

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone : (302) 777-0300
Fax : (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Johnathan D.J. Loeb, Ph.D.
DECHERT LLP
2400 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Tel: (650) 813-4995
jonathan.loeb@dechert.com

Blake B. Greene
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
Tel: (512) 394-3000

*Attorneys for Plaintiffs*

Dear Judge Burke:

Plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, LLC (collectively, "Par") maintain their objections based on privilege and undue burden with respect to Defendants' Joint Interrogatories Nos. 15 and 16 (the "Interrogatories") and request that the Court deny Defendant Amphastar Pharmaceuticals, Inc.'s letter request to compel a further response to these Interrogatories.

It is clear that the attorney-client privilege applies to protect communications between a client and patent prosecution counsel "regarding the patents, the preparation of the application, the filing of the application, and the prosecution of the application." *In re TQ Delta*, No. 17-MC-328-RGA, 2018 WL 5033756, at *3 (D. Del. Oct. 17, 2018); *see also In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000) (recognizing that "technical information such as prior art" is often provided to patent counsel "for legal advice on patentability or for legal services in preparing a patent application"). The distinction between privileged communications and non-privileged facts was well articulated in *Advanced Cardiovascular Systems, Inc. v. C.R. Bard, Inc.*, 144 F.R.D. 372 (N.D. Cal. 1992):

> Before explaining the principal bases for this reversal, we emphasize some important related points. First, what the privilege presumptively protects from discovery is specific *communications* between client and counsel, *not* the relevant underlying facts, data or information. Thus, the kind of information that the *Jack Winter* and *Hercules* courts were concerned about making available to opposing parties and to the trier of fact ("technical information such as the results of research, tests, and experiments") will remain available, even if certain *communications* which include that information are presumptively privileged. In other words, opposing parties will remain free to discover, directly from the inventor, all the technical information the inventor had about the invention, all the results of tests the inventor performed, or had performed, all the documents related to experiments with the invention, everything the inventor knew about prior art, etc. The effect of the privilege only would be to block access to that kind of information indirectly, by blocking access to the private communications between inventor and patent lawyer.

*Id.* at 374; *see also Knogo Corp. v. United States,* 213 U.S.P.Q. 936, 940–41 (Ct. Cl. 1980); *Jack Winter, Inc., v. Koratron Co.*, 54 F.R.D. 44, 46–47 (N.D. Cal. 1971); *Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136, 147–148 (D. Del. 1977).

Here, the Interrogatories as written are very specifically directed to obtaining information about the *communications* between attorneys and inventors that the case law clearly states is protected by the attorney-client privilege.

Interrogatory No. 15 asks Par to "[i]dentify all prior art documents and/or correspondence with the [FDA] *provided by Par to Prosecution Counsel* during the prosecution of the Patents-in-Suit or any Related Application." It doesn't ask Par to identify all known prior art to the patents-in-suit; rather, it asks for prior art *communicated by* an inventor or someone else at Par to prosecution counsel. Answering that interrogatory would necessarily reveal the substance of

an attorney-client communication—saying that "X was provided to counsel" is revealing the substance of what was communicated. Par has already produced copies of the prior art it had in its possession in response to Defendants' requests for production of documents. The prior art is not what Amphastar is looking for; it wants the privileged communications relating to the prior art. That is improper.

Similarly, Interrogatory No. 16 asks Par to "[d]escribe in detail all facts ***provided to Prosecution Counsel*** during the prosecution of the Patents-in-Suit or any Related Application regarding the pH and/or impurity profile of any vasopressin formulation commercially sold before 2016." Again, it doesn't ask Par about the pH or impurity profiles of vasopressin formulations sold before 2016; rather, it asks for facts ***communicated by*** an inventor or someone else at Par to prosecution counsel, and answering that interrogatory would necessarily reveal the substance of an attorney-client communication. Defendants have asked separate interrogatories directed to obtaining facts about pH and impurity profiles for various vasopressin formulations, including the one that immediately follows this one. *See* D.I. 205, Ex. A at 5 (Interrogatory No. 17); Ex. E at 5 (Interrogatory No. 6). Moreover, Par has already produced copies of documents in its possession regarding pH and impurity profiles, and Par permitted Defendants to ask the inventors and other deponents what information and knowledge they had about those issues. Again, however, that is not what Amphastar is looking for; it wants the privileged communications relating to those topics. And again, that is improper.

If, hypothetically, an inventor sent prior art to prosecution counsel in connection with a request for legal advice related to patent prosecution, Par would have produced that piece of prior art, but would have properly withheld the privileged communication. Likewise, Par would not withhold technical documents related to the asserted claims of the patents-in-suit generated in the course of product development on the basis that they were sent to an attorney as part of a privileged communication. The technical documents would be produced, but the attorney communication(s) about them would be properly withheld as privileged.

Defendants' attempt to equate the challenged Interrogatories with the one at issue in *Vasudevan* falls flat. The interrogatory in *Vasudevan* asked for the identity of prior art known or reasonably believed to be relevant to the patent-in-suit, as well as the date and circumstances under which each inventor or prosecution counsel first became aware of such art. *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C 09-05897 RS (PSG), 2011 WL 1599646, at *1 (N.D. Cal. Apr. 27, 2011). The court noted that "[t]he client cannot be compelled to answer the question, 'what did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." *Id.* at *2 (citation omitted). The court found that portions of the interrogatory could be answered without revealing attorney-client communications, but acknowledged that the patentee could still withhold "information about particular circumstances because such disclosure would reveal the substance of an attorney-client communication." *Id.* at *3. While asking an inventor during deposition whether he or she were aware of a particular prior art reference at the time a patent was being prosecuted would not be privileged, if the question was whether the inventor sent a particular piece of prior art to prosecution counsel, that question would seek privileged information. *See, e.g., Bergstrom, Inc. v. Glacier Bay, Inc.*, No. 08 C 50078, 2010 WL 257253, at *3 (N.D. Ill. Jan. 22, 2010).

Any communications between Par and its prosecution counsel related to alleged prior art or technical documents seek advice concerning patent prosecution and are privileged. The challenged Interrogatories seek the substance of such communications—i.e., what information was conveyed by Par to prosecution counsel. They seek to invade the privilege under the guise of seeking non-privileged facts, but revealing what particular art or what technical information was discussed or exchanged between Par and its counsel is protected.

In the *Idenix* case cited by Defendants, for example, the court found an email addressed to in-house counsel regarding technical issues in a draft patent application to be privileged, noting "[w]here client and counsel share technical information, that communication is privileged as long as it was made for the purpose of securing legal advice or legal services, or conveying legal advice." *Idenix Pharms. v. Gilead Scis., Inc.*, 195 F. Supp. 3d 639, 643 (D. Del. 2016) (quoting *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 480 (E.D. Pa. 2005)).

*Bergstrom* is also instructive. The court there denied a motion to compel responses to requests for admission as to whether particular alleged prior art was disclosed to prosecution counsel for purposes of trying to establish inequitable conduct. *Bergstrom*, 2010 WL 257253, at *3. Relying on *In re Spalding*, the court found that answering those requests would require counsel to disclose the substance of protected attorney-client communications. *Id.* at *4.

As the court in *Bergstrom* makes clear, the communication of prior art to prosecution counsel by an inventor or patent applicant is made for the purpose of obtaining legal advice, and is thus protected by the attorney-client privilege. *Bergstrom*, 2010 WL 257253, at *3. As such, even "[y]es or no questions can implicate the attorney-client privilege." *See Mattel, Inc. v. MGA Entm't, Inc.*, No. CV 04-9049 DOC RNBX, 2010 WL 3705907, at *5 (C.D. Cal. Sept. 20, 2010) (citing *Bergstrom* in holding that RFAs seeking admissions about whether certain documents were privileged were objectionable). In *Mattel*, the court rejected the defendants' arguments that such RFAs sought "the same as what a privilege log reveals," similar to the argument Defendants make here. *See Mattel*, 2010 WL 3705907, at *5. As with the "yes" or "no" questions asked in these cases, by asking Par to identify what art and technical information Par ***provided to*** prosecution counsel, Defendants are attempting to compel Par to reveal the content and substance of those communications. This is inappropriate.

Par also maintains its additional objection that responding to these Interrogatories would be unduly burdensome. Par has performed a reasonable search for relevant, discoverable information in accordance with the ESI agreement entered into by the parties. In accordance with that agreement, Par identified, and Defendants consented to, the custodians whose documents would be collected and searched utilizing agreed-upon search terms. The Interrogatories ask for information sent by anyone at Par to prosecution counsel and is not limited to information sent by the custodians from whom Par gathered and produced documents. It would be unduly burdensome to require Par to gather, collect, and review communications from additional custodians outside the scope of the reasonable universe already agreed upon by the parties in order to respond to the Interrogatories. To the extent Par is required to further supplement its response to the Interrogatories in any way, it respectfully requests that it not be required to look for communications outside the scope of documents in the agreed-upon universe for discovery in this matter. The Interrogatories constitute a burdensome intrusion into the attorney-client privilege, and for the above reasons, the Court should deny Amphastar's request.

3

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-Mail)