# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC and ENDO PAR INNOVATION COMPANY, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, et al.,<br><br>*Defendants*. | C.A. No. 18-2032-CFC (consolidated) |

**PLAINTIFFS' OCTOBER 16, 2020 LETTER
TO THE HONORABLE CHRISTOPHER J. BURKE
REGARDING DISCOVERY DISPUTE**

Dated: October 16, 2020

Of Counsel:

Martin J. Black
Sharon K. Gagliardi
Brian M. Goldberg
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000

Robert D. Rhoad
DECHERT LLP
100 Overlook Center
2nd Floor
Princeton, NJ 08540-7814
Tel: (609) 955-3200

Johnathan D.J. Loeb, Ph.D.
DECHERT LLP
2400 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone : (302) 777-0300
Fax : (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, LLC*

Tel: (650) 813-4995

Blake B. Greene
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
Tel: (512) 394-3000

Dear Judge Burke:

Plaintiffs ("Par") ask the Court to strike certain opinions relating to alleged indefiniteness of the "% sequence homology" limitation in the invalidity report of defense expert, Dr. Gerhard Winter ("Winter Report") pertaining to the '209 and '785 patents. The opinions at issue are highlighted in Exhibit A.

**Background:** This consolidated action involved four defendant groups ("Consolidated Defendants"), of which the Amneal defendants ("Amneal") are the only remaining defendants. The Consolidated Defendants served more than 500 pages of final invalidity contentions, with 16 pages directed to the alleged invalidity of the '209 and '785 patents under § 112. *See* Ex. B.

As is common, the parties agreed to narrow the claims and defenses to be asserted at trial, with Par narrowing the asserted claims to 16 and the Consolidated Defendants narrowing their invalidity defenses to, among other things, no more than six § 112 invalidity defenses. *See* Ex. C. Although the Consolidated Defendants elected to pursue indefiniteness against the '526 claims, they did not do so with respect to the '209 and '785 claims, identifying only the following § 112 defenses (Ex. D):

1. The asserted claims of the '209 and '785 patents are invalid for lack of written description because specification does not convey possession of full scope of impurity properties.
2. The asserted claims of the '209 and '785 patents are invalid for lack of enablement because it would require undue experimentation to practice the full scope of the claims.

The parties completed fact discovery and served opening expert reports. Despite its decision to abandon any indefiniteness defense for the '209 and '785 patents, Amneal submitted a report from Dr. Winter in which he expressed the opinion that the asserted '209 and '785 claims are indefinite. *See* Ex. A, Section XII.E (entitled "[t]he asserted claims of the '209 and '785 patents are invalid as indefinite.") Other sections nominally titled "written description" (Section XII.C) or "enablement" (Section XII.D) parrot the abandoned indefiniteness argument, i.e., that the phrase "% sequence homology" cannot be understood and therefore the claims fall under § 112. Par requested that Amneal withdraw these untimely § 112 opinions, but the parties' efforts to resolve the matter failed. *See* Exs. E & F. Rebuttal reports are due on October 30.

**Argument:** The Court should strike Dr. Winter's indefiniteness opinions for the following reasons.

First, the Consolidated Defendants, including Amneal, made a strategic decision to drop their indefiniteness defenses against the '209 and '785 patents when they identified their narrowed list of defenses in accordance with the parties' agreement. Section XII.E of the Winter Report asserts that the asserted claims of the '209 and '785 patents are indefinite under § 112 in view of the "% sequence homology" claim term. That section violates the parties' agreement and should be stricken. That Amneal changed its mind about the § 112 defenses it wishes to assert is not a basis for it to derogate from the elections it made. *See, e.g., St. Clair Intell. Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, C.A. No. 04-1436-LPS, 2012 WL 1015993, at *6 (D. Del. Mar. 26, 2012), *aff'd*, 522 F. App'x 915 (Fed. Cir. 2013) ("A strategic mistake does not

equate to a showing of good cause under Rule 16.") (citing *Berger v. Rossignol Ski Co.*, 2006 WL 1095914, at *5 (N.D. Cal. Apr.25, 2006) (denying motion for leave to amend due to lack of good cause where "delay suggests that the omission of [certain patent infringement] contentions . . . were not 'errors,' but were instead a deliberate strategic course which plaintiffs now wish to change"). Accordingly, the Court should strike paragraphs 507-508 of the Winter Report.

Second, Amneal should not be permitted to bring in through the back door matters it agreed not to bring in through the front door. In an effort to undermine its election of defenses, Amneal had Dr. Winter express his indefiniteness opinions in Sections XII.C and XII.D of his report. Though nominally labelled as directed to written description and enablement, his opinions as to alleged invalidity on those grounds rest on the assertion that the term "% sequence homology" is indefinite. With respect to written description, Dr. Winter opines that a POSA would not know from the specification what that term means, and therefore would not understand the inventors to be in possession of the sequence homology limitation of the claimed inventions. Ex. A ¶ 502. With respect to enablement, he opined that "[f]or the same reasons as described above in section XII.C., a POSA would not know the meaning of the 'percent sequence homology' claim term . . . ." *Id.* ¶ 506. Indeed, the actual indefiniteness section of Dr. Winter's report (Section XII.E) largely just points back to his earlier opinions from the written description section about the alleged lack of clarity as to the term "percent sequence homology." *See id.* ¶ 508. Because most of the written description and enablement opinions are merely a restatement of the indefiniteness defense that Amneal dropped, the Court should strike the indefiniteness opinions expressed in Sections XII.C and XII.D of the Winter Report as well (highlighted in yellow in Ex. A).

Amneal argues that there is no harm here because arguments relating to written description, enablement, and indefiniteness relate to the same substantive issue. However, written description, enablement, and indefiniteness are separate § 112 defenses, with separate requirements and separate substantive standards. *See, e.g.*, 35 U.S.C. §§ 112(a)-(b); *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1344 (Fed. Cir. 2010); *Crown Oper. Int'l v. Solutia Inc.*, 289 F.3d 1367, 1378 n.5 (Fed. Cir. 2002). The written description and enablement inquiries are directed to ensuring that the patentee actually invented what was claimed and has adequately taught others how to practice the invention without undue experimentation. *See, e.g.*, 35 U.S.C. § 112(a); *Novozymes A/S v. Dupont Nutrition Biosci. APS*, 723 F.3d 1336, 1344 (Fed. Cir. 2013); *Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1288 (Fed. Cir. 2012). Indefiniteness is different from both. *See Crown Oper.*, 289 F.3d at 1378 n.5 ("[D]efiniteness and enablement are analytically distinct requirements."). The indefiniteness inquiry asks whether the claims inform those skilled in the art about the scope of the invention "with reasonable certainty." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2129 (2014). Indefiniteness is "inextricably intertwined with claim construction." *Cox Comm'cns, Inc. v. Sprint Comm'cn Co. LP*, 838 F.3d 1224, 1232 (Fed. Cir. 2016).

The Consolidated Defendants elected to drop their indefiniteness defenses against the '209 and '785 claims, thereby conceding that the "% sequence homology" claim term could and should be afforded its plain and ordinary meaning. They should not be permitted to contradict that narrowing of the issues during trial. Amneal should be barred from eliciting testimony that the term is indefinite, and thus, the Court should strike the opinions highlighted in Ex. A.

To be clear, Par does not object to the admission of the remainder of Dr. Winter's § 112

opinions. The first sentence of paragraph 499 and the bulk of paragraph 504 of the written description section would remain standing. What Par objects to is Amneal arguing or eliciting testimony that the "% sequence homology" limitation cannot be understood by a POSA.

Third, the opinions at issue should be stricken because they go beyond what was disclosed in Defendants' invalidity contentions. *See St. Clair,* 2012 WL 1015993, at *6-9 (striking expert reports where, among other things, contentions failed to disclose new theories even though all relevant materials were available at the time the contentions were due). The first time Defendants explained what they contend is unclear with the "% sequence homology" claim term and the sources supporting that position was in Dr. Winter's report. The entirety of their invalidity contentions relating to the alleged indefiniteness of that term was that "[t]he specification does not teach or disclose how to determine the sequence homology of the individual impurities, and different methods for determining sequence homology may provide different results." Ex. B at 312, 342. There is no detail regarding the alleged "different methods" or any explanation why these methods would fail to "inform those skilled in the art about the scope of the invention with reasonable certainty." There is no allegation that "sequence homology" "is not a percent value, but rather a kind of true or false statement," or any contention that "percent sequence homology" really refers to sequence identity or sequence similarity. *Compare* Ex. B at 312, 342 *with* Ex. A ¶¶ 501, 502. Defendants' written description and non-enablement contentions on this point are even more meager. *See* Ex. B. at 310 ("The specification does not teach or disclose how to determine the sequence homology of the individual impurities."). These boilerplate contentions did not disclose or provide adequate notice of the § 112 opinions expressed in the Winter Report.

Here, application of the traditional *Pennypack* factors weigh heavily in favor of exclusion. *See Meyers v. Pennypack Woods Home Ownership Assoc*., 559 F.2d 894, 904-05 (3d Cir. 1977). Unless the Court grants the requested relief, Par will be prejudiced. The belated disclosure of Amneal's indefiniteness theory deprived Par of relevant fact discovery, such as propounding requests for documents discussing the "sequence identity" and "sequence similarity" terms raised for the first time in Dr. Winter's report and questioning Amneal's witnesses about facts underlying his assertions about them, as well as Dr. Winter's assertions that "sequence homology" is not a percent value but a true/false proposition and that "percent sequence homology" is a misnomer and "really refers" to either sequence identity or sequence similarity. Ex. A, ¶¶ 501-502. Although Amneal said non-committedly last week that it is "willing to consider" providing Par additional information on this issue (Ex. F), "any additional discovery that would be required" to give Par a fair opportunity to respond "would necessarily require extensions of the deadlines set by the Court in its Scheduling Orders"; "the additional time and expense that would follow are consequences which could have been avoided." *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, No. 05-cv-132-JJF, 2007 WL 521894, at *5 (D. Del. Feb. 15, 2007). With rebuttal expert reports due on October 30 (before the hearing date for this motion), Par has no time to conduct additional fact discovery. And with expert discovery closing November 24, the pretrial order due in December, and trial starting on January 11, there is no room in the schedule for additional discovery and the cascading effect it would have on expert discovery. The prejudice to Par from Amneal's attempt to undo the elections it made in narrowing the issues to be tried and to interject new opinions not disclosed in its invalidity contentions cannot be remedied at this point.

                                  Respectfully submitted,

                                  /s/ Michael J. Farnan

                                  Michael J. Farnan

cc: Counsel of Record (Via E-Mail)