# EXHIBIT A

**REDACTED**

# EXHIBIT B

**REDACTED**

# EXHIBIT C

**REDACTED**

# EXHIBIT D

**Gagliardi, Sharon**

| | |
|---|---|
| **From:** | Zhu, Shaobo <SZhu@goodwinlaw.com> |
| **Sent:** | Friday, July 31, 2020 5:56 PM |
| **To:** | EXT Brian Farnan; Greene, Blake; Goldberg, Brian; caras@rlf.com; Roberts, Daniel; Farnan@rlf.com; Gribbin, Joe; Loeb, Jonathan; Black, Martin; ALL NA Endo Vasopressin; Rhoad, Robert; Gagliardi, Sharon; EXT Michael Farnan |
| **Cc:** | agaza@ycst.com; Bill.Zimerman@knobbe.com; DG-Vasopressin-FK-Amneal; jcp@pgmhlaw.com; Jonathan.Bachand@knobbe.com; karen.cassidy@knobbe.com; mch@pgmhlaw.com; rvrana@ycst.com; william.adams@knobbe.com; Lit AMPHAL.001L |
| **Subject:** | Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated) |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

[EXTERNAL EMAIL]

Counsel:

Pursuant to the parties' July 16, 2020 agreement, Defendants identify the following lead obviousness references and defenses under 35 U.S.C. section 112.  Defendants reserve the right to amend this list, including to account for forthcoming fact and expert discovery.

Lead obviousness references

1. Pitressin
2. Original Vasostrict
3. LT '487
4. American Regent (Luitpold) Vasopressin product
5. Reformulated Vasostrict
6. Gahart 2013
7. Russell 2008
8. Martin
9. CDC Injection Safety FAQ
10. FDA Multi-dose guidance
11. Bi 2000
12. Bi 1999

Defenses under 35 USC section 112

1. Claim 13 of the '526 patent is invalid for lack of written description.
2. Claim 13 of the '526 patent is invalid as indefinite.
3. The asserted claims of the '209 and '785 patents are invalid for lack of written description because specification does not convey possession of full scope of impurity properties.
4. The asserted claims of the '209 and '785 patents are invalid for lack of enablement because it would require undue experimentation to practice the full scope of the claims.
5. The asserted claim of the '478 patent is invalid for lack of written description.
6. The asserted claims of the '223 patent are invalid for lack of enablement.

Regards,
Shaobo

**Shaobo Zhu**



Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
o  +1 617 570 1165
f  +1 617 523 1231
SZhu@goodwinlaw.com | goodwinlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT E

## Greene, Blake

| | |
|---|---|
| **From:** | Greene, Blake |
| **Sent:** | Tuesday, September 29, 2020 4:11 PM |
| **To:** | agaza@ycst.com; rvrana@ycst.com; Wu, Huiya; lcipriano@goodwinlaw.com; jbova@goodwinlaw.com; Tmahmood@goodwinlaw.com; DG-Amneal-Vasopressin@goodwinlaw.com; rcuriel@goodwinlaw.com |
| **Cc:** | ALL NA Endo Vasopressin; EXT Michael Farnan; EXT Brian Farnan |
| **Subject:** | RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated) |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel,

During yesterday's meet and confer, you asked us if Par would agree to the withdrawal of Dr. Winter's written description or enablement defense against the '209 and '785 patents instead of the withdrawal of his indefiniteness defense against those patents.  Par does not so agree for the reasons we expressed in the correspondence below and during the meet and confer.

We understand that you are reconsidering the withdrawal of Dr. Winter's indefiniteness defense with your client.  Please confirm that Dr. Winter will withdraw Section XII.E from his opening expert report and that neither Dr. Winter nor Defendants will assert at trial that the asserted claims of the '209 and '785 patents are invalid as indefinite.

As to your question about starting to schedule expert witness depositions now, we are amenable to working with you to begin scheduling expert deposition dates.  With that in mind, we will reach out to our experts and provide you with proposed dates when they can be deposed, and assume you will do the same.  We do not believe it is necessary or appropriate, however, to disclose additional experts who may or may not serve rebuttal reports on October 30.  Depositions for any such experts can be scheduled if and when they serve their reports.

Regards,
Blake

**From:** Greene, Blake
**Sent:** Thursday, September 24, 2020 10:29 AM
**To:** Zhu, Shaobo <SZhu@goodwinlaw.com>; rvrana@ycst.com; Wu, Huiya <HWu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Genovese Bova, Jacqueline <Jbova@goodwinlaw.com>; Mahmood, Tiffany <TMahmood@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; Farnan@rlf.com; EXT Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

Counsel,

Your position is untenable.  Regardless of Defendants' new interpretation of the parties' agreement, which we dispute, Defendants' narrowed list of Section 112 defenses clearly omitted any indefiniteness defense against the '785 and '209 claims.  That should be the end of the dispute.  Defendants cannot change the parties' agreement simply because they wish to assert another defense.

Please confirm your availability to meet and confer today at 230p Eastern.  If that time does not work, please propose other times today or tomorrow.

Regards,
Blake

**From:** Zhu, Shaobo [mailto:SZhu@goodwinlaw.com]
**Sent:** Wednesday, September 23, 2020 4:49 PM
**To:** Greene, Blake <Blake.Greene@dechert.com>; rvrana@ycst.com; Wu, Huiya <HWu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Genovese Bova, Jacqueline <Jbova@goodwinlaw.com>; Mahmood, Tiffany <TMahmood@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; Farnan@rlf.com; EXT Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

[EXTERNAL EMAIL]

Blake,

Dr. Winter and Defendants will not withdraw section XII.E from his report.  Under the Parties' July 16 agreement, each "substantive position" under 35 U.S.C. section 112 counts as a single defense.  Dr. Winter's opinions in sections XII.C-E of his report are all part of the same substantive position regarding the patent claims' use of the term "about 85% to about 100% sequence homology to SEQ ID NO.:1."  Therefore, the position raised in section XII.E is within the Defendants' narrowed list of section 112 defenses, and the inclusion of section XII.E in Dr. Winter's report does not prejudice Par in any way given that this position was set forth in Defendants' Invalidity Contentions.  Accordingly, Defendants reserve their right to assert at trial that the asserted claims of the '209 and '785 patents are invalid as indefinite.

To the extent Par wishes to meet and confer regarding this issue, Defendants are available.

Regards,
Shaobo

**From:** Zhu, Shaobo <SZhu@goodwinlaw.com>
**Sent:** Friday, September 18, 2020 2:16 PM
**To:** Greene, Blake <Blake.Greene@dechert.com>; rvrana@ycst.com; Wu, Huiya <HWu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Genovese Bova, Jacqueline <Jbova@goodwinlaw.com>; Mahmood, Tiffany <TMahmood@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; Farnan@rlf.com; EXT Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

Blake,

We are considering and conferring with our clients regarding your request, and we will follow up early next week.

Regards,
Shaobo

**From:** Greene, Blake <Blake.Greene@dechert.com>
**Sent:** Friday, September 18, 2020 6:58 AM
**To:** rvrana@ycst.com; Wu, Huiya <HWu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Genovese Bova, Jacqueline <Jbova@goodwinlaw.com>; Mahmood, Tiffany <TMahmood@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; Farnan@rlf.com; EXT Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

Counsel,

By close of business today, please confirm that Dr. Winter will withdraw Section XII.E from his opening expert report and that neither Dr. Winter nor Defendants will assert at trial that the asserted claims of the '209 and '785 patents are invalid as indefinite, or provide your availability to meet and confer on Monday.

Regards,
Blake

---

**From:** Greene, Blake
**Sent:** Monday, September 14, 2020 2:09 PM
**To:** rvrana@ycst.com; hwu@goodwinlaw.com; lcipriano@goodwinlaw.com; jbova@goodwinlaw.com; Tmahmood@goodwinlaw.com; DG-Amneal-Vasopressin@goodwinlaw.com
**Cc:** ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; Farnan@rlf.com; EXT Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

Counsel,

Pursuant to the parties' July 16 agreement, Defendants narrowed their Section 112 defenses to those identified in Mr. Zhu's July 31 email below.  In Dr. Winter's opening expert report, however, he raises a Section 112 ground not within Defendants' narrowed list—specifically, his contention that the asserted claims of the '209 and '785 patents are invalid as indefinite.  *See* Winter Report at Section XII.E.  Please confirm that Dr. Winter will withdraw Section XII.E from his report and that neither Dr. Winter nor Defendants will assert at trial that the asserted claims of the '209 and '785 patents are invalid as indefinite.

Please note that we are still reviewing Defendants' opening expert reports and reserve all rights to raise additional issues therein and to seek appropriate relief from the Court.

Regards,
Blake

---

**From:** Zhu, Shaobo [mailto:SZhu@goodwinlaw.com]
**Sent:** Friday, July 31, 2020 4:56 PM
**To:** EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; caras@rlf.com; Roberts, Daniel <Daniel.Roberts@dechert.com>; Farnan@rlf.com; Gribbin, Joe <Joe.Gribbin@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Black, Martin <martin.black@dechert.com>; ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Gagliardi, Sharon <sharon.gagliardi@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>
**Cc:** agaza@ycst.com; Bill.Zimerman@knobbe.com; DG-Vasopressin-FK-Amneal <DG-Vasopressin-FK-Amneal@goodwinlaw.com>; jcp@pgmhlaw.com; Jonathan.Bachand@knobbe.com; karen.cassidy@knobbe.com; mch@pgmhlaw.com; rvrana@ycst.com; william.adams@knobbe.com; Lit AMPHAL.001L <LitAMPHAL.001L@knobbe.com>
**Subject:** Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

[EXTERNAL EMAIL]

Counsel:

Pursuant to the parties' July 16, 2020 agreement, Defendants identify the following lead obviousness references and defenses under 35 U.S.C. section 112.  Defendants reserve the right to amend this list, including to account for forthcoming fact and expert discovery.

Lead obviousness references

1. Pitressin
2. Original Vasostrict
3. LT '487
4. American Regent (Luitpold) Vasopressin product
5. Reformulated Vasostrict
6. Gahart 2013
7. Russell 2008
8. Martin
9. CDC Injection Safety FAQ
10. FDA Multi-dose guidance
11. Bi 2000
12. Bi 1999

Defenses under 35 USC section 112

1. Claim 13 of the '526 patent is invalid for lack of written description.
2. Claim 13 of the '526 patent is invalid as indefinite.
3. The asserted claims of the '209 and '785 patents are invalid for lack of written description because specification does not convey possession of full scope of impurity properties.
4. The asserted claims of the '209 and '785 patents are invalid for lack of enablement because it would require undue experimentation to practice the full scope of the claims.
5. The asserted claim of the '478 patent is invalid for lack of written description.
6. The asserted claims of the '223 patent are invalid for lack of enablement.

Regards,
Shaobo

**Shaobo Zhu**



Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
o  +1 617 570 1165
f  +1 617 523 1231
SZhu@goodwinlaw.com | goodwinlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

# EXHIBIT F

**Greene, Blake**

| | |
|---|---|
| **From:** | Greene, Blake |
| **Sent:** | Thursday, October 08, 2020 1:40 PM |
| **To:** | Zhu, Shaobo; ALL NA Endo Vasopressin; EXT Michael Farnan; EXT Brian Farnan; Goldberg, Brian; Roberts, Daniel; Gribbin, Joe; Loeb, Jonathan; Black, Martin; Rhoad, Robert; Gagliardi, Sharon |
| **Cc:** | agaza@ycst.com; rvrana@ycst.com; Wu, Huiya; Cipriano, Linnea P; Genovese Bova, Jacqueline; Mahmood, Tiffany; DG-Amneal-Vasopressin; Curiel, Ryan C. |
| **Subject:** | RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated) |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Shaobo,

We disagree with your characterizations of the meet and confer.  As we explained during the call, Dr. Winter's indefiniteness theory is inappropriate because it was not included within Defendants' list of narrowed Section 112 defenses.  We also stated that because his written description and enablement theories are nothing more than rebranded versions of his indefiniteness defense, they are likewise inappropriate.

Additionally, we explained during the meet and confer that all three Section 112 defenses are inappropriate because they were not adequately disclosed during fact discovery.  Indeed, to date, Amneal has still not explained how the conclusory statements in Defendants' invalidity contentions put Par on notice of the theories that Dr. Winter now raises.  Par was not obligated to seek discovery regarding each and every conclusory statement in Defendants' invalidity contentions, and you identify no case law suggesting otherwise.

Furthermore, Amneal's "willing[ness] to consider providing Par with additional information regarding its Section 112 positions" is not an offer at all, and therefore Par could not have declined it.  As I made clear during the call, Par is willing to work with Amneal to try to resolve this dispute before any discovery hearing.  However, given the upcoming October 30 deadline for rebuttal expert reports, Par was left with no choice other than to seek the assistance of the Court.

Regards,
Blake

---

**From:** Zhu, Shaobo [mailto:SZhu@goodwinlaw.com]
**Sent:** Wednesday, October 07, 2020 4:03 PM
**To:** Greene, Blake <Blake.Greene@dechert.com>; ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Gribbin, Joe <Joe.Gribbin@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Black, Martin <martin.black@dechert.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Cc:** agaza@ycst.com; rvrana@ycst.com; Wu, Huiya <HWu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Genovese Bova, Jacqueline <Jbova@goodwinlaw.com>; Mahmood, Tiffany <TMahmood@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>; Curiel, Ryan C. <RCuriel@goodwinlaw.com>
**Subject:** RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

[EXTERNAL EMAIL]

Blake,

I write to follow up on our meet and confer yesterday.  We understand that Par seeks to strike the Section 112 defenses in Dr. Winter's report relating to the '209 and '785 patents because, according to Par, they are all based on indefiniteness, which Par purports was inadequately disclosed.  Amneal disagrees because, as stated during the meet and confer and in our previous correspondence, Par was provided ample notice of these Section 112 arguments.  Par could have sought fact discovery regarding these contentions, but chose not to.  As we indicated during the conference, Amneal is willing to consider providing Par with additional information regarding its Section 112 positions for the '209 and '785 patents that would cure any alleged prejudice to Par in an effort to resolve this dispute; our understanding is that Par declined this offer.


Regards,
Shaobo

---

**From:** Greene, Blake <Blake.Greene@dechert.com>
**Sent:** Tuesday, October 6, 2020 10:50 AM
**To:** Zhu, Shaobo <SZhu@goodwinlaw.com>; ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Gribbin, Joe <Joe.Gribbin@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Black, Martin <martin.black@dechert.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Cc:** agaza@ycst.com; rvrana@ycst.com; Wu, Huiya <HWu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Genovese Bova, Jacqueline <Jbova@goodwinlaw.com>; Mahmood, Tiffany <TMahmood@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>; Curiel, Ryan C. <RCuriel@goodwinlaw.com>
**Subject:** RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)


Shaobo,

We disagree that the general statement that you cite from Defendants' invalidity contentions provided Par with adequate notice of Dr. Winter's Section 112 theories.  Indeed, Defendants nowhere explained the basis for its contention that "different methods for determining sequence homology may provide different results."  And, contrary to your assertion otherwise, Par is prejudiced by Dr. Winter's new theories for at least the reason that it was deprived of appropriate discovery on the underlying factual issues.

Please use the following dial-in for the meet and confer at noon Eastern today:

844-233-5641
Passcode: 991 624 7358 #

Regards,
Blake

---

**From:** Zhu, Shaobo [mailto:SZhu@goodwinlaw.com]
**Sent:** Tuesday, October 06, 2020 8:53 AM
**To:** Greene, Blake <Blake.Greene@dechert.com>; ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Gribbin, Joe <Joe.Gribbin@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Black, Martin <martin.black@dechert.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Cc:** agaza@ycst.com; rvrana@ycst.com; Wu, Huiya <HWu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Genovese Bova, Jacqueline <Jbova@goodwinlaw.com>; Mahmood, Tiffany <TMahmood@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>; Curiel, Ryan

C. <<RCuriel@goodwinlaw.com>>

**Subject:** RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

[EXTERNAL EMAIL]

Blake,

We disagree with your assertion that Defendants failed to provide adequate notice of Dr. Winter's Section 112 opinions regarding the '785 and '209 patents.  Par was on notice of the Section 112 arguments at least as early as December 13, 2019, when Par was served with Fresenius's Supplemental Initial Invalidity Contentions, which included contentions that claims 1-11 of the '785 patent are indefinite because "[t]he specification does not teach or disclose how to determine the sequence homology of the individual impurities, and different methods for determining sequence homology may provide different results."  Fresenius's Supplemental Initial Invalidity Contentions served December 13, 2019 at 202; *see also id.* at 200-201 (asserting non-enablement for the same reasons).  These Section 112 positions are also set forth in Defendants' Final Invalidity Contentions, which were served before the close of fact discovery.  *See* Defendants' Final Invalidity Contentions served July 21, 2020 at 310, 312-313, 339-340, 342-343.  Therefore, Par has had ample notice of these Section 112 arguments, which have now been provided to Par at least three times, most recently by Dr. Winter.

Moreover, Par is not prejudiced by Dr. Winter's Section 112 opinions.  Par's experts are free to respond to Dr. Winter's opinions in the rebuttal round of expert reports, and Par will be able to cross-examine Dr. Winter on his opinions during his deposition.  Additionally, as Par now recognizes, the same facts and scientific principles form the basis for each of Dr. Winter's Section 112 opinions relating to the '785 and '209 patents.

For the reasons above, Defendants will not withdraw Dr. Winter's Section 112 opinions.  Defendants are available to meet and confer today at noon ET.

Regards,
Shaobo

---

**From:** Greene, Blake <<Blake.Greene@dechert.com>>
**Sent:** Monday, October 5, 2020 4:31 PM
**To:** Zhu, Shaobo <<SZhu@goodwinlaw.com>>; ALL NA Endo Vasopressin <<NAEndoVasopressin@dechert.com>>; EXT Michael Farnan <<mfarnan@farnanlaw.com>>; EXT Brian Farnan <<bfarnan@farnanlaw.com>>; Goldberg, Brian <<Brian.Goldberg@dechert.com>>; Roberts, Daniel <<Daniel.Roberts@dechert.com>>; Gribbin, Joe <<Joe.Gribbin@dechert.com>>; Loeb, Jonathan <<jonathan.loeb@dechert.com>>; Black, Martin <<martin.black@dechert.com>>; Rhoad, Robert <<robert.rhoad@dechert.com>>; Gagliardi, Sharon <<sharon.gagliardi@dechert.com>>
**Cc:** agaza@ycst.com; rvrana@ycst.com; Wu, Huiya <<HWu@goodwinlaw.com>>; Cipriano, Linnea P <<LCipriano@goodwinlaw.com>>; Genovese Bova, Jacqueline <<Jbova@goodwinlaw.com>>; Mahmood, Tiffany <<TMahmood@goodwinlaw.com>>; DG-Amneal-Vasopressin <<DG-Amneal-Vasopressin@goodwinlaw.com>>; Curiel, Ryan C. <<RCuriel@goodwinlaw.com>>
**Subject:** RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

Counsel,

Fresenius's dismissal from the case does not mean that Amneal may now assert a Section 112 defense that was omitted from Defendants' original narrowed list.  In view of your continued refusal to withdraw Dr. Winter's indefiniteness opinions, the parties are now at an impasse with respect to Defendants' indefiniteness defense.  As you know, Dr. Winter's written description and enablement contentions are premised entirely on his indefiniteness theory.  As we explained during the meet and confer, Defendants failed to provide adequate notice of Dr. Winter's Section 112 theories during fact discovery.  Thus, we believe that the entirety of Dr. Winter's Section 112 opinions are improper.

Par therefore intends to seek the assistance of the Court to strike Dr. Winter's Section 112 opinions.  We do not believe that any further meet and confer is necessary.  If you disagree and would like to meet and confer, please propose times tomorrow between 10a and 1p Eastern.

Regards,
Blake

---

**From:** Zhu, Shaobo [mailto:SZhu@goodwinlaw.com]
**Sent:** Monday, October 05, 2020 11:22 AM
**To:** Greene, Blake <Blake.Greene@dechert.com>; ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Gribbin, Joe <Joe.Gribbin@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Black, Martin <martin.black@dechert.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Cc:** agaza@ycst.com; rvrana@ycst.com; Wu, Huiya <HWu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Genovese Bova, Jacqueline <Jbova@goodwinlaw.com>; Mahmood, Tiffany <TMahmood@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>; Curiel, Ryan C. <RCuriel@goodwinlaw.com>
**Subject:** Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

[EXTERNAL EMAIL]

Counsel,

In view of Fresenius's recent dismissal from the case, Amneal amends its list of lead obviousness references and defenses under 35 U.S.C. section 112 as follows in an effort to narrow the case:

Lead obviousness references

1.  Pitressin
2.  Original Vasostrict
3.  LT '487
4.  American Regent (Luitpold) Vasopressin product
5.  Gahart 2013
6.  Russell 2008
7.  Bi 1999
8.  Bi 2000

Defenses under 35 USC section 112

1.  The asserted claims of the '209 and '785 patents are invalid for lack of written description because specification does not convey possession of full scope of impurity properties.
2.  The asserted claims of the '209 and '785 patents are invalid for lack of enablement because it would require undue experimentation to practice the full scope of the claims.
3.  The asserted claims of the '209 and '785 patents are invalid as indefinite.

Regards,
Shaobo

Shaobo Zhu

 **GOODWIN**

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
o  +1 617 570 1165
f   +1 617 523 1231
SZhu@goodwinlaw.com | goodwinlaw.com

*****************************************************************

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*****************************************************************

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.