IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, et al., <br><br> Defendants. | C.A. No. 18-2032-CFC-CJB (Consolidated) <br><br> **REDACTED - PUBLIC VERSION** |

**DEFENDANTS' LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM ANNE SHEA GAZA REGARDING DISCOVERY DISPUTE**

Dated:  October 23, 2020
Redacted: October 30, 2020

OF COUNSEL:

Huiya Wu
Linnea Cipriano
Tiffany Mahmood
Jacqueline Genovese Bova
Grace Peace Truong
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
212.813.8800
hwu@goodwinlaw.com
lcipriano@goodwinlaw.com
tmahmood@goodwinlaw.com
jbova@goodwinlaw.com
gtruong@goodwinlaw.com

John T. Bennett
Shaobo Zhu
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Defendants*

617.570.8712
jbennett@goodwinlaw.com
szhu@goodwinlaw.com

The Honorable Christopher J. Burke                                              Page 1
October 23, 2020

Dear Judge Burke:

The Amneal Defendants oppose Par's motion to strike Dr. Winter's section 112 opinions regarding the indefiniteness of the "% sequence homology" terms in the patents-in-suit. Dr. Winter's opinions are timely because Par was given sufficient notice of the defendants' section 112 defenses as early as December 13, 2019. Even if these opinions are deemed untimely, the *Pennypack* factors favor denial of Par's motion to strike.

## I.    Background

Over the course of fact discovery, the Defendants in this consolidated patent infringement action (Amneal, Amphastar, American Regent, and Fresenius) have served multiple sets of invalidity contentions. The most pertinent set for this dispute are Fresenius's December 13, 2019 Initial Invalidity Contentions, which contended that the asserted claims in each of U.S. Patent Nos. 9,750,785 ("the '785 patent) and 9,744,209 ("the '209 patent") are:

- indefinite because "[t]he specification does not teach or disclose how to determine the sequence homology of the individual impurities, and different methods for determining sequence homology may provide different results." Ex. 1 at 202.

- not enabled because "[t]he specification does not teach or disclose how to determine the sequence homology of the individual impurities." Ex. 1 at 200-201, 216.

On July 21, 2020, consolidated Defendants served their Final Invalidity Contentions, which reiterated these contentions—that claims of the '785 and '209 patents are indefinite and not enabled—and further contended that the patents lack written description because their specifications do not teach or disclose how to determine sequence homology. D.I. 223, Ex. B at 310, 312-313, 339-340, 342-343.

As Par acknowledges in its letter, on July 31, 2020, the consolidated Defendants narrowed the number of their section 112 defenses to six, and included the defenses that the asserted claims of the '785 and '209 patents were invalid for lack of written description and as not enabled. Contrary to Par's assertions, however, Defendants did not abandon any defenses. Instead, Defendants specifically reserved the right to amend the list of defenses, including to account for forthcoming fact and expert discovery. D.I. 223, Ex. D. Fact discovery closed on August 3.

On September 11, 2020, Defendants served the Opening Expert Report of Gerhard Winter, Ph.D, which included opinions that the asserted claims of the '785 patent and '209 patent are invalid as not enabled, lacking written description, and indefinite because a person of skill in the art ("POSA") would not know how to determine the sequence homology of a vasopressin impurity. Fresenius was dismissed from the consolidated action on October 1, and Amneal promptly amended its list of section 112 defenses—well in advance of the deadline for rebuttal expert reports—to further narrow the number of defenses to three, and conform them with Dr. Winter's expert report. D.I. 223, Ex. F. Rebuttal reports are due on October 30, 2020.

The Honorable Christopher J. Burke                                        Page 2
October 23, 2020

## II.      Argument
### A.      Dr. Winter's Section 112 Opinions Are Timely and Proper

Defendants (i) served invalidity contentions containing section 112 defenses and (ii) identified lack-of-enablement and no-written-description defenses in their July 31 narrowing disclosure in advance of Dr. Winter offering his section 112 opinions on September 11.  Par was therefore on notice since at least December 13, 2019, when Fresenius serve its Initial Invalidity Contentions, that the defendants contend the claims of the '785 and '209 patents are invalid under 35 U.S.C. § 112 because there are different methods for determining sequence homology, each of which may provide different results.  Dr. Winter's opinions in paragraphs 499-508 of his Opening Expert Report are directed exactly to these issues, and his opinions appropriately provide additional factual support and detail for Defendants' previously disclosed contentions.  *See Acceleration Bay LLC. v. Activision Blizzard, Inc.*, No. CV 16-453 (RGA), 2017 WL 11517421, at *2 (D. Del. Nov. 7, 2017); *id.* at *3 ("It is reasonable for expert reports to expand on, or amplify infringement contentions in reaching the expert's conclusions.").  Therefore, Dr. Winter's opinions do not "go beyond what was disclosed in Defendants' invalidity contentions" as Par now argues, but are timely and in line with Defendants' prior disclosures.

Moreover, Par's "back door" argument is confusing.  As discussed above, the lack-of-enablement and no-written-description defenses were explicitly identified in contentions and in the Defendants' July 31 narrowing email.  Although the section 112 issues of indefiniteness, enablement, and written description each require different legal analyses, in this case, they are closely intertwined and arise from the same set of facts.  As set forth in Defendants' invalidity contentions, the underlying problem is that the patent specifications do not teach a POSA how to determine the sequence homology of the claimed impurities.  As Par seems to recognize in its letter, and as made clear by paragraphs 499-508 of Dr. Winter's Opening Expert Report, this problem permeates each of the section 112 defenses, and none of the cases Par cites suggest that section 112 defenses may not be premised on overlapping substantive facts or expert opinions.

Par further complains that Defendants' invalidity contentions failed to provide adequate notice of the section 112 opinions in Dr. Winter's Opening Report.  But Par never sought a more detailed response during fact discovery (between December 13, 2019 and August 3, 2020), and it cannot now remedy that oversight by asking that entire sections of expert opinions be stricken.[1]  *See Acceleration Bay*, 2017 WL 11517421, at *6-7 (Denying a motion to strike portions of an expert report because "Plaintiff's Motion is little more than quibbling about the specifics some [sic] of these disclosures" and "Plaintiff never complained that this notice [from the contentions] was insufficient"); *see also* Memorandum Order at 5, *Astellas Pharma Inc. v. Actavis Elizabeth LLC*, C.A. No. 16-905-JFB-CJB, (D. Del. May 15, 2019), D.I. No. 438; Oral Order, *Integra LifeSciences Corp. v. HyperBranch Medical Tech., Inc.*, C.A. No. 15-819-LPS-CJB, (D. Del. Dec. 14, 2017).

---

[1] The first and only time Par complained about the sufficiency of Defendants' section 112 disclosures was in Par's Supplemental Response to Defendants' Interrogatory No. 2, which was served on the last day of fact discovery.  Yet, its response indicates that Par understood Defendants' indefiniteness argument:  "Generally, when ordinarily skilled artisans assess sequence homology between two proteins or peptides, they are comparing the amino acids present, without regard to any modifications of the amino acids."

The Honorable Christopher J. Burke                                                    Page 3
October 23, 2020

Finally, contrary to Par's claims, Defendants did not abandon indefiniteness. Instead, Defendants exercised their reservation of rights, and elected to amend the list of section 112 defenses to include indefiniteness with regard to the "% sequence homology" term, and Amneal's amendment of asserted section 112 defenses was proper.

### B.   The *Pennypack* Factors Weigh Against Striking Dr. Winter's Opinions

Even if Dr. Winter's section 112 opinions were untimely—which they were not—the *Pennypack* factors do not support striking his opinions. *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977). Any alleged prejudice to Par occurred through no fault of Defendants and may be cured with little likelihood of disruption at trial. Furthermore, Dr. Winter's opinions are critical to Defendants' section 112 defenses, and Par has not alleged (and cannot allege) that the Defendants acted in bad faith.

Par has not suffered prejudice because, as discussed, Defendants' contentions provided sufficient notice of Dr. Winter's section 112 opinions. Any purported prejudice is due to Par's own litigation strategy. For example, Par asserts that it was deprived of relevant fact discovery. But Par never sought a more detailed disclosure of the invalidity contentions over the more than nine months between when Par first received notice of the defendants' section 112 arguments and when Dr. Winter's Opening Expert Report was served. Moreover, nothing prevented Par from pursuing fact discovery regarding the definiteness of the "% sequence homology" term. For example, Par could have asked during fact depositions about defendants' understanding of that term and the potential different methods for determining sequence homology. Par did not do so.

Any alleged prejudice can be timely cured. Definiteness of claim terms is to be understood from the perspective of a POSA, *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 911 (2014) ("the definiteness inquiry trains on the understanding of a skilled artisan at the time of the patent application"), and Par will have ample opportunity to address the section 112 defenses during the rest of expert discovery, which closes on November 20, 2020. Par will be free to respond to Dr. Winter's opinions in its rebuttal expert reports and Par will be able to cross-examine Dr. Winter during deposition.[2] *See Cosmo Techs. Ltd. v. Lupin Ltd.*, No. CV 15-669-LPS, 2017 WL 4063983, at *2 (D. Del. Sept. 14, 2017) (denying the defendants' motion to strike where the defendants "had the opportunity to—and did, in fact—respond to" the expert's opinions.); *see also* Oral Order, *Pharmacyclics LLC v. Fresenius Kabi USA, LLC*, C.A. No. 18-192-CFC-CJB (D. Del. Sep. 21, 2020), D.I. No. 496. Further, Dr. Winter's opinions are important and will aid the Court in understanding the factual underpinnings of Defendant's section 112 defenses, which apply to all claims and are potentially dispositive of this case. Furthermore, as Par recognizes, the substantive facts underlying Dr. Winter's section 112 opinions overlap, and responding to these ten paragraphs of Dr. Winter report would require minimal additional effort. The schedule allows Par sufficient time and opportunity to address these issues without any disruption of the trial date. For these reasons, even if the disclosure of Dr. Winter's opinions in paragraphs 499-508 of his Opening Expert Report are deemed to be untimely, these opinions should not be stricken under the *Pennypack* factors.

---

[2] If Par elects not to respond to Dr. Winter's section 112 opinions, Amneal contends that it will have done so in bad faith and waived its right to later present such rebuttal expert opinions.

The Honorable Christopher J. Burke                                              Page 4
October 23, 2020

Respectfully,

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

# EXHIBIT 1
# REDACTED IN ITS ENTIRETY