IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC,<br><br>　　　Plaintiffs,<br>　　　v.<br><br>EAGLE PHARMACEUTICALS INC.,<br><br>　　　Defendant. | C.A. No. 18-cv-823-CFC-JLH |
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC,<br><br>　　　Plaintiffs,<br>　　　v.<br><br>AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, et al.<br><br>　　　Defendants. | C.A. No.: 18-cv-2032-CFC-CJB (Consolidated) |

## REMOTE TRIAL STIPULATION

The Court has ordered the parties in the above-captioned cases to conduct the trial in these cases remotely. The parties have conferred, and they consent to and jointly propose that, subject to the Court's approval, the procedures and protocols outlined herein will apply to the remote trial in the above-captioned cases.

I.  **MAINTAINING THE DECORUM OF THE COURT.**

1. Case Participants (as defined in Section III.7 below) shall observe the typical rules and procedures related to court appearances during the proceedings. Case Participants shall each use their best efforts to eliminate all visual and auditory distractions.

II. **SCOPE**

2. This Remote Trial Stipulation is an addendum to, and does not replace, the provisions in the Final Pretrial Orders entered in these cases, unless specifically otherwise noted herein.

III. **DEFINITIONS**

3. The terms "remote" and "remotely" refer to a trial in which one or more Case Participants (as defined below) are not in the same physical location as all other Case Participants, requiring the use of telephone and/or video conferencing technology.

4. "Witness" means an individual who gives live, sworn testimony on the record during the remote trial.

5. "Examining counsel" means outside trial counsel (including counsel of record) for the Party that calls a Witness to the stand.

6. "Opposing counsel" means the outside trial counsel (including counsel of record) for the Party that will cross-examine the Witness.

7. "Case Participants" shall mean Plaintiffs' outside trial counsel, Defendants' outside trial counsel, the Witnesses, client representatives as contemplated in the Pretrial Orders, legal staff members, "hot seat" technician, and any other participant agreed upon in advance of the trial by the Parties, provided that the presence of all participants (including any client representatives) complies with the Joint Pretrial Orders entered in these cases (D.I. 187, 18-cv-823; D.I. 246, 18-cv-2032).

8. "Attendee" shall mean anyone who observes or listens live to the Remote Trial, who is not a "Case Participant" and not the Judge or other court personnel (i.e., a member of the press or public).

9. "Trial Vendor" shall mean TrialGraphix.

10. "Designated Trial Platform" shall mean TrialGraphix's Zoom trial platform.

## IV. TRIAL TECHNOLOGY

11. **Use of the Designated Trial Platform.** To the extent technologically feasible, all Case Participants will use videoconferencing provided via the Designated Trial Platform and audioconferencing via either (1) the Designated Trial Platform or (2) a dedicated conference line for the trial provided by the Trial Vendor. Case Participants that are unable to participate via the Designated Trial Platform may attend using only the dedicated conference line, provided that the

Witness and any Examining or Opposing Counsel must participate via the Designated Trial Platform unless otherwise agreed to by the parties or ordered by the Court. Case Participants shall use best efforts to ensure that there will be clear video and audio transmission during the trial, including having adequate familiarity with the Designated Trial Platform and related software and hardware (e.g., computers, microphones, and video camera).

12. **Equipment.** The Parties are responsible for ensuring that each Witness is familiar with the Designated Trial Platform and that every Case Participant, as well as the Judge and any other court personnel as desired by the Court, has the following equipment to participate in the proceeding without undue delays: means for transmitting audio (e.g., microphone, phone, headset), means for video transmission (e.g., internal or external web camera), and means for displaying the Designated Trial Platform (e.g., laptop, monitor, television screen, or tablet). Counsel may wish to ensure that each Witness is able to participate in the videoconference with one device (or screen) and review exhibits on another.

13. **Camera Use.** The faces of each Case Participant in the trial must be clearly visible while speaking. To the extent possible, each Case Participant's camera should be positioned at face level relatively close to the Case Participant. The use of virtual backgrounds is not permitted unless otherwise agreed upon by the Parties and the Court.

14. **Test Sessions.** Each Case Participant must participate in at least one test session in advance of the proceeding in which the Case Participant practices using the Designated Trial Platform, becomes familiar with the process for viewing electronic exhibits, and tests all audio and video equipment (including settings) that will be used at trial. The Parties shall ensure that all equipment to be provided to the Judge and any court personnel has been tested and provide training in the use of such equipment as desired by the Court. All Case Participants must be provided the telephone number and email address to be used to reach the Trial Vendor for any technical issues that arise during the Remote Trial. The parties shall also provide this information to the Judge and any court personnel who may participate in, observe or listen to the Remote Trial.

15. **Hosting.** The Remote Trial will be hosted by the Trial Vendor. Hosting and co-hosting privileges will not be given to any Case Participant aside from the Trial Vendor's personnel.

16. **"Hot Seat" Technician.** Notwithstanding the hosting and co-hosting privileges described in paragraph 15 above, each party's "hot seat" technician will have any privileges necessary to display, "mark-up," or point to electronic exhibits or demonstratives during the party's examination or cross-examination of a Witness. During a party's examination or cross-examination of a Witness, the "hot

seat" technician for any other party shall not have any hosting or co-hosting privileges absent permission from the Court.

17. **How to Join.** The Trial Vendor will send a link and password for the Designated Trial Platform to the Case Participants for the Remote Trial in advance of trial testimony, based upon a list of Case Participants to be jointly provided to the Trial Vendor by the parties. Only listed Case Participants will be permitted to enter the Remote Trial using the Designated Trial Platform, which will require a password. Case Participant login information is not public and must not be shared with anyone other than counsel of record and other Case Participants.

18. **Party Identification.** All Case Participants shall use their full first and last name when signing on to the Designated Trial Platform. All Case Participants that attend the trial (whether by audio or video) will be identified on the record.

19. **Attendance by Members of the Press and Public.** Details of the dedicated audioconference line for Attendees will be available as determined by the Court. Attendees will be able to hear the court proceeding but will not be able to participate in it beyond listening.

20. **Break-Out Rooms.** To the extent the Designated Trial Platform offers a "break-out room" function, prior to commencing or during the pendency of the testimony of a Witness, the Case Participants may request that the Trial Vendor

arrange for "break-out rooms." Only those individuals listed for a particular "break-out room" will be permitted into the "break-out room," with the exception of technical personnel from the Trial Vendor, as necessary. Case Participants, the Judge and/or other court personnel may request additional or different "break-out rooms" from the Trial Vendor during the trial testimony. There will be no recording of "break-out rooms."

21. **Recording of the Trial.** There will be no audio or visual recording of the trial by the Trial Vendor, Case Participants or any Attendee, unless otherwise ordered by the Court. Any "record" function in the Designated Trial Platform will be disabled by the Trial Vendor. The parties and any Case Participants, Witnesses, or Attendees will not use any other means to make any audio, video, photographic, or other recording of the Remote Trial, including that they will not take any "screen shots" of the Remote Trial. Permission to attend the Remote Trial as an Attendee shall be conditioned upon the Attendees agreement to abide by the restrictions of this paragraph and paragraph 43 below, notice of which will be provided on the case dockets as deemed appropriate by the Court.

22. **Chat Functions.** The chat function within the Designated Trial Platform will be disabled by the Trial Vendor.

23. **Addressing Technological Difficulties.** If a Case Participant is disconnected from the videoconference or experiences some other technical

failure, the Case Participant shall use best efforts to promptly re-establish the connection and shall take no action which threatens the integrity of the proceeding (e.g., communications with a third party related to anything other than resolving the technical issue).

24. **Remote Oath.** The parties agree that the oath may be administered by the courtroom deputy remotely and that exhibits may be entered into the record remotely as noted below and in accordance with any further instructions or orders of the Court.

## V.   EXHIBITS

25. **Electronic Copy of Trial Exhibits.** Any documents that may be used as exhibits during the trial that will be transmitted electronically to the Court (as and to the extent ordered by the Court) and the Trial Vendor shall be transmitted using secure file transfer or other secure means.

26. **Exhibits During Trial.** For each and every exhibit introduced during the Remote Trial, the manner of transmission, whether through the mail, courier, the Designated Trial Platform or by alternative means, must allow the Court, Witness, and trial counsel to, at any time during the trial testimony of a given Witness, review the entire contents of (a) any newly marked exhibit and (b) all previously marked exhibits for that Witness.

27. **Retention of Exhibits.** Case Participants other than trial counsel shall not retain copies of trial exhibits after the conclusion of the trial and shall promptly delete or otherwise remove from their personal computers (e.g., desktops, laptops, or tablets) any electronic copies of exhibits that are downloaded during the trial.

28. **Exhibit Binders and Demonstratives for the Court.** The parties will make reasonable best efforts to submit all documentary exhibits to be used on direct and cross-examination, except for impeachment **[electronically] / [in hard copy in tabbed binders]** to the Court and other court personnel as instructed by the Court. Such exhibits, if in hard copy, shall be printed \_\_\_\_-sided and in black and white, provided that the exhibit shall be printed in color only where reasonably necessary to ascertain its meaning in the context of the proceedings, or as otherwise instructed or ordered by the Court. Trial counsel will arrange to have \_\_\_\_copies of such direct binders and cross-examination binders, delivered on a daily basis to the Court by \_\_\_\_ a.m. EST. Notwithstanding the foregoing, either party may electronically mark and use during cross-examination or redirect additional exhibits in circumstances where it was not reasonably practicable to include such exhibits in the binders submitted to the Court (*e.g.*, where the need to examine a Witness on the exhibit during cross-examination or redirect could not reasonably have been foreseen). Demonstratives to be used on direct and cross-

examination shall be submitted to the Court via **[electronic] / [hard copy]** delivery on a daily basis by \_\_\_\_ a.m. EST. If hard copies of the demonstratives are printed and delivered to the Court, \_\_\_\_ copies shall be printed single-sided, in color, and bound into booklets.

29. **Hard Copy Direct Exhibits and Demonstratives.** Examining Counsel will arrange to send the Witness one set of hard copies of the demonstratives and exhibits for direct, identified pursuant to the process for such disclosure in the Pretrial Orders as modified in paragraph 31 below, such that it arrives at the Witness's designated shipping address at least one calendar day before the date of the Witness' anticipated trial testimony via FedEx or UPS (or other means that can be tracked). For any voluminous exhibit (*i.e.*, greater than 100 pages), Examining Counsel may provide hard copies of excerpts of the exhibit that might be specifically referenced during the examination; the entire exhibit will be available electronically to the Court, the Witness, and the Case Participants via each Witness's Box.com sub-folder (as described in paragraph 35 below). Opposing Counsel will be responsible for printing its own set of demonstratives and binder(s) of exhibits that will be used on direct by Examining Counsel. Box(es) or other packages containing any hard copy exhibits and any demonstratives sent to the Witnesses for direct examination may be opened before the direct examination, but the copy of the hard copy Witness binders and/or

demonstratives provided to and used by a Witness during direct testimony shall at all times exactly match what is being provided to the Court. Neither the Witness or Examining Counsel may annotate the hard copy Witness binders and/or demonstratives in any way (e.g., no handwritten notes, no highlighting (other than what is highlighted in the demonstratives provided to the Court and Opposing Counsel), no physical markers (other than the tabs used to separate exhibits), etc.).

30. **Hard Copy Cross-Examination Exhibits.** Opposing Counsel will arrange to send both the Witness and Examining Counsel one set of hard copies of potential cross-examination exhibits and the Witness's deposition transcript(s) such that it arrives at the Witness's and Examining Counsel's designated shipping addresses at least one calendar day before the date of the Witness's anticipated trial testimony via FedEx or UPS (or other means that can be tracked). For any voluminous exhibit (*i.e.*, greater than 100 pages), Examining Counsel may provide hard copies of excerpts of the exhibit that might be specifically referenced during the examination; the entire exhibit will be available electronically to the Court, the Witness, and the Case Participants via each Witness's Box.com sub-folder (as described in paragraph 35 below). While Opposing Counsel will make reasonable best efforts to provide in advance pre-marked, hard copies of all potential cross-examination exhibits, nothing in this provision precludes either Opposing Counsel or Examining Counsel, if on redirect, from electronically marking and using

additional exhibits not provided in hard copy during the cross-examination and redirect. The boxes or other packages containing the cross-examination exhibits will be sealed and shall remain sealed until Opposing Counsel instructs the Witness and Examining Counsel to open them during the trial on camera.

31. **Electronic Exhibits and Demonstratives.** Exhibit Binders and Demonstratives described in paragraphs 28–29 above will be made available to the Court, the Witness, and Trial Counsel in electronic form via Box.com before a direct examination begins, as described in paragraph 35 below. Exhibit Binders described in paragraphs 28 and 30 above will be made available to the Court, the Witness, and Trial Counsel in electronic form via Box.com before a cross-examination begins, as described in paragraph 35 below. Any demonstrative slide used during cross-examination will be moved into the Box.com folder as it is used, as described in paragraph 35 below. The parties will take reasonable steps to make available to the Court, the Witness and Trial Counsel in electronic form via Box.com any additional exhibits to be used on re-direct examination before such re-direct examination commences.

32. **Modification to Pretrial Order regarding Exhibit Identification.** In order to enable the cross-examination binder to be mailed in time in accordance with paragraph 30, the parties agree to modify the paragraph of any prior Pretrial

Order entered in these cases governing the disclosure of exhibits for use on direct as follows:

    Each side will provide to the other side the name of any witness that it intends to call to testify, whether live or by deposition testimony, the exhibits to be introduced through each such witness, and the order of presentation of those witnesses, by no later than 7:00 p.m. three days before the day the witness is expected to testify. The disclosure email shall identify and include a copy of any exhibits that have been excerpted in accordance with Paragraph 29 or otherwise differ from the stickered exhibits that were exchanged between the parties. Thereafter, each side shall update its expected witnesses at the end of each trial day by 7:00 p.m. If later events cause the need to remove a witness from a party's witness list, the parties agree to notify the other side as soon as possible. Objections to the identified exhibits to be introduced on direct examination shall be provided by 7:00 p.m. the following evening. The parties shall meet-and-confer by 10:00 p.m. the same day regarding any objections to the identified exhibits. Thus, for example, the parties will provide notice of what witness they intend to call live and the exhibits they will use on direct examination on a Monday by the previous Friday at 7:00 p.m. and objections thereto shall be provided by 7:00 p.m. Saturday, with a meet-and-confer to occur as necessary by 10:00 p.m. Saturday. Any disputes or objections that cannot be resolved shall be

raised with the Court before calling such witnesses or using any such exhibits during examination of the witness.

33. **Shipping Addresses.** The shipping address for the sets of hard copies of potential exhibits for all potential Witnesses and trial counsel will be exchanged no later than 7 pm on January 5, 2021.

34. **Impeachment Exhibits.** If Opposing Counsel wishes to use a document for impeachment purposes that was not previously disclosed as an exhibit, counsel must transmit an electronic copy of the document to the Court, trial counsel, and the Witness at the time counsel seeks to use the document with the Witness using the Witness's Box.com folder, described in paragraph 35 below, email, the Designated Trial Platform or, to the extent necessary based on concerns over security or technical issues, using secure file transfer or other secure means.

35. **Box.com Folder.** The Designated Trial Platform will maintain a password protected Box.com folder for use during the trial. Each Witness shall have a named sub-folder and is instructed to only access those documents in his/her sub-folder. Distribution of the password for the Box.com folder shall be limited to the Court, trial counsel, and the Witnesses. The Box.com folder will be emptied as each Witness completes his or her testimony.

36. **Electronic Demonstratives.** Trial counsel agree to modify the respective Pretrial Orders previously entered in these cases to provide that each

party will print its own copies of all exchanged demonstratives. This provision is not meant to alter the timing or content of the exchange of demonstratives, and objections thereto, otherwise contemplated by the Pretrial Orders.

## VI. TRIAL CONDUCT

37. **Joining the Trial.** The Designated Trial Platform will be opened 30 minutes prior to the start of each trial day. Witnesses must access the Designated Trial Platform using the credentials provided by the Trial Vendor at the time dictated by the Court before the scheduled start time for their examination. The Examining Attorney is responsible for ensuring the Witness has a separate video and audio feed. Attorneys should not attempt to "share" a connection with a Witness.

38. **Testifying Witness.** The Witness will not be in the same room as Examining Counsel, Opposing Counsel, or any other person. All software programs on the Witness's computer must be closed during the trial testimony, except for the Designated Trial Platform and Box.com folder that may be necessary to review exhibits. The Witness shall not have any other documents or programs accessible or opened (including email, text, web pages, social media, video, audio, or any other material), either electronically or in paper, other than the hard copies of exhibits and direct demonstratives sent to the Witness.

39. **Muting Lines.** Each party's counsel shall designate one attorney to be the primary speaker during the examination of a Witness. All other Case Participants, aside from the Witness and the Trial Vendor's personnel, as necessary, will set their audio on "mute" when the trial is on the record and turn off any video cameras. The Witness may not set their audio on "mute" at any time while testifying on the record.

40. **Objections**. The Witness must stop speaking when either counsel objects.

41. **Communication During Trial.** After a Witness has commenced his or her examination, there shall be no unrecorded or unnoted communications between the Witness and any person (including any counsel), by any means, including through telephone, electronic chat, email, or text message, while the trial is on the record. When the trial is off the record, the Witness and counsel for the Witness may communicate by any means, such as in a "break-out room" or by telephone call or email, as would be permitted during an in-person trial.

42. **Cross Examination.** Once cross-examination commences, the Witness on cross-examination shall not communicate with anyone else regarding the substance of the Witness's testimony (absent express permission of the Court) until such time as the Witness has concluded his or her testimony on cross-examination and redirect, except that if a Witness is to testify more than once, the

Witness may communicate with others after the conclusion of their first testimony and until cross-examination commences during their subsequent testimony.

## VII. PROHIBITION ON RECORDING

43. Any recording by anyone other than the court reporter of a court proceeding held by video or teleconference, including "screen-shots" or other visual or audio copying of a hearing, is strictly prohibited. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, removal of Court-issued media credentials, or any other sanctions deemed appropriate by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 4, 2021

Respectfully submitted,

FARNAN LLP

POTTER ANDERSON & CORROON LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Counsel for Plaintiffs*

/s/ David E. Moore
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Bryne (#4446)
Jennifer Penberthy Buckley (#6264)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com
jbuckley@potteranderson.com
*Attorneys for Defendant Eagle Pharmaceuticals Inc.*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ Robert M. Vrana
Anne Shea Gaza (Bar No. 4093)
Robert M. Vrana (Bar No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Counsel for Defendants Amneal Pharmaceuticals of New York, LLC, Amneal Biosciences LLC, Amneal Pharmaceuticals Pvt. Ltd., and Amneal EU, Limited*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 1-5-21

The Honorable Colm F. Connolly