

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Anne Shea Gaza**
P 302.571.6727
F 302.576.3439
agaza@ycst.com

January 5, 2021

**VIA CM/ECF**

The Honorable Colm F. Connolly
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re: *Par Pharmaceutical, Inc., et al. v. Amneal Pharmaceuticals of New York, LLC, et al.*, C.A. No. 18-2032-CFC (Consolidated)

Dear Judge Connolly:

    As discussed with Your Honor during today's Pretrial Conference, the Amneal Defendants write to submit the following authorities, which are relevant to the question of administering an oath to a witness in Germany.

    The German statute in question is Section 132 of the German Penal Code (attached as Exhibit 1), which reads as follows:

> § 132
> Amtsanmaßung
>
> Wer unbefugt sich mit der Ausübung eines öffentlichen Amtes befaßt oder eine Handlung vornimmt, welche nur kraft eines öffentlichen Amtes vorgenommen werden darf, wird mit Freiheitsstrafe bis zu zwei Jahren oder mit Geldstrafe bestraft.

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P 302.571.6600   F 302.571.1253   YoungConaway.com

As translated by Amneal's German counsel, Section 132 reads:

> § 132
> Presumption of office
>
> Any person who, without authorization, engages in the exercise of a public office or performs an act which may be performed only by virtue of a public office shall be punished by imprisonment for not more than two years or a fine.

Section 132 therefore may be implicated by a person administering an oath to a witness within Germany because that person may be performing an act which may be performed only by virtue of a public office.

Amneal also believes that Fed. R. Civ. P. 43(b) (attached as Exhibit 2) and Fed. R. Evid. 603 (attached as Exhibit 3) are relevant. Fed. R. Civ. P. 43 reads as follows:

> Rule 43. Taking Testimony
>
> (a) In Open Court. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.
>
> **(b) Affirmation Instead of an Oath. When these rules require an oath, a solemn affirmation suffices.**
>
> (c) Evidence on a Motion. When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.
>
> (d) Interpreter. The court may appoint an interpreter of its choosing; fix reasonable compensation to be paid from funds provided by law or by one or more parties; and tax the compensation as costs.

(emphasis added).

      Fed. R. Evid. 603 reads as follows:

> Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience.

The Notes of the Advisory Committee on Proposed Rules for Rule 603 state:

> The rule is designed to afford the flexibility required in dealing with religious adults, atheists, conscientious objectors, mental defectives, and children. **Affirmation is simply a solemn undertaking to tell the truth; no special verbal formula is required.** As is true generally, affirmation is recognized by federal law. "Oath" includes affirmation, 1 U.S.C. §1; judges and clerks may administer oaths and affirmations, 28 U.S.C. §§459, 953; and affirmations are acceptable in lieu of oaths under Rule 43(d) of the Federal Rules of Civil Procedure. Perjury by a witness is a crime, 18 U.S.C. §1621.

(emphasis added).

      Finally, Amneal notes that the guidance from the Department of State (attached as Exhibit 4) cited by Plaintiffs refers only to depositions, not trial testimony:

> In civil cases, where a witness is willing to testify voluntarily, a deposition may be conducted. Depositions may be taken on notice or by issuance of a commission by an American court to a "consular officer" (see 22 CFR 92.53) under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Part VII USCA 1781 (1977 Supp.).

      In light of the foregoing, Amneal proposes that Dr. Winter be permitted to self-affirm by making the following statement prior to his testimony: "I do solemnly declare and affirm, under penalty of perjury pursuant to 28 U.S.C.

§ 1746, that the evidence I shall give shall be the truth, the whole truth, and nothing but the truth."

    Should Your Honor have any questions or concerns, counsel are available at the Court's convenience.

                                       Respectfully,

                                       */s/ Anne Shea Gaza*

                                       Anne Shea Gaza (No. 4093)

cc: All Counsel of Record (via electronic mail & CM/ECF)