# EXHIBIT 1

**Neu:** Aktuelle Rechtsprechungsübersichten
Stellen Sie sich Ihre Rechtsgebiete zusammen!

# Strafgesetzbuch

Besonderer Teil (§§ 80 - 358)

7. Abschnitt - Straftaten gegen die öffentliche Ordnung (§§ 123 - 145d)

## § 132
## Amtsanmaßung

Wer unbefugt sich mit der Ausübung eines öffentlichen Amtes befaßt oder eine Handlung vornimmt, welche nur kraft eines öffentlichen Amtes vorgenommen werden darf, wird mit Freiheitsstrafe bis zu zwei Jahren oder mit Geldstrafe bestraft.

*Vorherige Gesetzesfassungen*

# Rechtsprechung zu § 132 StGB

117 Entscheidungen zu § 132 StGB in unserer Datenbank:

- BGH, 14.04.2020 - 5 StR 37/20

  *Amtsanmaßung kein eigenhändiges Delikt (Rechtsgut; Schutz des Staates und der ...*

- BGH, 09.09.2020 - 2 StR 304/20

  *Amtsanmaßung (kein eigenhändiges Delikt; keine Beihilfe durch bloße Kenntnis von ...*

- BGH, 09.08.2016 - 3 StR 109/16

  *Amtsanmaßung (ausdrücklicher oder konkludenter Hinweis auf allgemein gehaltene ...*

- BGH, 15.03.2011 - 4 StR 40/11

  *Strafbarkeit wegen Amtsanmaßung und wegen unbefugten Tragens von inländischen ...*

- AG Köln, 10.12.2018 - 528 Ds 641/18

  *Amtsanmaßung: Ein Blitzer zum Selberbauen*

- KG, 19.01.2007 - 1 Ss 111/06

*Amtsanmaßung und Titelmissbrauch: Strafbarkeit eines unzutreffenden Meldens am ...*

- AG München, 17.08.2016 - 1034 Ds 468 Js 178122/16

  *Polizeikontrolle ohne Spaß*

- AG München, 13.02.2019 - 821 Ds 431 Js 188048/18

  *Wiederholte vorgetäuschte Rettungsfahrten führen in die Haft*

- OLG Celle, 26.09.2013 - 32 Ss 110/13

  *Amtsanmaßung: Verwendung eines Fahrzeugs als Polizeifahrzeug*

- VGH Bayern, 22.11.2017 - 16b D 15.1182

  *Entfernung aus dem Beamtenverhältnis- Disziplinarverfahren*

Alle 117 Entscheidungen

## § 132 StGB in Nachschlagewerken

- § 132 StGB wird in Wikipedia unter folgenden Stichworten zitiert:

  - Amtsanmaßung

# EXHIBIT 2

> United States Code Annotated
>   Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
>     Title VI. Trials

Federal Rules of Civil Procedure Rule 43

Rule 43. Taking Testimony

Currentness

**(a) In Open Court.** At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

**(b) Affirmation Instead of an Oath.** When these rules require an oath, a solemn affirmation suffices.

**(c) Evidence on a Motion.** When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.

**(d) Interpreter.** The court may appoint an interpreter of its choosing; fix reasonable compensation to be paid from funds provided by law or by one or more parties; and tax the compensation as costs.

**CREDIT(S)**
(Amended February 28, 1966, effective July 1, 1966; November 20, 1972, and December 18, 1972, effective July 1, 1975; March 2, 1987, effective August 1, 1987; April 23, 1996, effective December 1, 1996; April 30, 2007, effective December 1, 2007.)

**ADVISORY COMMITTEE NOTES**
1937 Adoption

**Note to Subdivision (a).** The first sentence is a restatement of the substance of U.S.C., Title 28, § 635 (Proof in common-law actions), [former] § 637 (see §§ 2072, 2073) (Proof in equity and admiralty), and [former] Equity Rule 46 (Trial--Testimony Usually Taken in Open Court--Rulings on Objections to Evidence). This rule abolishes in patent and trademark actions, the practice under [former] Equity Rule 48 of setting forth in affidavits the testimony in chief of expert witnesses whose testimony is directed to matters of opinion. The second and third sentences on admissibility of evidence and Subdivision (b) on contradiction and cross-examination modify U.S.C., Title 28, § 725 (now 1652) (Laws of states as rules of decision) insofar as that statute has been construed to prescribe conformity to state rules of evidence. Compare Callahan and Ferguson, *Evidence and the New Federal Rules of Civil Procedure,* 45 Yale L.J. 622 (1936), and *Same: 2,* 47 Yale L.J. 195 (1937). The last sentence modifies to the extent indicated U.S.C., Title 28, [former] § 631 (Competency of witnesses governed by State laws).

**Note to Subdivision (b).** See 4 *Wigmore on Evidence* (2d ed., 1923) § 1885 et seq.

**Note to Subdivision (c).** See [former] Equity Rule 46 (Trial--Testimony Usually Taken in Open Court-Rulings on Objections to Evidence). With the last sentence compare *Dowagiac v. Lochren,* 143 Fed. 211 (C.C.A. 8th, 1906). See also *Blease v. Garlington,* 92 U.S. 1, 23 L.Ed. 521 (1876); *Nelson v. United States,* 201 U.S. 92, 114, 26 S.Ct. 358, 50 L.Ed. 673 (1906); *Unkle v. Wills,* 281 Fed. 29 (C.C.A. 8th, 1922).

See Rule 61 for harmless error in either the admission or exclusion of evidence.

**Note to Subdivision (d).** See [former] Equity Rule 78 (Affirmation in Lieu of Oath) and U.S.C., Title 1, § 1 (Words importing singular number, masculine gender, etc.; extended application), providing for affirmation in lieu of oath.

**Supplementary Note on Advisory Committee Regarding Rules 43 and 44**

**Note.** These rules have been criticized and suggested improvements offered by commentators. 1 *Wigmore on Evidence,* 3d ed. 1940, 200-204; Green, *The Admissibility of Evidence Under the Federal Rules,* 1941, 55 Harv.L.Rev. 197. Cases indicate, however, that the rule is working better than these commentators had expected. *Boerner v. United States,* C.C.A.2d, 1941, 117 F.2d 387, cert. den., 1941, 313 U.S. 587, 61 S.Ct. 1120; *Mosson v. Liberty Fast Freight Co.,* C.C.A.2d, 1942, 124 F.2d, 448; *Hartford Accident & Indemnity Co. v. Olivier,* C.C.A. 5th, 1941, 123 F.2d 709; *Anzano v. Metropolitan Life Ins. Co. of New York,* C.C.A.3d, 1941, 118 F.2d 430; *Franzen v. E. I. DuPont De Nemours & Co.,* C.C.A.3d, 1944, 146 F.2d 837; *Fakouri v. Cadais,* C.C.A. 5th, 1945, 147 F.2d 667; *In re C. & P. Co.,* S.D.Cal.1945, 63 F.Supp. 400, 408. But cf. *United States v. Aluminum Co. of America,* S.D.N.Y.1938, 1 Fed.Rules Serv. 43a.3, Case 1; Note, 1946, 46 Col.L.Rev. 267. While consideration of a comprehensive and detailed set of rules of evidence seems very desirable, it has not been feasible for the Committee so far to undertake this important task. Such consideration should include the adaptability to federal practice of all or parts of the proposed Code of Evidence of the American Law Institute. See Armstrong, *Proposed Amendments to Federal Rules of Civil Procedure,* 4 F.R.D. 124, 137-138.

1966 Amendment

**Note to Subdivision (f).** This new subdivision [subdivision (f)] authorizes the court to appoint interpreters (including interpreters for the deaf), to provide for their compensation, and to tax the compensation as costs. Compare proposed subdivision (b) of Rule 28 of the Federal Rules of Criminal Procedure.

1972 Amendment

Rule 43, entitled Evidence, has heretofore served as the basic rule of evidence for civil cases in federal courts. Its very general provisions are superseded by the detailed provisions of the new Rules of Evidence. The original title and many of the provisions of the rule are, therefore, no longer appropriate.

**Subdivision (a).** The provision for taking testimony in open court is not duplicated in the Rules of Evidence and is retained. Those dealing with admissibility of evidence and competency of witnesses, however, are no longer needed or appropriate since those topics are covered at large in the Rules of Evidence. They are accordingly deleted. The language is broadened, however, to take account of acts of Congress dealing with the taking of testimony, as well as of the Rules of Evidence and any other rules adopted by the Supreme Court.

**Subdivision (b).** The subdivision is no longer needed or appropriate since the matters with which it deals are treated in the Rules of Evidence. The use of leading questions, both generally and in the interrogation of an adverse party or witness identified with him, is the subject of Evidence Rule 611(c). Who may impeach is treated in Evidence Rule 601 [sic; probably means 607], and scope of cross-examination is covered in Evidence Rule 611(b). The subdivision is accordingly deleted.

**Subdivision (c).** Offers of proof and making a record of excluded evidence are treated in Evidence Rule 103. The subdivision is no longer needed or appropriate and is deleted.

1987 Amendment

The amendment is technical. No substantive change is intended.

1996 Amendment

Rule 43(a) is revised to conform to the style conventions adopted for simplifying the present Civil Rules. The only intended changes of meaning are described below.

The requirement that testimony be taken "orally" is deleted. The deletion makes it clear that testimony of a witness may be given in open court by other means if the witness is not able to communicate orally. Writing or sign language are common examples. The development of advanced technology may enable testimony to be given by other means. A witness unable to sign or write by hand may be able to communicate through a computer or similar device.

Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other--and perhaps more important--witnesses might not be available at a later time.

Other possible justifications for remote transmission must be approached cautiously. Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances. Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness.

Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission. The court is not bound by a stipulation, however, and can insist on live testimony. Rejection of the parties' agreement will be influenced, among other factors, by the apparent importance of the testimony in the full context of the trial.

A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.

No attempt is made to specify the means of transmission that may be used. Audio transmission without video images may be sufficient in some circumstances, particularly as to less important testimony. Video transmission ordinarily should be preferred

when the cost is reasonable in relation to the matters in dispute, the means of the parties, and the circumstances that justify transmission. Transmission that merely produces the equivalent of a written statement ordinarily should not be used.

Safeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness. Accurate transmission likewise must be assured.

Other safeguards should be employed to ensure that advance notice is given to all parties of foreseeable circumstances that may lead the proponent to offer testimony by transmission. Advance notice is important to protect the opportunity to argue for attendance of the witness at trial. Advance notice also ensures an opportunity to depose the witness, perhaps by video record, as a means of supplementing transmitted testimony.

2007 Amendment

The language of Rule 43 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Notes of Decisions (34)

Fed. Rules Civ. Proc. Rule 43, 28 U.S.C.A., FRCP Rule 43
Including Amendments Received Through 1-1-21

**End of Document**  © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 3

> United States Code Annotated
> > Federal Rules of Evidence (Refs & Annos)
> > > Article VI. Witnesses

Federal Rules of Evidence Rule 603, 28 U.S.C.A.

## Rule 603. Oath or Affirmation to Testify Truthfully

Currentness

Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience.

**CREDIT(S)**
(Pub.L. 93-595, § 1, Jan. 2, 1975, 88 Stat. 1934; Mar. 2, 1987, eff. Oct. 1, 1987; Apr. 26, 2011, eff. Dec. 1, 2011.)

**ADVISORY COMMITTEE NOTES**
**1972 Proposed Rules**

The rule is designed to afford the flexibility required in dealing with religious adults, atheists, conscientious objectors, mental defectives, and children. Affirmation is simply a solemn undertaking to tell the truth; no special verbal formula is required. As is true generally, affirmation is recognized by federal law. "Oath" includes affirmation, 1 U.S.C. § 1; judges and clerks may administer oaths and affirmations, 28 U.S.C. §§ 459, 953; and affirmations are acceptable in lieu of oaths under Rule 43(d) of the Federal Rules of Civil Procedure. Perjury by a witness is a crime, 18 U.S.C. § 1621.

**1987 Amendments**

The amendments are technical. No substantive change is intended.

**2011 Amendments**

The language of Rule 603 has been amended as part of the restyling of the Evidence Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility.

Notes of Decisions (13)

Fed. Rules Evid. Rule 603, 28 U.S.C.A., FRE Rule 603
Including Amendments Received Through 1-1-21

---

**End of Document**  © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 4



**U.S. Embassy & Consulates in Germany**

# Judicial Assistance

1. Emergency Assistance
2. Judicial Assistance
3. Other English-Speaking Services
4. Living and Working in Germany
5. Obtaining Vital Records
6. Social Security Appointments

---

*Please note: The Department of State assumes no responsibility or liability for the professional ability or reputation of, or the quality of services provided by, the entities or individuals whose names appear on the following lists. Inclusion on this list is in no way an endorsement by the Department or the U.S. government. Names are listed alphabetically, and the order in which they appear has no other significance. The information on the list is provided directly by the local service providers; the Department is not in a position to vouch for such information.*

This is a summary of judicial assistance in Germany for ease of use by those accessing our web site. For the most up-to-date and complete information please see the State Department's judicial assistance web page.

For English-speaking attorneys in Germany, please see our lists of English Speaking Services.

**Service of Process:**

Service of process can be accomplished in civil cases through the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, 28 USCA (Appendix following Rule 4 FRCvP); Martindale-Hubbell International Law Digest, Part VII: "Selected International Conventions" (1993 Edition).

Service of process in criminal cases is accomplished only through the letter rogatory process, as described in 4 Moore's Federal Practice 28.05.

For the most up-to-date and complete information please see the State Department's judicial assistance web page.

**Obtaining Evidence:**

In civil cases, where a witness is willing to testify voluntarily, a deposition may be conducted. Depositions may be taken on notice or by issuance of a commission by an American court to a "consular officer" (see 22 CFR 92.53) under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Part VII USCA 1781 (1977 Supp.).

The Hague Evidence Convention does not apply to criminal cases. Obtaining evidence in criminal cases must be handled by a German court pursuant to written questions submitted under cover of a letter rogatory.

For the most up-to-date and complete information please see the State Department's judicial assistance web page.

Depositions in Civil Cases: As noted above, when a witness is willing to testify voluntarily in a civil case, a deposition may be conducted. Click here for more detailed information on depositions (pdf).

**General Procedure:**

The deposition must be of a U.S. citizen or a non-U.S. citizen resident in Germany. All testimony must be given voluntarily without coercion or threat of future sanctions. Therefore, prior to the taking of testimony and in accordance with German law, the consular officer will administer a voluntariness advisement to each witness. The attorney arranging the deposition(s) should contact the consular section of the Embassy or Consulate where the deposition is to be conducted as soon as possible prior to the proposed deposition date to discuss procedures, scheduling and payment of fees.

A minimum of six weeks prior to the agreed-upon deposition date, the attorney must provide to the Consular Section either:

1. A copy of his/her notice to opposing counsel of anticipated taking of testimony; **or**
2. A copy of the court order commissioning the consular officer to take testimony.

The notice or order should include the following:

- Case name and docket number
- Court where case is pending
- Name/citizenship/address/telephone number of witness(es)
- Date and place of depositions
- Must include a brief description of the case with special focus on the appropriate standards of the American procedural and substantive laws.

The American Embassy in Berlin will notify the German Ministry of Justice which, in turn, will inform the appropriate Land (state) government.

It is the responsibility of the attorney arranging the depositions to engage a court reporter and, if necessary, a translator or interpreter. Please provide the Embassy or consulate taking the deposition with the names, addresses, and telephone numbers of the court reporter and translator/interpreter in advance of the deposition(s).

**NOTE:** A list of local court reporters and a list of official sworn translators and interpreters can be found here. The Embassy/Consulates take no responsibility with regard to the professional competency of any of those individuals whose names appear on the respective lists.

The testimony of witnesses in German court proceedings is not taken verbatim. Accordingly, the court reporters on the list may or may not be capable of recording the deposition(s) in a manner acceptable to an American court. It is the responsibility of the attorney arranging the deposition(s) to make certain the proceedings are recorded and transcribed in accordance with the law of the jurisdiction in which the case is pending.

**Post Deposition Proceedings:**
Absent a waiver on the record by the attorneys for the parties, following the deposition:

1. The court reporter and the translator/interpreter must execute affidavits of accuracy before the consular officer
2. The witness, after reviewing the transcript of his testimony and making any corrections in the manner prescribed by the attorneys or by the court having jurisdiction over the matter, must sign the transcript in the presence of the consular officer; **and**
3. The consular officer must prepare a deposition closing certificate.

**Fees:**

All fees must be paid prior to the swearing of the participants and the taking of testimony.

**Nonrefundable scheduling fee:**

Arranging attorney must deposit $1,283.00 at the time of requesting scheduling, to cover consular time spent scheduling and arranging the deposition. The entire deposit is forfeited if the deposition is canceled or rescheduled for any reason, unless at the request of the pertinent consular section. To reschedule a deposition, the arranging attorney must deposit an additional $1,283.00.

**Consular Hourly Rate/Costs:**

In addition to the nonrefundable scheduling fee, the arranging attorney must pay an hourly rate of $309.00 per hour, assessed in minimum increments of one hour, for non-scheduling-related services rendered in connection with the deposition, e.g., administration of oaths and witness voluntariness statements, the consular officer's time spent presiding over the deposition, packaging of the deposition for mailing to the U.S., and any other deposition-related service. In the exceptional case where the consular officer must travel outside the Consulate General, in addition to the hourly rate the arranging attorney must pay the consular officer's costs. In such a case, the Embassy or consulate in question will require the arranging attorney to deposit the estimated amount of costs before the swearing of participants.

**Post-Deposition Matters/Deposition Closing Certificate:**

The charge for the court reporter's and translator/interpreter's affidavit of accuracy and the charge for the witness' signing of the transcript are included in the original hourly fee for the oath. Therefore, there is no additional charge for these services. The fee for a deposition closing certificate is $415.00

**Postage:**

Unless other arrangements for filing the original transcript(s) of the deposition(s) are made beforehand, the attorney arranging the deposition must deposit an additional $100.00 to cover registered postage and incidental expenses related to the handling of the transcript. Any unused amount will be returned.

**Other:**

The fee for photocopies is $1.00 per page

## Previous
Emergency Assistance

## Next
Other English-Speaking Services

This is the official website of the U.S. Embassy and Consulates in Germany. External links to other Internet sites should not be construed as an endorsement of the views or privacy policies contained therein.

