

January 8, 2021

**VIA E-FILING**
The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124; Unit 31
Wilmington, DE 19801-3555

RE: *Par Pharmaceutical Inc., et al. v. Amneal Pharmaceuticals of New York LLC, et al.* <u>C.A. No. 18-cv-2032-CFC-CJB (Consolidated)</u>

Dear Judge Connolly:

We write in response to the Oral Order entered by the Court this morning. We will follow up later today with a more detailed timeline and copies of the relevant communications, as set forth in the Order, but wanted to provide Your Honor right away with an overview of the circumstances leading up to the taking of Dr. Winter's deposition and the legal authority which led us to believe there was nothing improper with proceeding to take that deposition, which took place via the remote "Zoom" platform, with the witness in Germany, on December 8-9, 2020.

Par did not subpoena or command Dr. Winter to appear for deposition in Germany, and was not aware he would be testifying from Germany until shortly before his deposition. In particular, after Par served its opening expert reports, on October 5, 2020, Par offered deposition dates for its experts and asked for dates to depose each of Amneal's experts. Amneal responded the next day and provided a proposed date for Dr. Winter without mentioning that he would be testifying from Germany. In view of the pandemic, the parties had an understanding that all of the expert depositions would be conducted remotely by Zoom. Par first learned that Dr. Winter might be testifying from Germany on November 19, 2020, when Amneal suggested a proposed start time for Dr. Winter's deposition to account for a time difference. On November 30, Amneal provided Dr. Winter's address in Germany in response to Par's request for Amneal's experts' addresses for hard-copy documents in advance of the depositions as necessitated by the remote platform.

Then shortly before the deposition, we realized that there might be an issue deposing a witness located in Germany outside of the U.S. Consulate. We conducted quick legal research to see if there was any authority on the situation. We found a case directly on point: *Genentech, Inc. v. Sanofi-Aventis Deutschland GMBH*, C.A. No. C08-4909 SI (BZ) (N.D. Cal. March 26, 2009) (copy attached as Ex. A hereto). There, the Northern District of California noted that there is "inconsistent guidance given by the State Department and the United States Diplomatic Mission to Germany on their respective web sites" regarding how to proceed with German depositions. *Id*. at 1. Based on certain diplomatic notes between the U.S. and Germany, the court concluded "[t]hose exchanges establish that ***a witness who consents to be deposed at the witness's home or place of business need not be deposed at the Consulate.***" *Id.* at 2 (emphasis added). Accordingly, it ordered that the requested depositions proceed in Frankfurt at either the homes or

the places of business of the two witnesses, where they had consented to be deposed.[1]  Given this decision, and the fact that Amneal and Dr. Winter were the ones that had requested that he be deposed in Germany, and thus obviously consented to the depositions proceeding as they did, Par believed the deposition was proper and that no additional steps needed to be taken.

The deposition proceeded without any unusual objections or argument.  At the end of the deposition, counsel for Par asked:

> Q.  Okay.  Are you aware of the legal restrictions under German law concerning testifying in Germany in the course of a US legal proceedings?
>
> A.  No, I am not aware of this legal details.  Sorry.
>
> Q.  Okay.  So you do not understand that it is illegal under German law for a German citizen in Germany to testify in a United States legal proceeding outside of the consulate?
>
> A.  No, I am not aware until this moment and—but, yes, let us see what that means.  I think it has nothing to do with my expert opinion so far.  I believe.
>
> DR LOEB:  Dr Winter, I very much appreciate the opportunity that you have given me to ask you questions.  I think you are a very attentive and honest witness, and I appreciate that, and I appreciate the time and effort you have put into this matter.
>
> I have no further questions.  Ms Wu[] can ask you some questions if she chooses to.
>
> ….
>
> DR LOEB:  All right.  I have no further questions and unless Ms Wu wants to continue I consider the deposition complete.
>
> MS WU:  I am all set.  Thank you.
>
> THE WITNESS:  Thank you.  In particular to Mr. Loeb for the good atmosphere.  Not saying it is a pleasure, but as good as a deposition can be! Thank you.

Winter Dep. Vol. 2, 12/9/2020, 238:24-239:20, 251:14-21 (Ex. B).  To be clear, the questions were not meant as a "gotcha," or to in any way disqualify or intimidate Dr. Winter, or suggest we would object to his participation in this case, as confirmed by the very next statement counsel made, thanking Mr. Winter for his time, and by the witness's equally gracious reply.  Instead, the questions were merely to ensure that Amneal would not later argue that the deposition was somehow improper and unusable at trial.  Although the question was admittedly inartfully worded, we did not intend to suggest that Dr. Winter had violated German law by consenting to have his deposition taken, and we do not believe he did.  The issue as we understood it at the

---

[1] Involuntary service of process in Germany is prohibited.  In addition, there are difficult issues that arise when a German litigant in a U.S. case opposes discovery in Germany.  Does a German plaintiff consent?  Does a German defendant have the right to invoke treaty obligations when it is in a U.S. case?  These matters are complex, but are not at issue in this case.

time was whether or not a deposition was appropriate if taken outside of the Consulate, and we wanted to make sure Amneal would not assert that we were precluded from using the deposition because of the location for the deposition.

Thereafter, after several exchanges of the draft pretrial order, on December 23, Amneal sent a draft inserting paragraphs stating that Dr. Winter would be testifying "from Europe" and asked that we waive any objection to his testimony based on the fact that he would be testifying under oath outside of the U.S.  *See* Ex. C, at ¶¶ 34 n.2, 37.  The next day, the parties conducted a meet and confer call regarding open issues relating to the proposed Final Pretrial Order.  During the call, Par asked Amneal about the language regarding Dr. Winter's testimony, and counsel for Amneal said that Dr. Winter had been planning to travel outside of Germany to give his testimony, but due to new travel restrictions, he could not do so, and that he also evidently could not go to the U.S. Consulate to testify.  She further said that they were working with a German lawyer on what to do, but wanted to make sure we weren't going to object to him taking the oath outside of the US.  We asked Amneal's counsel whether she knew the language they had included would require us or the Court to do something contrary to German law.  Amneal's counsel responded that she was not sure, and we advised her that we had just received their proposal the night before and would consider it further and get back to them with our thoughts.

This caused us to further investigate the issue.  We then became aware that taking an oath and providing trial testimony from Germany may be an issue, and reviewed the State Department guidance that we cited in the Final Pretrial Order, which made reference to possible criminal penalties.  However, we believed the appropriate thing to do at that point was to bring the issue to the Court's attention and make sure that the Court had as much information available to it as possible.  That is why we included the language we did in the Final Pretrial Order and why we have been deferential to the Court on the issue during the Pretrial Conference and subsequent teleconference.

As noted above, we will provide a detailed timeline later today showing the relevant exchanges between the parties concerning any issues relating to Dr. Winter's testimony, and will attach all of the relevant exchanges between the parties.

                                              Respectfully submitted,

                                              /s/ Michael J. Farnan

                                              Michael J. Farnan

cc: Counsel of Record (Via E-Mail)

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GENENTECH, INC., et al., | ) | |
| Plaintiff(s), | ) | No. C08-4909 SI (BZ) |
| v. | ) | **FOURTH DISCOVERY ORDER** |
| SANOFI-AVENTIS DEUTSCHLAND GMBH, et al., | ) | |
| Defendant(s). | ) | |

Having reviewed the authorities cited by the parties concerning the law regulating the taking of depositions in Germany, **IT IS HEREBY ORDERED** that the depositions of Dr. Menken, and the Rule 30(b)(6) deposition of Sanofi-Aventis Germany, occur on April 1, 2009, and April 2, 2009, respectively, in Frankfurt, at either the homes or places of business of the respective witnesses, where they have consented to be deposed.

The parties' uncertainties on how to proceed with the German depositions stem partly from the inconsistent guidance given by the State Department and the United States Diplomatic Mission to Germany on their respective web sites. U.S. Department of State, Bureau of Consular Affairs, Judicial Assistance Germany,

1

1  http://travel.state.gov/law/info/judicial/judicial_648.html
2  (last visited March 26, 2009); United States Diplomatic
3  Mission to Germany, U.S. Citizen Services in Germany,
4  http://germany.usembassy.gov/acs/judicial-assistance.html
5  (last visited March 26, 2009); *see also* <u>In re Vitamin
6  Antitrust Litigation</u>, No. Misc. 99-197, 2001 WL 35814436 at
7  *7-*8 (D.D.C. Sept. 11, 2001).

However, I have read the diplomatic notes exchanged between Germany and the U.S. on this issue. *See* Exchange of Notes Between the United States of America and the Federal Republic of Germany, dated October 8, 1956 and February 1, 1980, T.I.A.S. No. 9938, 32 U.S.T. 4189, 1980 WL 309267. Those exchanges establish that a witness who consents to be deposed at the witness's home or place of business need not be deposed at the Consulate.[1]  Courts have recognized that the Hague Convention is not necessarily the exclusive means of obtaining discovery.  *See e.g.*, <u>Laker Airways Ltd. v. Pan American World Airways</u>, 103 F.R.D. 42, 51 (D.D.C. 1984).

Dated: March 26, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\GENENTECH\FOURTH DISCOVERY ORDER RE DEPOSITIONS.FINAL.wpd

---

[1] Specifically, in one of the diplomatic exchanges, Germany agrees to "visits by American investigating offers to non-Americans for the purpose of questioning within the meaning of the [previous agreement] at the latter's homes and places of business, provided the persons to be questioned expressly request questioning to be conducted at their homes or places of business, or expressly consent to this form of questioning." The Ministry of Foreign Affairs, Note Verbale, T.I.A.S. No. 9938, 32 U.S.T. 4181 (October 8, 1956).

# EXHIBIT B



Deposition of:

# Dr. Gerhard Winter V2

*December 9, 2020*

In the Matter of:

# Par Pharmaceutical Inc Et Al v. Amphastar Pharmaceutical Et Al

Veritext Legal Solutions
888.777.6690 | cs-midatlantic@veritext.com | 215-241-1000

CONFIDENTIAL

Page 139

```
 1
           IN THE UNITED STATES DISTRICT COURT
 2              FOR THE DISTRICT OF DELAWARE
 3
       _____
 4                                       :
       PAR PHARMACEUTICAL, INC           : CA No:
 5     PAR STERILE PRODUCTS, LLC         : 18-cv
       and ENDO PAR INNOVATION           : 2032-CFC
 6     COMPANY, LLC                      :
                                         :
 7               Plaintiffs              :
                                         :
 8                   v                   :
                                         :
 9     AMPHASTAR PHARMACEUTICALS         :
       INC et al                         :
10                                       :
                 Defendants              :
11                                       :
       _____:
12
                  * Video Deposition *
13
                           of
14
                   Dr. Gerhard Winter
15                       Vol II
16
17
           On Wednesday, December 9, 2020
18
               Commencing at 2:15 pm CET
19                      1:15 pm GMT
20
         Held virtually via videoconferencing,
21
         from Germany and London, United Kingdom
22
23
24     Transcribed by: Miss Pamela Henley, Court Reporter
25     Veritext Solutions - Job No.  4358193
```

Page 236

[redacted]

22　　　　MS WU: I think we are at the
23　7-hour mark, so I know you are still in the middle
24　of something, Jonathan, so I am happy to let you
25　wrap this up to the extent you, or whoever is

Page 237

1　defending, extends me the same courtesy for Dr
2　Kirsch's deposition.
3　　　　DR LOEB: Sure, I appreciate your
4　courtesy, and, of course, we will reciprocate.
5　Give me 5 more minutes, is that all right?
6　　　　MS WU: That is fine. Right,
7　Dr Winter, is that okay?
8　　　　THE WITNESS: That is okay. Thank
9　you.
10　BY DR LOEB:
11　　Q.　Sorry, I lost my place. Okay, if
12　the time zero measurements were not collected at
13　the same time relative to the date of manufacture
14　for the Original Vasostrict® registration batches
15　as compared to Lot 788436 how would that affect
16　the results of your prediction?
17　　A.　It would not affect the results of
18　my prediction.
19　　Q.　And why not?
20　　A.　Because I think it is correct to
21　rely on the stability study in the way it has been
22　conducted by Par, and as far as I recall these
23　studies have been brought to the attention of the
24　FDA. They have been submitted as a particularly
25　important piece of the regulatory process, and I

Page 238

[redacted]

24　　Q.　Okay. Are you aware of the legal
25　restrictions under German law concerning

Page 239

1　testifying in Germany in the course of a US legal
2　proceedings?
3　　A.　No, I am not aware of this legal
4　details. Sorry.
5　　Q.　Okay. So you do not understand that
6　it is illegal under German law for a German
7　citizen in Germany to testify in a United States
8　legal proceeding outside of the consulate?
9　　A.　No, I am not aware until this
10　moment and -- but, yes, let us see what that
11　means. I think has nothing to do with my expert
12　opinion so far. I believe.
13　　　　DR LOEB: Dr Winter, I very much
14　appreciate the opportunity that you have given me
15　to ask you questions. I think you are a very
16　attentive and honest witness, and I appreciate
17　that, and I appreciate the time and effort you
18　have put into this matter.
19　　　　I have no further questions. Ms Wu,
20　can ask you some questions if she chooses to.

[redacted]



Page 248

Page 249

Page 250

Page 251

14     DR LOEB: All right. I have no
15  further questions and unless Ms Wu wants to
16  continue I consider the deposition complete.
17     MS WU: I am all set. Thank you.
18     THE WITNESS: Thank you. In
19  particular to Mr Loeb for the good atmosphere.
20  Not saying it is a pleasure, but as good as a
21  deposition can be! Thank you.
22     THE VIDEOGRAPHER: Would you like
23  to go off the record?
24     DR LOEB: Sure.
25     THE VIDEOGRAPHER: We are going off

Page 252

1  the record. The time is now 6.36 pm CET, and this
2  concludes today's testimony given by Dr Gerhard
3  Winter.
4           The total number of media units
5  today was 5 and will be retained by Veritext Legal
6  Solutions.
7           (Discussion off the record)
8           THE COURT REPORTER: May I get the
9  order on the record, please?
10          DR LOEB: We do not need a rough
11 tonight. May we have the transcripts expedited for
12 Monday?
13          MS WU: The same, please.
14          THE COURT REPORTER: Yes.
15      (Deposition concluded at 6:36 pm CET)

Page 253

1           CERTIFICATE OF WITNESS
6       I, Dr. Gerhard Winter, am the witness
7  in the foregoing deposition. I have read the
8  foregoing deposition and, having made such changes
9  and corrections as I desired, I certify that the
10 transcript is a true and accurate record of my
11 responses to the questions put to me on Wednesday,
12 December 9th, 2020.
17 Signed_____
18    Dr. Gerhard Winter
19 Dated this _____ day of_____ 2020

Page 254

1           CERTIFICATE OF COURT REPORTER
3       I, Pamela E. Henley, Court Reporter,
4  do hereby certify that I took the stenotype notes
5  of the foregoing deposition and that the
6  transcript thereof is a true and accurate record
7  transcribed to the best of my skill and ability
8       I further certify that I am neither
9  counsel for, related to, nor employed by any of
10 the parties to the action in which this deposition
11 was taken, and that I am not a relative or
12 employee of any attorney or counsel employed by
13 the parties hereto, nor financially or otherwise
14 interested in the outcome of the action.
16 Dated: Monday, December 14, 2020

21 _____
22    Pamela E. Henley

Page 255

1  Huiya Wu, Esquire
2  hwu@goodwinlaw.com
3           December 14, 2020
4  Par Pharmaceutical Inc Et Al v. Amphastar Pharmaceutical Et Al
5   12/9/2020, Dr. Gerhard Winter V2 (#4358193)
6   The above-referenced transcript is available for
7  review.
8   Within the applicable timeframe, the witness should
9  read the testimony to verify its accuracy. If there are
10 any changes, the witness should note those with the
11 reason, on the attached Errata Sheet.
12  The witness should sign the Acknowledgment of
13 Deponent and Errata and return to the deposing attorney.
14 Copies should be sent to all counsel, and to Veritext at
15 cs-midatlantic@veritext.com
17  Return completed errata within 30 days from
18 receipt of testimony.
19  If the witness fails to do so within the time
20 allotted, the transcript may be used as if signed.
22       Yours,
23       Veritext Legal Solutions

# EXHIBIT C

## Gagliardi, Sharon

| | |
|---|---|
| **From:** | Curiel, Ryan C. <RCuriel@goodwinlaw.com> |
| **Sent:** | Wednesday, December 23, 2020 6:02 PM |
| **To:** | EXT Brian Farnan; Greene, Blake; Goldberg, Brian; Black, Martin; EXT Michael Farnan; ALL NA Endo Vasopressin; Hildreth, Nancy; Rhoad, Robert; Gagliardi, Sharon |
| **Cc:** | agaza@ycst.com; DG-Amneal-Vasopressin; rvrana@ycst.com |
| **Subject:** | Par v. Amneal (18cv2032 D. Del.) - Pretrial exchanges |
| **Attachments:** | Change-Pro Redline -  Par v Amneal PTO Shell 12.21.2020 and Par v Amneal PTO Shell 12.23.2020 (Amneal Edits Clean).docx; Change-Pro Redline -  Par v. Amneal Ex 01 to PTO - Statement of Admitted Facts 12.21.2020 and Par v. Amneal Ex 01 to PTO - Statement of Admitted Facts (Amneal edits 12.23.2020 Clean).doc; Par v Amneal PTO Shell 12.23.2020 (Amneal Edits Clean).DOCX; Par v Amneal Ex 01 to PTO - Statement of Admitted Facts (Amneal edits 12.23.2020 Clean).DOCX |

**[EXTERNAL EMAIL]**

Counsel,

Pursuant to the parties' agreement, attached are the following drafts:
- Amneal's edits to the Statement of Admitted Facts
- Amneal's edits to the PTO Shell

Amneal reserves the rights to modify these drafts as the parties finalize the pretrial order.

**Ryan C. Curiel**
Senior Paralegal



RCuriel@goodwinlaw.com | goodwinlaw.com

******************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
******************************************************************

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC and ENDO PAR INNOVATION COMPANY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, et al.<br><br>Defendants. | C.A. No. 18-cv-2032-CFC-CJB (Consolidated)<br><br>**FILED UNDER SEAL** |

## JOINT [PROPOSED] PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure. Plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, LLC (collectively "Plaintiffs" or "Par") and Defendants Amneal EU, Limited, Amneal Pharmaceuticals of New York LLC, Amneal Biosciences LLC, and Amneal Pharmaceutical Pvt. Ltd.'s ("Defendants" or "Amneal"), by their undersigned counsel, collectively submit this proposed Joint Pretrial Order pursuant to D. Del. L.R. 16.3. The parties attempted in good faith to reach consensus on the following issues. To the extent the parties had differing

~~examination of the witness. The parties have met and conferred to develop protocols for the exchange of exhibits in light of the virtual nature of the trial.~~

**33. The parties have met and conferred to develop protocols for the exchange of exhibits in light of the virtual nature of the trial.**

~~35~~**34**. For a witness who is to testify out of order or has limitations or requirements with regard to timing or availability, the sponsoring party must, if possible, raise these issues no later than two calendar days prior to the day said witness is to testify in order for the Court to have sufficient time to resolve any issues, as necessary. The parties agree to be reasonable and cooperate in permitting witnesses to testify out of order due to scheduling issues outside of the witness' or parties' controls.[2]

**35. Notwithstanding anything to the contrary, the parties will meet and confer on specific procedures to ensure that binders can be printed and delivered to any witness outside of the United States, or otherwise agree to use electronic documents.**

---

[2] **The parties understand that Defendants' expert witness, Gerhard Winter, Ph.D. will be testifying remotely from Europe. In order to account for the difference in time zone and allow Dr. Winter to testify at a reasonable local European time, the parties agree that Defendants may amend** the order of presentation of **Defendants' rebuttal cases, so long as the disclosures under this section are otherwise timely made.**

**36.** **The testimony of a Witness testifying outside of the United States may be used as if the testimony was taken in-person in the Unites States District Court for the District of Delaware.**

**37.** **The parties waive any objections to a Witness on the basis that the Witness is testifying under oath live and outside of the United States..**

B. **Deposition Designations**

~~36~~**38**. Plaintiffs' list of deposition designations, Defendants' objections to Plaintiffs' designations, Defendants' counter-designations, and Plaintiffs' objections to such counter-designations are attached as **Exhibit 11**.

~~37~~**39**. Defendants' list of deposition designations, Plaintiffs' objections to Defendants' designations, Plaintiffs' counter-designations, and Defendants' objections to such counter-designations are attached as **Exhibit 12**.

~~38~~**40**. Absent good cause shown, no deposition testimony not previously designated pursuant to this Order may be later added for these witnesses.

**41.** **The deposition testimony taken by defendants in both *Par Pharmaceutical, Inc. et al. v. Eagle Pharmaceuticals Inc.*, C.A. No. 18-cv-823-CFC (D. Del.) and *Par Pharmaceutical, Inc. et al. v. Sandoz Inc.*, 18-cv-14895-BRM-DEA (D.N.J.) may be used as if taken in this case.**

~~39~~**42**. With respect to those witnesses who will be called to testify at trial (designated in the Pretrial Order as "will call"), no deposition designations or

- 13 -