

January 8, 2021

**VIA E-FILING**
The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124; Unit 31
Wilmington, DE 19801-3555

      RE:    *Par Pharmaceutical Inc., et al. v. Amneal Pharmaceuticals of New York LLC, et al.* <u>C.A. No. 18-cv-2032-CFC-CJB (Consolidated)</u>

Dear Judge Connolly:

We write in further response to the Oral Order entered by the Court this morning.  Following up on the partial response letter we submitted shortly before noon, we provide Attachment A, which is a detailed timeline of all of the parties' exchanges concerning the deposition testimony and/or anticipated trial testimony of Dr. Winter, along with copies of any of the communications that were in writing.  We have searched for, and believe we have captured, all of the relevant exchanges between the parties concerning the issue.

                                     Respectfully submitted,

                                     /s/ Michael J. Farnan

                                     Michael J. Farnan

cc: Counsel of Record (Via E-Mail)

ATTACHMENT A

TIMELINE

1. October 5:      After serving its opening expert reports, Par offered deposition dates for its experts and asked for dates to depose each of Amneal's experts.  Ex. 1.

2. October 6-19:  The parties exchanged a chain of emails concerning the scheduling of Dr. Winter's deposition.  Ex. 2.

3. November 13 – 30:  The parties exchanged a lengthy chain of emails concerning a variety of issues, including the re-scheduling of and logistical issues concerning Dr. Winter's deposition.  Ex. 3 (excerpted, includes all discussions concerning Dr. Winter's deposition).

   a. Amneal's email of November 19 at 9:08 am offered to make Dr. Winter available on "December 8 (starting as early as reasonably needed to end the deposition by 2 PM ET)".  This was the first indication that Dr. Winter would not be testifying from the U.S.

   b. Amneal's offer created issues for Par, because in order to complete the deposition by 2 pm ET, we would have had to start it by 4 am ET, and Par's examining attorney resides in California, so it would have been 1 am for him.

   c. After further email exchanges, the parties agreed to split Dr. Winter's deposition across two days, and time them to start at 8 a.m. EDT (where this case is venued), so that it would begin at 2 p.m. GMT+1 for Dr. Winter, and at 5 a.m. PDT for the examining attorney.  *See* emails exchanged between November 19 and 24.

   d. On November 30, Amneal advised that the address to which Par should ship hard copies of documents for Dr. Winter to use at his deposition was in Germany.  *See* November 30 email at 2:35 pm.

   e. It was at that point that it occurred to Par that there might be an issue deposing a witness located in Germany outside of the U.S. Consulate, and that upon investigation, Par found the *Genentech v. Sanofi-Aventis* case described in Par's letter from earlier today.

4. December 1:   Par emailed Amneal a first draft of the shell (cover) document for the proposed Final Pretrial Order; no mention was made of any issues regarding Dr. Winter's testimony.

5. December 1:   Par emailed Amneal reminding them we still needed a phone number for Dr. Winter in case it was needed by FedEx to deliver the hard copy documents.  Ex. 4.

6.  December 2/3:   The parties exchanged further email communications regarding the address and contact information for Dr. Winter, so that hard copies of documents to be used at his deposition could be sent to him.  Ex. 5; *see also* Ex. 6.

7.  December 6/7:   The parties exchanged email communications regarding Dr. Winter's receipt of copies of documents to be used at his deposition.  Ex. 7.

8.  December 7:   Amneal responded with its proposed revisions to the draft Final Pretrial Order; Amneal made no mention of any issues regarding Dr. Winter's testimony.

9.  December 8-9:   Par deposed Dr. Winter (as described in the letter filed earlier today; a copy of the transcript was provided by Amneal).

10. December 21:   Par responded with its further revisions to the draft Final Pretrial Order; no mention was made of any issues regarding Dr. Winter's testimony.

11. December 21:   Defendants provided a revised draft of the Remote Trial Procedure document that had been exchanged between the parties, which stated in a footnote that Dr. Winter "will be testifying remotely from Europe," and proposed that in order accommodate the time difference, the parties agree that Defendants may amend the order of their presentation of their rebuttal case if necessary.  *See* Ex. 8 at 11 n.2.

12. December 23:   Amneal responded with its further revisions to the draft Final Pretrial Order, raising issues concerning Dr. Winter's trial testimony.  *See* Ex. 9, at ¶¶ 34, 37).  In particular, Amneal stated in fn 2 to ¶ 34 that Dr. Winter would be testifying "remotely from Europe," and proposed that in order accommodate the time difference, the parties agree that Defendants may amend the order of their presentation of their rebuttal case if necessary.  Then, in ¶ 37, Amneal proposed that the parties agree to waive any objection to a witness "testifying under oath live and from outside of the United States."  *See also id.*, ¶¶ 35-36.

13. December 24:   Par circulated a revised draft of the Remote Trial Procedures which deleted the reference to Dr. Winter's testimony (*see* entry #11 above), in view of Amneal's inclusion of the same language in its revised draft of the Final Pretrial Order.  *See* Ex. 10, deletion of fn at p. 12.

14. December 24:   The parties conducted a meet and confer call regarding open issues relating to the proposed Final Pretrial Order, which included, to the best of Par's recollection, the following exchanges concerning Dr. Winter:
    - Par asked Amneal about the language regarding Dr. Winter's testimony in their latest revised drafts;
    - Counsel for Amneal (Linnea Cipriano) said that Dr. Winter had been planning to travel outside of Germany to give his testimony,

> but due to new travel restrictions, he could not do so, and that he also evidently could not go to the U.S. Consulate to testify;
>
> - She further said that they were working with a German lawyer on what to do, but wanted to make sure we weren't going to object to him taking the oath outside of the US;
> - We inquired if she knew whether the language they had included would require us or the Court to do something contrary to German law; and
> - Ms. Cipriano stated she was not sure, and we advised her that we had just received their proposal the night before and would consider it further and get back to her with our thoughts.

15. December 29:   Par responded with its proposed revised language for the draft Final Pretrial Order concerning Dr. Winter's testimony.  *See* Ex. 11, at ¶¶ 37-40.  Among other things, in its edits, Par agreed to allow Defendants to adjust the presentation of their rebuttal cases to accommodate Dr. Winter in the event he were permitted to testify from outside the U.S. (¶ 37); Par stated that it did not object in principle to testimony of a witness outside the U.S. being used as if it was taken in-person in the U.S. but wanted to seek guidance from the Court as to whether it can provide such consent for a witness who resides in Germany in view of the guidance published by the U.S. State Department (*see* letter from earlier today) (¶ 39); and Par stated that it was willing to waive any objections to witnesses testifying under oath outside the United States, but questioned whether it had authority to do so, citing the authority which gave it concern, and indicating that it wished to seek guidance from the Court as to how to proceed (¶ 40).

16. December 29:   Amneal responded with further revised language to ¶ 40 of the draft Final Pretrial Order, setting forth additional information concerning Dr. Winter's circumstances.  *See* Ex. 12, at ¶ 40.

17. December 29:   The draft of the proposed Final Pretrial Order was filed, with the final agreed upon language presenting the issue to the Court.  *See* D.I. 246, at ¶¶ 37-40.

18. December 31:   The parties conducted a further meet and confer regarding the Remote Trial Protocol, during which Amneal raised its proposal that Dr. Winter would provide a videotaped self-affirmation as a way to have him testify from Germany consistent with German law.

19. January 4:    Par advised Amneal that it would take no position with respect to Amneal's proposal for Dr. Winter to provide a self-affirmation.  *See* Ex. 13.

20. January 5:    The parties discussed the issue with the Court during the final pretrial conference.

4

# EXHIBIT 1

## Gagliardi, Sharon

| | |
|---|---|
| **From:** | Gagliardi, Sharon |
| **Sent:** | Monday, October 5, 2020 4:59 PM |
| **To:** | DG-Amneal-Vasopressin |
| **Cc:** | ALL NA Endo Vasopressin |
| **Subject:** | Re: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated) |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel,

Please confirm as soon as possible whether the following proposed deposition dates work for Amneal:

Stellon - November 12
Kirsch - November 19
Coralic - November 24

Additionally, please propose deposition dates for Amneal's experts.

Regards,
Sharon

# EXHIBIT 2

## Gagliardi, Sharon

| | |
|---|---|
| **From:** | Gagliardi, Sharon |
| **Sent:** | Monday, October 19, 2020 2:00 PM |
| **To:** | Mahmood, Tiffany |
| **Cc:** | DG-Amneal-Vasopressin; ALL NA Endo Vasopressin |
| **Subject:** | Re: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated) |

Confirmed. Thanks.


On Oct 13, 2020, at 10:21 AM, Mahmood, Tiffany <TMahmood@goodwinlaw.com> wrote:


[EXTERNAL EMAIL]

Thanks Sharon.

Dr. Winter is available on November 23, 2020.

---

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Wednesday, October 7, 2020 2:07 PM
**To:** Mahmood, Tiffany <TMahmood@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>
**Subject:** RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

Tiffany,

We can confirm the dates for Marias and Waxman.  The date proposed for Winter does not work.  Is Winter available for deposition on 11/23 or 11/24?

Regards,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**

<span style="background:black">█████████</span>
sharon.gagliardi@dechert.com
dechert.com

---

**From:** Mahmood, Tiffany [mailto:TMahmood@goodwinlaw.com]
**Sent:** Tuesday, October 6, 2020 7:29 PM
**To:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>
**Subject:** RE: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

[EXTERNAL EMAIL]

Thanks Sharon.

Those dates are acceptable to Amneal.

Please see below our proposed dates for deposition of our experts:

Winter – November 16
Marais – November 18
Waxman – November 20

Please confirm whether those dates work for Par.

Thanks,

Tiffany

---

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Monday, October 5, 2020 4:59 PM
**To:** DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>
**Subject:** Re: Par v. Amphastar et al., C.A. No. 18-cv-2032-CFC (Consolidated)

Counsel,

Please confirm as soon as possible whether the following proposed deposition dates work for Amneal:

Stellon - November 12
Kirsch - November 19
Coralic - November 24

Additionally, please propose deposition dates for Amneal's experts.

Regards,
Sharon

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

*****************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

# EXHIBIT 3

## Gagliardi, Sharon

| | |
|---|---|
| **From:** | Zhu, Shaobo <SZhu@goodwinlaw.com> |
| **Sent:** | Monday, November 30, 2020 2:35 PM |
| **To:** | Gagliardi, Sharon; Cipriano, Linnea P; Rhoad, Robert; Wu, Huiya; DG-Amneal-Vasopressin |
| **Cc:** | Gaza, Anne Shea; rvrana@ycst.com; Black, Martin; EXT Michael Farnan; EXT Brian Farnan; Greene, Blake; Goldberg, Brian; Loeb, Jonathan; Roberts, Daniel; Hildreth, Nancy |
| **Subject:** | RE: Par v Amneal -- ███████████████████ |

> [EXTERNAL EMAIL]

Sharon,

Dr. Marais is available to start his deposition at 10:30 AM ET.



Regards,
Shaobo

---

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Monday, November 30, 2020 10:52 AM
**To:** Zhu, Shaobo <SZhu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy <Nancy.Hildreth@dechert.com>
**Subject:** RE: Par v Amneal -- ███████████████████

Shaobo,

Can you please provide the requested mailing addresses today?

Regards,
Sharon

**Sharon K. Gagliardi**

███████████████████████

sharon.gagliardi@dechert.com
dechert.com

---

**From:** Gagliardi, Sharon
**Sent:** Tuesday, November 24, 2020 12:47 PM
**To:** 'Zhu, Shaobo' <SZhu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy <Nancy.Hildreth@dechert.com>
**Subject:** RE: Par v Amneal -- ███████████████████████

Shaobo,

We accept the proposed dates for the Winter and Marais depositions and accept the proposed times for Dr. Winter.  Please confirm that the deposition of Dr. Marais will start at 10 am ET.  Please provide the mailing addresses for the binders for each as soon as possible, as we will need extra time for Dr. Winter's binder(s).  We need email addresses for the attendees as well.  We anticipate providing Dr. Kirsch's supplemental report on December 2, 2020 and will be in touch with a proposed date for Dr. Kirsch's deposition.

Regards,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**

███████████████████████

sharon.gagliardi@dechert.com
dechert.com

---

**From:** Zhu, Shaobo [mailto:SZhu@goodwinlaw.com]
**Sent:** Monday, November 23, 2020 5:44 PM
**To:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy <Nancy.Hildreth@dechert.com>
**Subject:** RE: Par v Amneal -- ███████████████████████

**[EXTERNAL EMAIL]**

Sharon,

Dr. Winter is available for deposition on December 8 and 9 from 8 AM to 1 PM ET each day.  Dr. Marais is available for deposition on December 10.  Please confirm that these dates work for Par.

Please let us know when you expect to provide us with Dr. Kirsch's supplemental expert report regarding infringement, and confirm that you expect to serve that report no later than December 2.  Please also provide us with the date(s) on which Dr. Kirsch will be available for deposition that do not overlap with the deposition dates that have currently been offered.

Regards,
Shaobo

---

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Thursday, November 19, 2020 2:45 PM
**To:** Zhu, Shaobo <SZhu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy <Nancy.Hildreth@dechert.com>
**Subject:** RE: Par v Amneal -- ███████████████████

Shaobo,

The fact that Amneal chose an expert resident in Germany should not disadvantage Par.  We are entitled to 7 hours on the record with Dr. Winter during business hours in the Court's time zone.  Accordingly, you need to make Dr. Winter available between 8am and 6pm eastern.  We made a very reasonable proposal that would minimize inconvenience to both sides.  Your counterproposal is unacceptable.  As I requested before, please propose two consecutive dates for Dr. Winter's deposition.

Regards,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**
████████████████████

sharon.gagliardi@dechert.com
dechert.com

---

**From:** Zhu, Shaobo [mailto:SZhu@goodwinlaw.com]
**Sent:** Thursday, November 19, 2020 1:56 PM
**To:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy <Nancy.Hildreth@dechert.com>
**Subject:** RE: Par v Amneal -- ███████████████████

[EXTERNAL EMAIL]

Sharon,

We do not believe 2 days is necessary to complete Dr. Winter's deposition.  We can agree to starting at 5:30 AM ET and keeping breaks short (e.g. 30 minute break for breakfast/lunch/dinner and 6 additional 10-minute breaks) in order to wrap up by 2 PM ET.  Please confirm that this is acceptable to Par.

Regards,
Shaobo

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Thursday, November 19, 2020 12:35 PM
**To:** Zhu, Shaobo <SZhu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy <Nancy.Hildreth@dechert.com>
**Subject:** RE: Par v Amneal -- ██████████████████

Shaobo,

To clarify my last email, please note that Par is not able to conduct the Winter and Marais depositions simultaneously.  Please propose days for Winter and Marais that do not overlap.

Regards,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**

██████████████████████

sharon.gagliardi@dechert.com
dechert.com

**From:** Gagliardi, Sharon
**Sent:** Thursday, November 19, 2020 12:22 PM
**To:** 'Zhu, Shaobo' <SZhu@goodwinlaw.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy <Nancy.Hildreth@dechert.com>
**Subject:** RE: Par v Amneal -- ██████████████████

Shaobo,

In order to finish Dr. Winter's deposition by 2 PM ET, we would need to start his deposition at 4 AM ET.  We think it makes more sense to break his deposition into two consecutive days to account for the time difference as we did with Mr. Joshi, for example going from 9:30 am ET – 2pm ET each day.  Please propose two days for Dr. Winter's deposition.  If this means Dr. Marais needs to move to December 10, that is fine with Par.

Regards,
Sharon


**Sharon K. Gagliardi**

**Dechert LLP**
███████████████████████
sharon.gagliardi@dechert.com
dechert.com

---

**From:** Zhu, Shaobo [mailto:SZhu@goodwinlaw.com]
**Sent:** Thursday, November 19, 2020 9:08 AM
**To:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Gagliardi, Sharon <sharon.gagliardi@dechert.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy <Nancy.Hildreth@dechert.com>
**Subject:** RE: Par v Amneal -- ██████████████████████

> [EXTERNAL EMAIL]

Counsel,

Assuming that Dr. Kirsch serves his supplemental expert report regarding infringement by December 2, below are the proposed dates for deposition of our experts:

Winter – December 8 (starting as early as reasonably needed to end the deposition by 2 PM ET)
Marais – December 9

Please confirm whether these dates work for Par.

Regards,
Shaobo

---

**From:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>
**Sent:** Monday, November 16, 2020 1:07 PM
**To:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy

<Nancy.Hildreth@dechert.com> ██████████
**Subject:** RE: Par v Amneal -- ████████████████████████

Thanks for following up, Sharon.  We just received approval of the version of the stipulation I sent on Friday from our client.  We can move forward with getting this on file.

Regards,
Linnea

---

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Monday, November 16, 2020 1:00 PM
**To:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy <Nancy.Hildreth@dechert.com>
**Subject:** RE: Par v Amneal -- ████████████████████████

Linnea,

Do you have a response from your client on the latest draft of the stipulation?  We would like to get it on file today and are fine with the edits you sent Friday.

Regards,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**
████████████████████████████
sharon.gagliardi@dechert.com
dechert.com

---

**From:** Cipriano, Linnea P [mailto:LCipriano@goodwinlaw.com]
**Sent:** Friday, November 13, 2020 5:22 PM
**To:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy <Nancy.Hildreth@dechert.com>
**Subject:** RE: Par v Amneal -- ████████████████████████

[EXTERNAL EMAIL]

Sharon,

We are conferring with our client, and we will get back to you on the stipulation as soon as possible.  We realized that we will need to make an edit to Paragraph 4 regarding the extension of the deadline for the close of expert discovery to

account for the depositions of Dr. Winter and Dr. Marais.  I am attaching a version of the stipulation with a proposed edit along these lines.  We are waiting for client approval on this draft, but we wanted to send it along for your consideration.

Regarding Ms. Gupta's deposition, we will move forward with her deposition on Nov. 18.  We will send email addresses and appropriate mailing addresses in a separate email.

Please confirm that Mr. Stellon will not be serving any additional reports.  We do not plan on proceeding with his deposition next week if he will be submitting any additional opinions after Amneal produces the requested discovery.

Regarding the remaining depositions, we are willing to work to complete depositions as quickly as possible, however, we cannot present Dr. Winter and Dr. Marais for deposition before receiving Dr. Kirsch's supplemental infringement report.  As we've stated on the call earlier today, we will endeavor to get you the documents Par has requested by the end of next week and schedule the deposition of Amneal's witness before Thanksgiving.  If Dr. Kirsch can serve his supplemental infringement report by November 30, we will confirm that Drs. Winter and Marais are available for deposition before Dec. 7.  However, if Dr. Kirsch's report is served later than Nov. 30, we may need to push these depositions into the week of Dec. 7.

I am attaching a revised schedule of pre-trial exchanges.  I am not sending a redline because it was unreadable.  Please let me know when you are available on Monday to discuss.

Regards,
Linnea

---

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Friday, November 13, 2020 4:09 PM
**To:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy <Nancy.Hildreth@dechert.com>
**Subject:** RE: Par v Amneal -- ███████████ ANDA

Linnea,

We have accepted your edits and made further additional edits.  Please advise if these edits are acceptable to Amneal.  We would like to get this stipulation on file today.

While we do not believe that the depositions of Drs. Winter and Marais need to be rescheduled, we are nonetheless willing to work with you on rescheduling these depositions as long as they are completed before December 7 so that the parties can focus on preparing for trial.

Further, your email yesterday was unclear as to whether the deposition of Ms. Gupta needs to be rescheduled.  Please advise by the close of business today.  If Ms. Gupta's deposition is proceeding on Wednesday, November 18, 2020, please provide the email address of anyone attending so that we can send the appropriate Veritext links.

Please provide the email address of anyone attending the Waxman dep by 10 am EST on Wednesday, November 18, 2020.

Finally, please provide any edits to the proposed pretrial exchange schedule that I sent to you on November 4, 2020 by no later than the close of business on Monday, November 16, 2020.


Regards,
Sharon


**Sharon K. Gagliardi**

**Dechert LLP**

██████████████████

sharon.gagliardi@dechert.com
dechert.com

---

**From:** Cipriano, Linnea P [mailto:LCipriano@goodwinlaw.com]
**Sent:** Thursday, November 12, 2020 1:40 PM
**To:** Rhoad, Robert <robert.rhoad@dechert.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>
**Cc:** Gaza, Anne Shea <agaza@ycst.com>; rvrana@ycst.com; Black, Martin <martin.black@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>; Greene, Blake <Blake.Greene@dechert.com>; Goldberg, Brian <Brian.Goldberg@dechert.com>; Loeb, Jonathan <jonathan.loeb@dechert.com>; Gagliardi, Sharon <sharon.gagliardi@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Hildreth, Nancy <Nancy.Hildreth@dechert.com>
**Subject:** RE: Par v Amneal -- ████████████████████

**[EXTERNAL EMAIL]**

Bob,

Amneal will agree that the only infringement issue to be tried will be whether Amneal's proposed ANDA products satisfy the pH limitations of the asserted claims, including whether Amneal's product has a pH within the claimed range and whether Amneal will induce infringement of the asserted claims by selling a product ███████████████████ ███████████   Attached is a redline of the stipulation with our proposed edits.  Please let us know if these are acceptable.

As explained in Amneal's responses to Par's supplemental discovery requests, we will provide reasonable discovery related to Amneal's recent submission.  Amneal will produce documents in response to Par's requests as quickly as possible, and we will schedule a supplemental deposition of an Amneal witness shortly after the documents are produced.

As set forth in the attached stipulation, Amneal reserves the right to respond to any new opinions raised in Stellon's or Kirsch's supplemental reports.  Therefore, we expect that we will need to reschedule the depositions of Dr. Winter and Dr. Marais.  We do not expect to need to reschedule the deposition of Dr. Waxman.  We await confirmation regarding our proposal of Nov. 18 for Ms. Gupta's deposition.

Regards,
Linnea

---

**From:** Rhoad, Robert <robert.rhoad@dechert.com>
**Sent:** Tuesday, November 10, 2020 5:52 PM
**To:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>; Wu, Huiya <HWu@goodwinlaw.com>; DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>

# EXHIBIT 4

**Gagliardi, Sharon**

| | |
|---|---|
| **From:** | Gagliardi, Sharon |
| **Sent:** | Tuesday, December 1, 2020 9:38 PM |
| **To:** | 'Cipriano, Linnea P' |
| **Subject:** | RE: tomorrow's exchange |

Linnea,

We are amenable to a one day extension across the board (initial designations 12/3; objections/counters to 12/17; objections to counters to 12/22).  This should provide adequate additional time to manually highlight the transcripts and enter the lines into a spreadsheet if necessary.  Please confirm.  Also, can you please get me the phone number of Drs. Winter and Marais by early tomorrow in case they are needed for Fed Ex.  As a reminder, we also need the additional mailing addresses and all pertinent email addresses for the Winter and Marais deps next week.  The Winter binders will need to go out this week to arrive by Monday.

Regards,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**

sharon.gagliardi@dechert.com
dechert.com

**From:** Cipriano, Linnea P [mailto:LCipriano@goodwinlaw.com]
**Sent:** Tuesday, December 1, 2020 7:18 PM
**To:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Subject:** RE: tomorrow's exchange

[EXTERNAL EMAIL]

Hi Sharon,
We are having issues with the software that generates the designations and highlighted transcripts.  Can we push back the deadline to disclose designations to Friday and the remaining deadlines by the same amount (initial designations 12/4; objections/counters to 12/18; objections to counters to 12/23)?

Thanks,
Linnea

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Tuesday, December 1, 2020 6:15 PM
**To:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>
**Subject:** tomorrow's exchange

Please confirm that for tomorrow's exchange of deposition designations that you plan to serve an Excel file containing the designations along with highlighted pdfs.

**Sharon K. Gagliardi**

**Dechert LLP**



sharon.gagliardi@dechert.com
dechert.com

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.


********************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
********************************************************************

# EXHIBIT 5

## Gagliardi, Sharon

| | |
|---|---|
| **From:** | Zhu, Shaobo <SZhu@goodwinlaw.com> |
| **Sent:** | Thursday, December 3, 2020 2:28 PM |
| **To:** | Gagliardi, Sharon |
| **Cc:** | Cipriano, Linnea P |
| **Subject:** | RE: Vasopressin -Dr. Winter's and Marais' phone |

**[EXTERNAL EMAIL]**

Sharon,

████████████████████████

████████████████████████████

████████████████████████

Regards,
Shaobo

---

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Thursday, December 3, 2020 2:26 PM
**To:** Zhu, Shaobo <SZhu@goodwinlaw.com>
**Cc:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>
**Subject:** RE: Vasopressin -Dr. Winter's and Marais' phone

Shaobo,

I just realized that your email with the addresses for Dr. Winter and Dr. Marais did not include their email addresses.  Please send them so that we can have Veritext send the invite.

Thanks,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**  ████████████████
sharon.gagliardi@dechert.com
dechert.com

---

**From:** Zhu, Shaobo [mailto:SZhu@goodwinlaw.com]
**Sent:** Thursday, December 3, 2020 11:52 AM
**To:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Cc:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>
**Subject:** RE: Vasopressin -Dr. Winter's and Marais' phone

[EXTERNAL EMAIL]

Sharon,



Regards,
Shaobo

---

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Wednesday, December 2, 2020 2:20 PM
**To:** Zhu, Shaobo <SZhu@goodwinlaw.com>
**Cc:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>
**Subject:** Re: Vasopressin -Dr. Winter's and Marais' phone

Thanks!

On Dec 2, 2020, at 2:01 PM, Zhu, Shaobo <SZhu@goodwinlaw.com> wrote:

[EXTERNAL EMAIL]

Sharon,



Regards,
Shaobo

**Shaobo Zhu**



SZhu@goodwinlaw.com | goodwinlaw.com

*********************************************************************

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*********************************************************************

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

# EXHIBIT 6

## Gagliardi, Sharon

| | |
|---|---|
| **From:** | Gagliardi, Sharon |
| **Sent:** | Thursday, December 3, 2020 12:45 PM |
| **To:** | 'Zhu, Shaobo' |
| **Cc:** | Cipriano, Linnea P |
| **Subject:** | RE: Vasopressin -Dr. Winter's and Marais' phone |

Shaobo,



Regards,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**

sharon.gagliardi@dechert.com
dechert.com

---

**From:** Zhu, Shaobo [mailto:SZhu@goodwinlaw.com]
**Sent:** Thursday, December 3, 2020 11:52 AM
**To:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Cc:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>
**Subject:** RE: Vasopressin -Dr. Winter's and Marais' phone

[EXTERNAL EMAIL]

Sharon,





Regards,
Shaobo

---

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Wednesday, December 2, 2020 2:20 PM
**To:** Zhu, Shaobo <SZhu@goodwinlaw.com>
**Cc:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>
**Subject:** Re: Vasopressin -Dr. Winter's and Marais' phone

Thanks!

On Dec 2, 2020, at 2:01 PM, Zhu, Shaobo <SZhu@goodwinlaw.com> wrote:

[EXTERNAL EMAIL]

Sharon,

Regards,
Shaobo

**Shaobo Zhu**

SZhu@goodwinlaw.com | goodwinlaw.com

*********************************************************

2

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*******************************************************************

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

# EXHIBIT 7

**Gagliardi, Sharon**

---

| | |
|---|---|
| **From:** | Gagliardi, Sharon |
| **Sent:** | Monday, December 7, 2020 3:14 PM |
| **To:** | 'Zhu, Shaobo'; Cipriano, Linnea P |
| **Subject:** | RE: Winter Dep and Unmarked Exhibits |

Shaobo,

We have confirmed that the Veritext links were resent to Dr. Winter and Ms. Wu.  Can you please have them check their emails again?

Regards,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**

██████████

sharon.gagliardi@dechert.com
dechert.com

---

**From:** Zhu, Shaobo [mailto:SZhu@goodwinlaw.com]
**Sent:** Monday, December 7, 2020 1:00 PM
**To:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>; Cipriano, Linnea P <LCipriano@goodwinlaw.com>
**Subject:** RE: Winter Dep and Unmarked Exhibits

**[EXTERNAL EMAIL]**

Sharon,

We confirm that Dr. Winter has received a box of documents, which he has not opened and will not open before the start of his deposition.  Can you confirm whether Veritext has sent links to the Zoom and Exhibit Share platform to Dr. Winter and Ms. Wu?  They could not find the invitation in their email.

Amneal agrees to exchanging unmarked exhibits on Tuesday.

Regards,
Shaobo

---

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Sunday, December 6, 2020 2:37 PM
**To:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>
**Cc:** Zhu, Shaobo <SZhu@goodwinlaw.com>
**Subject:** Winter Dep and Unmarked Exhibits

Linnea,

The boxes for Dr. Winter have been delivered.  Please confirm that he will not open the boxes before the start of the deposition as we agreed.  My understanding is that one of the experts for Amneal did not follow this protocol.

Additionally,  we would like to exchange the exhibit lists tomorrow, but the actual unmarked exhibits on Tuesday so that our paralegals have sufficient time to gather the unmarked documents.  Please confirm that this is acceptable to Amneal.

Regards,
Sharon

**Sharon K. Gagliardi**



sharon.gagliardi@dechert.com
dechert.com

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT 8

## Gagliardi, Sharon

| | |
|---|---|
| **From:** | Lasky, Benjamin <blasky@kirkland.com> |
| **Sent:** | Monday, December 21, 2020 8:27 PM |
| **To:** | Gagliardi, Sharon; Kwon, Sam; 'Cipriano, Linnea P'; Wacker, Jeanna; Hales, Bryan S. |
| **Cc:** | DG-Amneal-Vasopressin; ALL NA Endo Vasopressin |
| **Subject:** | RE: Vasopressin litigation |
| **Attachments:** | Defs.' Edits - Remote Trial Protocol (Redline).docx; Defs.' Edits - Remote Trial Protocol (Clean).DOCX |

**[EXTERNAL EMAIL]**

Sharon,

Attached are clean and redline versions reflecting Defendants' proposed edits to the remote trial protocol. As mentioned in the comments, Defendants also would like to discuss two issues:

- Whether a trial recording should be made by the neutral trial host to assist the court reporter in the event of a technical issue;
- Whether, subject to the Court's views, the parties can dispense with the need to provide hard copy witness binders, and instead handle the binders electronically.

Relatedly, we have not yet received a response to my December 15 email regarding trial order and presentation. Please provide a response as soon as possible and by no later than end of day tomorrow. We then suggest that the parties schedule a call to discuss any outstanding issues later this week. Please let us know your team's availability.

Regards

Ben

**Benjamin A. Lasky**



benjamin.lasky@kirkland.com

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Monday, December 14, 2020 12:21 PM
**To:** Lasky, Benjamin <blasky@kirkland.com>; Kwon, Sam <sam.kwon@kirkland.com>; 'Cipriano, Linnea P' <LCipriano@goodwinlaw.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; Hales, Bryan S. <bhales@kirkland.com>
**Cc:** DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>; ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>
**Subject:** RE: Vasopressin litigation

Counsel,

1

Attached is a draft of a proposed remote trial protocol.  We would appreciate your thoughts as soon as possible, but no later than next Monday, December 21, 2020.  If you think it would be more efficient to discuss this protocol on the phone, please let us know.

Regards,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**



This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

<u>**REMOTE TRIAL STIPULATION**</u>

The Court has ordered the parties in the above-captioned cases to conduct the trial in these cases remotely.  The parties have conferred, and they consent to and jointly propose that, subject to the Court's approval, the procedures and protocols outlined herein will apply to the remote trial in the above-captioned cases.

**I.      MAINTAINING THE DECORUM OF THE COURT.**

1.      Case Participants (as defined in Section III.7 below) shall observe the typical rules and procedures related to court appearances, ~~including, without limitation, rules related to attire and the consumption of food and drink (other than water, coffee or tea)~~ during the proceedings.  Case Participants shall each use their best efforts to eliminate all visual and auditory distractions.

**II.     SCOPE**

2.      This Remote Trial Stipulation is an addendum to, and does not replace, the provisions in the Final Pretrial Orders entered in these cases, unless specifically otherwise noted herein.

**III.    DEFINITIONS**

3.      The terms "remote" and "remotely" refer to a trial in which one or more Case Participants (as defined below) are not in the same physical location as

1

introduced through each such witness, and the order of presentation of those witnesses, by no later than 7:00 p.m. three days before the day the witness is expected to testify.[1]  Thereafter, each side shall update its expected witnesses at the end of each trial day by 7:00 p.m.  If later events cause the need to remove a witness from a party's witness list, the parties agree to notify the other side as soon as possible.  Objections to the identified exhibits to be introduced on direct examination shall be provided by 7:00 p.m. the following evening.  The parties shall meet-and-confer by 10:00 p.m. the same day regarding any objections to the identified exhibits.  Thus, for example, the parties will provide notice of what witness they intend to call live and the exhibits they will use on direct examination on a Monday by the previous Friday at 7:00 p.m. and objections thereto shall be provided by 7:00 p.m. Saturday, with a meet-and-confer to occur as necessary by 10:00 p.m. Saturday.  Any disputes or objections that cannot be resolved shall be raised with the Court before calling such witnesses or using any such exhibits during examination of the witness.

31.   **Shipping Addresses.**  The shipping address for the sets **of** hard copies of potential exhibits for all potential **Witnesses and** trial counsel will be

---

[1] The parties understand that Defendants' expert witness, Gerhard Winter, Ph.D. will be testifying remotely from Europe.  In order to account for the difference in time zone and allow Dr. Winter to testify at a reasonable local European time, the parties agree that Defendants may amend the order of presentation of Defendants' rebuttal cases, so long as the disclosures under this paragraph are otherwise timely made.

# EXHIBIT 9

**Gagliardi, Sharon**

| | |
|---|---|
| **From:** | Curiel, Ryan C. <RCuriel@goodwinlaw.com> |
| **Sent:** | Wednesday, December 23, 2020 6:02 PM |
| **To:** | EXT Brian Farnan; Greene, Blake; Goldberg, Brian; Black, Martin; EXT Michael Farnan; ALL NA Endo Vasopressin; Hildreth, Nancy; Rhoad, Robert; Gagliardi, Sharon |
| **Cc:** | agaza@ycst.com; DG-Amneal-Vasopressin; rvrana@ycst.com |
| **Subject:** | Par v. Amneal (18cv2032 D. Del.) - Pretrial exchanges |
| **Attachments:** | Change-Pro Redline -  Par v Amneal PTO Shell 12.21.2020 and Par v Amneal PTO Shell 12.23.2020 (Amneal Edits Clean).docx; Change-Pro Redline -  Par v. Amneal Ex 01 to PTO - Statement of Admitted Facts 12.21.2020 and Par v. Amneal Ex 01 to PTO - Statement of Admitted Facts (Amneal edits 12.23.2020 Clean).doc; Par v Amneal PTO Shell 12.23.2020 (Amneal Edits Clean).DOCX; Par v Amneal Ex 01 to PTO - Statement of Admitted Facts (Amneal edits 12.23.2020 Clean).DOCX |

[EXTERNAL EMAIL]

Counsel,

Pursuant to the parties' agreement, attached are the following drafts:
- Amneal's edits to the Statement of Admitted Facts
- Amneal's edits to the PTO Shell

Amneal reserves the rights to modify these drafts as the parties finalize the pretrial order.

**Ryan C. Curiel**
Senior Paralegal



RCuriel@goodwinlaw.com | goodwinlaw.com

**************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
**************************************************************

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC and ENDO PAR INNOVATION COMPANY, LLC, <br><br><br> Plaintiffs, <br><br> **v.** <br><br> AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, et al. <br><br><br><br> Defendants. | **C.A. No. 18-cv-2032-CFC-CJB (Consolidated)** <br><br><br> **FILED UNDER SEAL** |

## JOINT [PROPOSED] PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held

pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Plaintiffs Par

Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation

Company, LLC (collectively "Plaintiffs" or "Par") and Defendants Amneal EU,

Limited, Amneal Pharmaceuticals of New York LLC, Amneal Biosciences LLC,

and Amneal Pharmaceutical Pvt. Ltd.'s ("Defendants" or "Amneal"), by their

undersigned counsel, collectively submit this proposed Joint Pretrial Order

pursuant to D. Del. L.R. 16.3.  The parties attempted in good faith to reach

consensus on the following issues.  To the extent the parties had differing

examination of the witness.  The parties have met and conferred to develop protocols for the exchange of exhibits in light of the virtual nature of the trial.

**33.   The parties have met and conferred to develop protocols for the exchange of exhibits in light of the virtual nature of the trial.**

35**34**. For a witness who is to testify out of order or has limitations or requirements with regard to timing or availability, the sponsoring party must, if possible, raise these issues no later than two calendar days prior to the day said witness is to testify in order for the Court to have sufficient time to resolve any issues, as necessary. The parties agree to be reasonable and cooperate in permitting witnesses to testify out of order due to scheduling issues outside of the witness' or parties' controls.[2]

**35.   Notwithstanding anything to the contrary, the parties will meet and confer on specific procedures to ensure that binders can be printed and delivered to any witness outside of the United States, or otherwise agree to use electronic documents.**

---

[2] **The parties understand that Defendants' expert witness, Gerhard Winter, Ph.D. will be testifying remotely from Europe.  In order to account for the difference in time zone and allow Dr. Winter to testify at a reasonable local European time, the parties agree that Defendants may amend** the order of presentation of **Defendants' rebuttal cases, so long as the disclosures under this section are otherwise timely made.**

**36.**     **The testimony of a Witness testifying outside of the United States may be used as if the testimony was taken in-person in the Unites States District Court for the District of Delaware.**

**37.**     **The parties waive any objections to a Witness on the basis that the Witness is testifying under oath live and outside of the United States..**

### B.     Deposition Designations

~~36~~**38**. Plaintiffs' list of deposition designations, Defendants' objections to Plaintiffs' designations, Defendants' counter-designations, and Plaintiffs' objections to such counter-designations are attached as **Exhibit 11**.

~~37~~**39**. Defendants' list of deposition designations, Plaintiffs' objections to Defendants' designations, Plaintiffs' counter-designations, and Defendants' objections to such counter-designations are attached as **Exhibit 12**.

~~38~~**40**. Absent good cause shown, no deposition testimony not previously designated pursuant to this Order may be later added for these witnesses.

**41.**     **The deposition testimony taken by defendants in both *Par Pharmaceutical, Inc. et al. v. Eagle Pharmaceuticals Inc.*, C.A. No. 18-cv-823-CFC (D. Del.) and *Par Pharmaceutical, Inc. et al. v. Sandoz Inc.*, 18-cv-14895-BRM-DEA (D.N.J.) may be used as if taken in this case.**

~~39~~**42**. With respect to those witnesses who will be called to testify at trial (designated in the Pretrial Order as "will call"), no deposition designations or

- 13 -

# EXHIBIT 10

## Gagliardi, Sharon

| | |
|---|---|
| **From:** | Gagliardi, Sharon |
| **Sent:** | Thursday, December 24, 2020 12:11 PM |
| **To:** | Lasky, Benjamin; Kwon, Sam; 'Cipriano, Linnea P'; Wacker, Jeanna; Hales, Bryan S.; DG-Amneal-Vasopressin |
| **Cc:** | ALL NA Endo Vasopressin |
| **Subject:** | RE: Vasopressin litigation |
| **Attachments:** | Par edits to Defs.' Edits - Remote Trial Protocol (clean with comments).....docx; Redline - Par edits to Defs.' Edits - Remote Trial Protocol.docx |

Counsel,

Attached are clean and redline versions reflecting Par's proposed edits to Defendants' proposed edits to the remote trial protocol.  At this point, it may be most efficient to participate in call on Monday or Tuesday to discuss any remaining issues.

Regards,
Sharon

**Sharon K. Gagliardi**

sharon.gagliardi@dechert.com
dechert.com

---

**From:** Lasky, Benjamin [mailto:blasky@kirkland.com]
**Sent:** Monday, December 21, 2020 8:27 PM
**To:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>; Kwon, Sam <sam.kwon@kirkland.com>; 'Cipriano, Linnea P' <LCipriano@goodwinlaw.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; Hales, Bryan S. <bhales@kirkland.com>
**Cc:** DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>; ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>
**Subject:** RE: Vasopressin litigation

<mark>[EXTERNAL EMAIL]</mark>

Sharon,

Attached are clean and redline versions reflecting Defendants' proposed edits to the remote trial protocol.  As mentioned in the comments, Defendants also would like to discuss two issues:

- Whether a trial recording should be made by the neutral trial host to assist the court reporter in the event of a technical issue;
- Whether, subject to the Court's views, the parties can dispense with the need to provide hard copy witness binders, and instead handle the binders electronically.

Relatedly, we have not yet received a response to my December 15 email regarding trial order and presentation.  Please provide a response as soon as possible and by no later than end of day tomorrow.  We then suggest that the parties schedule a call to discuss any outstanding issues later this week.  Please let us know your team's availability.

Regards

Ben


**Benjamin A. Lasky**



benjamin.lasky@kirkland.com

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Monday, December 14, 2020 12:21 PM
**To:** Lasky, Benjamin <blasky@kirkland.com>; Kwon, Sam <sam.kwon@kirkland.com>; 'Cipriano, Linnea P' <LCipriano@goodwinlaw.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; Hales, Bryan S. <bhales@kirkland.com>
**Cc:** DG-Amneal-Vasopressin <DG-Amneal-Vasopressin@goodwinlaw.com>; ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>
**Subject:** RE: Vasopressin litigation

Counsel,

Attached is a draft of a proposed remote trial protocol.  We would appreciate your thoughts as soon as possible, but no later than next Monday, December 21, 2020.  If you think it would be more efficient to discuss this protocol on the phone, please let us know.

Regards,
Sharon


**Sharon K. Gagliardi**

**Dechert LLP**

.com

dechert.com

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

<u>**REMOTE TRIAL STIPULATION**</u>

The Court has ordered the parties in the above-captioned cases to conduct the trial in these cases remotely.  The parties have conferred, and they consent to and jointly propose that, subject to the Court's approval, the procedures and protocols outlined herein will apply to the remote trial in the above-captioned cases.

**I.       MAINTAINING THE DECORUM OF THE COURT.**

1.       Case Participants (as defined in Section III.7 below) shall observe the typical rules and procedures related to court appearances during the proceedings. Case Participants shall each use their best efforts to eliminate all visual and auditory distractions.

**II.      SCOPE**

2.       This Remote Trial Stipulation is an addendum to, and does not replace, the provisions in the Final Pretrial Orders entered in these cases, unless specifically otherwise noted herein.

**III.     DEFINITIONS**

3.       The terms "remote" and "remotely" refer to a trial in which one or more Case Participants (as defined below) are not in the same physical location as all other Case Participants, requiring the use of telephone and/or video conferencing technology.

1

Order entered in these cases governing the disclosure of exhibits for use on direct as follows:

Each side will provide to the other side the name of any witness that it intends to call to testify, whether live or by deposition testimony, the exhibits to be introduced through each such witness, and the order of presentation of those witnesses, by no later than 7:00 p.m. three days before the day the witness is expected to testify.[1]  Thereafter, each side shall update its expected witnesses at the end of each trial day by 7:00 p.m.  If later events cause the need to remove a witness from a party's witness list, the parties agree to notify the other side as soon as possible.  Objections to the identified exhibits to be introduced on direct examination shall be provided by 7:00 p.m. the following evening.  The parties shall meet-and-confer by 10:00 p.m. the same day regarding any objections to the identified exhibits.  Thus, for example, the parties will provide notice of what witness they intend to call live and the exhibits they will use on direct examination on a Monday by the previous Friday at 7:00 p.m. and objections thereto shall be provided by 7:00 p.m. Saturday, with a meet-and-confer to occur as necessary by 10:00 p.m. Saturday.  Any disputes or objections that cannot be resolved shall be

---

[1] ~~The parties understand that Defendants' expert witness, Gerhard Winter, Ph.D. will be testifying remotely from Europe.  In order to account for the difference in time zone and allow Dr. Winter to testify at a reasonable local European time, the parties agree that Defendants may amend the order of presentation of Defendants' rebuttal cases, so long as the disclosures under this paragraph are otherwise timely made.~~

# EXHIBIT 11

## Gagliardi, Sharon

| | |
|---|---|
| **From:** | Gagliardi, Sharon |
| **Sent:** | Tuesday, December 29, 2020 9:39 AM |
| **To:** | DG-Amneal-Vasopressin |
| **Cc:** | ALL NA Endo Vasopressin |
| **Subject:** | PTO shell |
| **Attachments:** | Par v Amneal PTO Shell 12.29.2020 (Par Edits Clean).docx; Par v Amneal PTO Shell  (Par Edits Redline).docx |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel,

Attached are Par's edits to the latest draft of the PTO shell.  Please advise if this version is acceptable for filing.  Please note that Par has altered the language for the proposed exchange of exhibits to match the draft of the remote trial protocols as requested.  Similarly, Par previously agreed to adjust the timing of the deposition designation exchange by 30 minutes at Amneal's request.  However, as Par, Amneal, and Eagle have not reached final agreement on that proposed protocol language and Eagle has not yet agreed to pushing the deposition designation exchange back by 30 minutes, Par reserves the right to edit the language for the exchanges at trial so that there is not any disparity between the timing of exchanges in the Eagle and Amneal cases.

Regards,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**



sharon.gagliardi@dechert.com
dechert.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC and ENDO PAR INNOVATION COMPANY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, et al.<br><br>Defendants. | **C.A. No. 18-cv-2032-CFC-CJB (Consolidated)**<br><br><br>**FILED UNDER SEAL** |

## JOINT [PROPOSED] PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held

pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Plaintiffs Par

Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation

Company, LLC (collectively "Plaintiffs" or "Par") and Defendants Amneal EU,

Limited, Amneal Pharmaceuticals of New York LLC, Amneal Biosciences LLC,

and Amneal Pharmaceutical Pvt. Ltd.'s ("Defendants" or "Amneal"), by their

undersigned counsel, collectively submit this proposed Joint Pretrial Order

pursuant to D. Del. L.R. 16.3.  The parties attempted in good faith to reach

consensus on the following issues.  To the extent the parties had differing positions,

- 1 -

examination exhibits, nothing in this provision precludes either Opposing Counsel or Examining Counsel, if on redirect, from electronically marking and using additional exhibits not provided in hard copy during the cross-examination and redirect.  The boxes or other packages containing the cross-examination exhibits will be sealed and shall remain sealed until Opposing Counsel instructs the witness and Examining Counsel to open them during the trial on camera.

36.   34.   For a witness who is to testify out of order or has limitations or requirements with regard to timing or availability, the sponsoring party must, if possible, raise these issues no later than two calendar days prior to the day said witness is to testify in order for the Court to have sufficient time to resolve any issues, as necessary. The parties agree to be reasonable and cooperate in permitting witnesses to testify out of order due to scheduling issues outside of the witness' or parties' controls.[2]

37.   To the extent a witness outside of the United States is permitted to testify at trial, the parties understand that Defendants' expert witness, Gerhard Winter, Ph.D. will be testifying remotely from Europe.  In order to account for the

---

[2] The parties understand that Defendants' expert witness, Gerhard Winter, Ph.D. will be testifying remotely from Europe.  In order to account for the difference in time zone and allow Dr. Winter to testify at a reasonable local European time, the parties agree that Defendants may amend the order of presentation of Defendants' rebuttal cases, so long as the disclosures under this section are otherwise timely made.

difference in time zone and allow Dr. Winter to testify at a reasonable local European time, the parties agree that Defendants may amend the order of presentation of Defendants' rebuttal cases, so long as the disclosures under this section are otherwise timely made, including the advance notice required by Paragraph 36.

38. 35. Notwithstanding anything to the contrary, to the extent a witness outside of the United States is permitted to testify at trial, the parties will meet and confer on specific procedures to ensure that binders can be printed and delivered to any such witness outside of the United States, or otherwise agree to use electronic documents.

39. 36. [Amneal Proposal:] The testimony of a Witness testifying outside of the United States may be used as if the testimony was taken in-person in the Unites States District Court for the District of Delaware.  [Par Proposal:]  Par does not object to Amneal's proposal in principle, but seeks guidance from the Court on whether it can provide such consent for a Witness who resides in Germany given that the U.S. State Department has published guidance.

40. 37. [Amneal Proposal:] The parties waive any objections to a Witness on the basis that the Witness is testifying under oath live and outside of the United States.. [Par Proposal:]  The parties waive any objections to a Witness on the basis that the Witness is testifying under oath live in the United States outside

of the District of Delaware.  Par is doubtful that it has the authority to waive the requirement for a witness testifying from Germany.  Fed. R. Civ. P. 43(b) permits remote testimony under certain circumstances: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  The State Department takes the position that U.S.-German Treaty requirements mandate that voluntary testimony taken from Germany must be taken at the German Consulate on pain of potential criminal penalty.  *See* https://de.usembassy.gov/wp-content/uploads/sites/21/Deposition-Instructions_022719.pdf.  The usual work around to this problem is to have the witness travel to a country that has no such restriction, but we are informed that that the witness cannot travel due to COVID-19.  Par seeks guidance from the Court as to how to proceed.]

**B.  Deposition Designations**

41. 38.     Plaintiffs' list of deposition designations, Defendants' objections to Plaintiffs' designations, Defendants' counter-designations, and Plaintiffs' objections to such counter-designations are attached as **Exhibit 11**.

42. 39.     Defendants' list of deposition designations, Plaintiffs' objections to Defendants' designations, Plaintiffs' counter-designations, and Defendants' objections to such counter-designations are attached as **Exhibit 12**.

# EXHIBIT 12

**Gagliardi, Sharon**

| | |
|---|---|
| **From:** | Cipriano, Linnea P <LCipriano@goodwinlaw.com> |
| **Sent:** | Tuesday, December 29, 2020 2:07 PM |
| **To:** | Gagliardi, Sharon |
| **Cc:** | Greene, Blake; DG-Amneal-Vasopressin |
| **Subject:** | RE: PTO |
| **Attachments:** | Par v Amneal PTO Shell 12.29.2020 (Amneal Edits).docx |

[EXTERNAL EMAIL]

Sharon,

Attached are Amneal's edits to the PTO shell.

For the two additional PTX documents referenced in Ex. 1, we'd like to include the following objections:  R, 403.  If you'd like us to add these and resend the document, I can do so.

Regards,
Linnea

---

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Tuesday, December 29, 2020 12:42 PM
**To:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>
**Cc:** Greene, Blake <Blake.Greene@dechert.com>
**Subject:** RE: PTO

I believe we just got your final Ex. 3.  We can print the clean word doc to pdf.

On Ex 8, on the spreadsheet Amneal just sent, our prior objections were not inserted properly.  It will take us time to fix it.  Additionally, Amneal added exhibits that were not highlighted in yellow.  We will be reserving our right to adjust any exhibit objections in light of these issues.

The only other issue that I need confirmation on is whether you have any objections to the PTX documents we added to our list yesterday that were referenced in Ex. 1.

**Sharon K. Gagliardi**

**Dechert LLP** ████████████
sharon.gagliardi@dechert.com
dechert.com

---

**From:** Cipriano, Linnea P [mailto:LCipriano@goodwinlaw.com]
**Sent:** Tuesday, December 29, 2020 12:26 PM
**To:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Cc:** Greene, Blake <Blake.Greene@dechert.com>
**Subject:** RE: PTO

[EXTERNAL EMAIL]

Sharon,
I am not available at 1pm, but I could speak later in the afternoon.  I think it probably makes sense to speak after we provide any further edits on the PTO shell.

My understanding is that the following exhibits remain outstanding:

- PTO Shell—my team is looking at the edits you provided this morning, and we will provide any further comments shortly.
- Exhibit 3 (Amneal's contested facts) – my paralegal will be sending a final PDF shortly.
- Exhibit 8 (Amneal's exhibit list) – Please provide any objections to the additional documents and we can finalize the document.
- Exhibit 12 (Amneal's deposition designations) – We will provide a new finalized version with the additional counter designations and our objections.

If there are other outstanding issues that I am missing, please let me know.

Regards,
Linnea

---

**From:** Gagliardi, Sharon <sharon.gagliardi@dechert.com>
**Sent:** Tuesday, December 29, 2020 12:11 PM
**To:** Cipriano, Linnea P <LCipriano@goodwinlaw.com>
**Cc:** Greene, Blake <Blake.Greene@dechert.com>
**Subject:** PTO

I think it would be helpful to have a brief call this afternoon to make sure we are on the same page on what is outstanding on the PTO to ensure we have everything in place for filing.  Please let me know if you are free to talk at 1 pm ET.



Regards,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**



sharon.gagliardi@dechert.com
dechert.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC and ENDO PAR INNOVATION COMPANY, LLC,<br><br>Plaintiffs,<br><br>    **v.**<br><br>AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, et al.<br><br><br>Defendants. | **C.A. No. 18-cv-2032-CFC-CJB (Consolidated)**<br><br><br>**FILED UNDER SEAL** |

## <u>JOINT [PROPOSED] PRETRIAL ORDER</u>

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, LLC (collectively "Plaintiffs" or "Par") and Defendants Amneal EU, Limited, Amneal Pharmaceuticals of New York LLC, Amneal Biosciences LLC, and Amneal Pharmaceutical Pvt. Ltd.'s ("Defendants" or "Amneal"), by their undersigned counsel, collectively submit this proposed Joint Pretrial Order pursuant to D. Del. L.R. 16.3.  The parties attempted in good faith to reach consensus on the following issues.  To the extent the parties had differing

will be sealed and shall remain sealed until Opposing Counsel instructs the witness and Examining Counsel to open them during the trial on camera.

36.     For a witness who is to testify out of order or has limitations or requirements with regard to timing or availability, the sponsoring party must, if possible, raise these issues no later than two calendar days prior to the day said witness is to testify in order for the Court to have sufficient time to resolve any issues, as necessary. The parties agree to be reasonable and cooperate in permitting witnesses to testify out of order due to scheduling issues outside of the witness' or parties' controls.

37.     To the extent a witness outside of the United States is permitted to testify at trial, the parties understand that Defendants' expert witness, Gerhard Winter, Ph.D. will be testifying remotely from Europe.  In order to account for the difference in time zone and allow Dr. Winter to testify at a reasonable local European time, the parties agree that Defendants may amend the order of presentation of Defendants' rebuttal cases, so long as the disclosures under this section are otherwise timely made, including the advance notice required by Paragraph 36.

38.     Notwithstanding anything to the contrary, to the extent a witness outside of the United States is permitted to testify at trial, the parties will meet and confer on specific procedures to ensure that binders can be printed and delivered to

any such witness outside of the United States, or otherwise agree to use electronic documents.

39.     **[Amneal Proposal:]** The testimony of a Witness testifying outside of the United States may be used as if the testimony was taken in-person in the Unites States District Court for the District of Delaware.  **[Par Proposal:]**  Par does not object to Amneal's proposal in principle, but seeks guidance from the Court on whether it can provide such consent for a Witness who resides in Germany given that the U.S. State Department has published guidance.

40.     **[Amneal Proposal:]** To avoid requiring Defendants' expert witness Dr. Winter, who is a senior citizen of Germany, to travel outside of Germany in light of rapidly changing travel restrictions as a result of the global pandemic, Tthe parties waive any objections to a Witness on the basis that the Witness is testifying under oath live and outside of the United States.  Amneal understands that, under normal circumstances, depositions under oath of German witnesses are held at the U.S. Embassy or the witness travels outside of Germany.  The U.S. Embassy, however, is not taking appointments for depositions, and there are a number of restrictions on travel between countries in Europe.  Plaintiffs deposed Dr. Winter from his office in Munich for this case earlier this month, and Plaintiffs have known that Dr. Winter resides in Germany since he was disclosed as an expert in this case.  Plaintiffs raised Dr. Winter's location as an issue for the first time at the

end of Dr. Winter's two-day deposition.  —[**Par Proposal:**]  The parties waive any objections to a Witness on the basis that the Witness is testifying under oath live in the United States outside of the District of Delaware.  Par is doubtful that it has the authority to waive the requirement for a witness testifying from Germany.  Fed. R. Civ. P. 43(b) permits remote testimony under certain circumstances: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  The State Department takes the position that U.S.-German Treaty requirements mandate that voluntary testimony taken from Germany must be taken at the German Consulate on pain of potential criminal penalty.  *See* https://de.usembassy.gov/wp-content/uploads/sites/21/Deposition-Instructions_022719.pdf.  The usual work around to this problem is to have the witness travel to a country that has no such restriction, but we are informed that that the witness cannot travel due to COVID-19.  Par seeks guidance from the Court as to how to proceed.]

### B.    Deposition Designations

41.    Plaintiffs' list of deposition designations, Defendants' objections to Plaintiffs' designations, Defendants' counter-designations, and Plaintiffs' objections to such counter-designations are attached as **Exhibit 11**.

# EXHIBIT 13

**Gagliardi, Sharon**

---

| | |
|---|---|
| **From:** | Gagliardi, Sharon |
| **Sent:** | Monday, January 4, 2021 5:45 PM |
| **To:** | DG-Amneal-Vasopressin |
| **Cc:** | ALL NA Endo Vasopressin; EXT Michael Farnan; EXT Brian Farnan; *agaza@ycst.com; *RVrana@ycst.com |
| **Subject:** | Dr. Winter |

Huiya,

Further to our meet and confer last week, Par takes no position with regard to Amneal's proposed plan to have Dr. Winter self-tape an affirmation in connection with his proposed trial testimony.

Regards,
Sharon

**Sharon K. Gagliardi**

**Dechert LLP**



sharon.gagliardi@dechert.com
dechert.com