

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Anne Shea Gaza**
P 302.571.6727
F 302.576.3439
agaza@ycst.com

June 8, 2021

<u>**VIA CM/ECF AND HAND DELIVERY**</u>

The Honorable Colm F. Connolly
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

REDACTED - PUBLIC VERSION
Filed June 15, 2021

Re: *Par Pharmaceutical, Inc., et al. v. Amneal Pharmaceuticals of New York, LLC, et al.*, C.A. No. 18-2032-CFC (Consolidated)

Dear Judge Connolly:

The Amneal defendants write to provide the Court with their proposal regarding trial of this consolidated action. Because Amneal's proposed ANDA products ███████████████████████████████████████, Amneal requests that the Court maintain the July 7 trial date. This will allow sufficient time for post-trial briefing while avoiding burdening the Court with preliminary injunction motion practice and, ████████████████████████████████████████
████████████████████.[1]

---

[1] Notably, the current trial date allows for a single proceeding to cover Par's infringement cases against both consolidated defendants Amneal and Eagle. If, on the other hand, trial is delayed and the ███████████████████████████████
████████████████████████████ there could potentially be two separate preliminary injunction hearings in advance of the delayed trial.

Young Conaway Stargatt & Taylor, LLP
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P  302.571.6600    F  302.571.1253    YoungConaway.com

Young Conaway Stargatt & Taylor, LLP
The Honorable Colm F. Connolly
June 8, 2021
Page 2

    The infringement case here is straightforward because Amneal has stipulated that it will not dispute infringement of all claim limitations except one: whether Amneal's proposed ANDA products will meet the claimed pH of 3.7-3.9. (D.I. 233.) Amneal seeks FDA approval to sell vasopressin products that will be made ███████████████████████████████████████████████ (███████████████████████████████████████) Amneal expects that its non-infringement case will take less than six hours to present.



---

2 ███████████████████████████████████████████████████████████████████

    [3] This type of Hatch-Waxman case "does not encompass 'speculative' claims for infringement. . . . Regardless what may or may not occur in the future, the infringement analysis under § 271(e)(2) is limited to whether the accused infringer's ANDA seeks approval for activities that would constitute infringement of the asserted patents." *AstraZeneca Pharm. LP v. Apotex Corp.*, 669 F.3d 1370, 1380-81 (Fed. Cir. 2012) (citations omitted).

Young Conaway Stargatt & Taylor, LLP
The Honorable Colm F. Connolly
June 8, 2021
Page 3

**Amneal's single-dose (1 mL) proposed ANDA product:**



**Amneal's multi-dose (10 mL) proposed ANDA product:**





To further alleviate Par's concerns, Amneal's proposed stipulation also stated,



To the extent Par seeks a broader stipulation, such a request is inappropriate as the stipulation Amneal has proposed more than adequately addresses any concerns that Par has or could raise with respect to ▊

Amneal's proposal is also consistent with positions Par is taking in parallel litigation initiated by Par against Amneal in the District of New Jersey, C.A. No. 3:20-cv-18322 (BRM-DEA). More specifically, in that action Par is currently asserting two other patents against Amneal related to allegedly improved methods of administering higher doses of vasopressin to patients with specific genotypes; they do not cover any aspect of a vasopressin formulation, pH or otherwise. Par is currently seeking FDA approval to change its drug label to include information relating to these two patents. In this parallel litigation, Par asserts that "if Par's request seeking to update and amend the labeling for VASOSTRICT® is approved by the FDA prior to approving Amneal's ANDAs, Amneal will be required as a matter of law to amend the proposed labeling for its Proposed ANDA Products to conform to the amendments to the labeling for VASOSTRICT®." (Exh. C, Amended Complaint at ¶47.) In other words, Par's actions may lead to Amneal being required by the FDA to change Amneal's label. But that change cannot constitute infringement here as it has nothing to with scope of the patents being asserted in Delaware. ▊

Young Conaway Stargatt & Taylor, LLP
The Honorable Colm F. Connolly
June 8, 2021
Page 5

    Amneal's proposal is consistent with the Hatch-Waxman scheme which provides generic pharmaceutical companies like Amneal a path for resolving any patent issues through the federal courts while it continues to work toward FDA approval. In that regard, Amneal has endeavored to limit the infringement issues for trial to only the narrow pH dispute, and ████████████████████████████████████████████████████████████████████████████ Because the infringement issue is fixed, there is no reason to delay trial further. Accordingly, Amneal respectfully requests the Court maintain the July 7 trial date.

    Should Your Honor have any questions or concerns regarding the foregoing, counsel are available at the Court's convenience.

Respectfully,

/s/ Anne Shea Gaza

Anne Shea Gaza (No. 4093)

Enclosures (Exhs. A-C)

cc: All Counsel of Record (via electronic mail)

28218420.1