# EXHIBIT A

| | |
|---|---|
| **From:** | Reilly, Luke <luke.reilly@dechert.com> |
| **Sent:** | Tuesday, July 27, 2021 6:38 PM |
| **To:** | Lasky, Benjamin; Kwon, Sam |
| **Cc:** | Lembo, Matt; *agaza@ycst.com; Parrado, Alvaro; *bpalapura@potteranderson.com; DG-Amneal-Vasopressin@goodwinlaw.com; DG-vasopressin-FK-Amneal@goodwinlaw.com; *dmoore@Potteranderson.com1; #EagleVasopressinLitigation; hwu@goodwinlaw.com; jbova@goodwinlaw.com; jbuckley@potteranderson.com; Wacker, Jeanna; lcipriano@goodwinlaw.com; *RVrana@ycst.com; *sobyrne@potteranderson.com; swilson@ycst.com; ALL NA Endo Vasopressin; EXT Michael Farnan; EXT Brian Farnan |
| **Subject:** | RE: Par v. Eagle; Par v. Amneal – Defendants' Proposed Findings of Fact |

 > This message is from an EXTERNAL SENDER - be cautious, particularly with links and attachments.

Counsel,

Our principal concern remains with respect to the presentation of the data on Lot 788435.  We are still reviewing our options, but have made no firm decision as to how to proceed given the oddity here that the offending brief has not yet been filed.

Regards,
Luke

**Luke M. Reilly**
Associate

**Dechert LLP**
+1 215 994 2194  Direct
luke.reilly@dechert.com
dechert.com

---

**From:** Lasky, Benjamin [mailto:blasky@kirkland.com]
**Sent:** Tuesday, July 27, 2021 8:14 AM
**To:** Kwon, Sam <sam.kwon@kirkland.com>
**Cc:** Reilly, Luke <luke.reilly@dechert.com>; Lembo, Matt <matthew.lembo@kirkland.com>; *agaza@ycst.com <agaza@ycst.com>; Parrado, Alvaro <alvaro.parrado@kirkland.com>; *bpalapura@potteranderson.com <bpalapura@potteranderson.com>; DG-Amneal-Vasopressin@goodwinlaw.com; DG-vasopressin-FK-Amneal@goodwinlaw.com; *dmoore@Potteranderson.com1 <dmoore@Potteranderson.com>; #EagleVasopressinLitigation <EagleVasopressinLitigation@kirkland.com>; hwu@goodwinlaw.com; jbova@goodwinlaw.com; jbuckley@potteranderson.com; Wacker, Jeanna <jeanna.wacker@kirkland.com>; lcipriano@goodwinlaw.com; *RVrana@ycst.com <RVrana@ycst.com>; *sobyrne@potteranderson.com <sobyrne@potteranderson.com>; swilson@ycst.com; ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** Re: Par v. Eagle; Par v. Amneal – Defendants' Proposed Findings of Fact

**[EXTERNAL EMAIL]**

Counsel,

1

Please let us know if Par intends to stand on any of its objections and, if so, how Par intends to raise them to the Court.   We are available to discuss today if necessary.

Benjamin A. Lasky
-----------------------------------------------------
KIRKLAND & ELLIS LLP
601 Lexington Avenue, New York, NY 10022
T +1 212 446 6415
F +1 212 446 4900
M +1 646 573 9534
-----------------------------------------------------
benjamin.lasky@kirkland.com

> On Jul 23, 2021, at 9:45 AM, Kwon, Sam <sam.kwon@kirkland.com> wrote:
>
> Luke -- we disagree. Let us know Par's availability for a meet and confer.
>
> Regards,
> Sam
>
> **Sam Kwon**
>
> **KIRKLAND & ELLIS LLP**
> 601 Lexington Avenue, New York, NY 10022
> T +1 212 446 4942  F +1 212 446 4900
>
> sam.kwon@kirkland.com
>
>
> **From:** Reilly, Luke <luke.reilly@dechert.com>
> **Sent:** Friday, July 23, 2021 9:12 AM
> **To:** Lembo, Matt <matthew.lembo@kirkland.com>; Kwon, Sam <sam.kwon@kirkland.com>; Lasky, Benjamin <blasky@kirkland.com>; *agaza@ycst.com <agaza@ycst.com>; Parrado, Alvaro <alvaro.parrado@kirkland.com>; *bpalapura@potteranderson.com <bpalapura@potteranderson.com>; DG-Amneal-Vasopressin@goodwinlaw.com; DG-vasopressin-FK-Amneal@goodwinlaw.com; *dmoore@Potteranderson.com1 <dmoore@Potteranderson.com>; #EagleVasopressinLitigation <EagleVasopressinLitigation@kirkland.com>; hwu@goodwinlaw.com; jbova@goodwinlaw.com; jbuckley@potteranderson.com; Wacker, Jeanna <jeanna.wacker@kirkland.com>; lcipriano@goodwinlaw.com; *RVrana@ycst.com <RVrana@ycst.com>; *sobyrne@potteranderson.com <sobyrne@potteranderson.com>; swilson@ycst.com
> **Cc:** ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>
> **Subject:** RE: Par v. Eagle; Par v. Amneal – Defendants' Proposed Findings of Fact
>
> Counsel,
>
> Defendants' assertions with respect to Lot 788435 are a transparent attempt to resurrect theories that the Court excluded twice for failure to disclose in Dr. Park's expert reports.  *See* 1st Revised Tr. at 410:5-6, 415:1-9.  We urge you to reconsider and remove the offending paragraphs, including the dozens of paragraphs relating to data that was never mentioned at trial.  We reserve all rights pending the filing of the briefs.
>
> With respect to your comments about Par's Findings of Fact on infringement, your arguments are frivolous.

2

Regards,
Luke

**Luke M. Reilly**
Associate

**Dechert LLP**
+1 215 994 2194  Direct
luke.reilly@dechert.com
dechert.com

---

**From:** Lembo, Matt [mailto:matthew.lembo@kirkland.com]
**Sent:** Thursday, July 22, 2021 3:50 PM
**To:** Reilly, Luke <luke.reilly@dechert.com>; Kwon, Sam <sam.kwon@kirkland.com>; Lasky, Benjamin <blasky@kirkland.com>; *agaza@ycst.com <agaza@ycst.com>; Parrado, Alvaro <alvaro.parrado@kirkland.com>; *bpalapura@potteranderson.com <bpalapura@potteranderson.com>; DG-Amneal-Vasopressin@goodwinlaw.com; DG-vasopressin-FK-Amneal@goodwinlaw.com; *dmoore@Potteranderson.com1 <dmoore@Potteranderson.com>; #EagleVasopressinLitigation <EagleVasopressinLitigation@kirkland.com>; hwu@goodwinlaw.com; jbova@goodwinlaw.com; jbuckley@potteranderson.com; Wacker, Jeanna <jeanna.wacker@kirkland.com>; lcipriano@goodwinlaw.com; *RVrana@ycst.com <RVrana@ycst.com>; *sobyrne@potteranderson.com <sobyrne@potteranderson.com>; swilson@ycst.com
**Cc:** ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Par v. Eagle; Par v. Amneal – Defendants' Proposed Findings of Fact

**[EXTERNAL EMAIL]**

Counsel,

We write in response to your e-mail yesterday regarding Par's identification of supposed "objectionable content" in Defendants' Proposed Findings of Fact. We disagree with your characterizations.

- Paragraphs 92-98, 100-106: Par's objection to these paragraphs is without merit. The stability data for Lot 788435 was admitted into evidence without objection, and was testified to by Dr. Park on direct and by Dr. Kirsch on cross-examination. The Proposed Findings of Fact that Par has objected to are clear from the face of that admitted exhibit, and need no expert opinion to characterize them. *Cf. Wyers v. Master Lock Co.*, 616 F.3d 1231, 1242 (Fed. Cir. 2010) ("[E]xpert testimony is not required when the references and the invention are easily understandable."). Further, we are aware of no rule that a witness needs to have discussed every single aspect of an admitted document for it to be relied upon, particularly where Dr. Kirsch was questioned on the very same page and the same subject matter of the exhibit. The Court's ruling you point to is inapposite. That ruling addressed only whether Dr. Park could testify with respect to the impurities levels in the document. It does not prohibit Defendants from relying on the exhibit and other testimony to its full extent. Indeed, the Court made clear that, if a document is discussed in substance, it may be admitted into evidence and relied upon in post-trial briefing. (*See, e.g.*, Tr. at 517:9–7). In this regard, we note that Par also has relied on portions of exhibits that were not discussed by any witness in support of the Proposed Findings of Fact that it seeks (*see* below objections to Par's Proposed Findings of Fact paras. 29, 79, 97, 119, 120 and 125)

- Paragraphs 128-131: The same principles apply to the impurities data with respect to Lot 788436, in that the Proposed Findings of Fact are clear from the face of the document that was discussed by Dr. Park and admitted into evidence without objection. Furthermore, Dr. Park

3

expressly testified as to the impurities in this lot, (*see, e.g.*, Tr. at 418:16–419:18), and Par never raised an objection to the slide (DDX2-71) showing the same exact impurities identified in Eagle's Proposed Findings of Fact.

- Paragraph 176: the citation to DTX-29 was in error. Defendants agree to remove that citation.

- Paragraph 211: As with the impurities data for the Original Vasostrict commercial lots, this Proposed Finding of Fact is clear from the face of exhibits admitted into evidence without objection, and the substance of it—that Par relied on the same pH study data to argue criticality in the prosecution of multiple patents—was testified to by multiple witnesses at trial. (*See, e.g.*, Tr. at 434:23–35:3, 563:7–20, 564:2–22, 776:11–21, 838:20–39:3.)

To the extent Par will stand on its objections, Par's Proposed Findings of Fact Regarding Eagle's Infringement fail to meet Par's own standards in a number of respects:

- Paragraph 29: Par cites DTX-53.0016 and PTX-252 at PAR-VASO_0030582 in support of its assertion that "Par obtained data sufficient to support an 18-month room temperature shelf-life for Reformulated Vasostrict, which was longer than the shelf-life that could be supported for Original Vasostrict." However, Par cites to no testimony where any witness cited to DTX-53.0016 or PTX-252 at PAR-VASO_0030582 in support of that contention at trial.

- Paragraph 79: Par cites DTX-993.0013 and DDX7-1 in support of its assertion that "[n]one of Eagle's optimization/confirmation batches or subsequent batches have been manufactured at the upper limit (i.e. 3.54) of Eagle's current in-process, post-filtration, pH specification." However, Par cites to no testimony where any witness testified to this assertion, including by reference to DTX-993.0013 and DDX7-1.

- Paragraph 97: Par cites PTX-1417 at EAGLEVAS0060909 in support of its assertion that "[l]ike Vasostrict, label, Eagle's label instructs pharmacists to store Eagle's ANDA product in refrigerated conditions." However, Par cites to no testimony where any witness testified to this assertion, including by reference to PTX-1417.

- Footnote 8: Par's contentions are not proper proposed findings of fact, and are not supported by any citation to the record evidence.

- Paragraph 114: This paragraph cites and discusses a brand new demonstrative that was never presented at trial, and includes assertions for which there is no citation to any trial testimony, *e.g.*, "Eagle took 45 pH measurements of its 'optimized' batches after release while stored in refrigeration, and 32 of them drifted upward after release."

- Paragraph 119: Par cites PTX-1417 at EAGEVAS0060906 for the assertion that the statement in Eagle's package insert "adjusted … to pH 3.4-3.6" is "evidence that Eagle can and will use the full scope of its authorization." However, Par cites to no testimony where any witness testified to that interpretation of PTX-1417 at trial.

- Paragraphs 120 and 125: In paragraph 120, Par asserts that "[i]f its ANDA is approved, Eagle would be authorized to sell such products at any point during their shelf life, and Eagle would thereby directly infringe the asserted claims of the '785 patent (claims 1, 5 and 8) by selling those products at a point in time when they had a pH within the claimed range." Similarly, in paragraph 125, Par cites documents evidencing the 24-month shelf-life when stored in refrigerated conditions (*i.e.*, PTX-1417, PTX-1435, PTO Ex. 1, para. 43) in support of its assertion "that Eagle would be permitted to *sell* its products at times when the pH would be expected to have risen to 3.7 or higher," and thereby directly infringe the patent. But Par cites to no testimony where any witness testified to Par's new assertion that Eagle would be authorized to *sell* infringing products and thereby directly infringe. Rather, Dr. Kirsch asserted only that *physicians* could *use* Eagle's ANDA products at any time during the 24-month shelf life.

4

Given Par's own objections, please confirm that Par will withdraw these paragraphs from its Proposed Findings of Fact before filing.  Eagle is available tomorrow at 10:30 am to meet-and-confer.

Regards,

**Matthew Lembo**

─────────────────────────

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 390 4573  **M** +1 856 905 9595
**F** +1 212 446 4900

─────────────────────────

matthew.lembo@kirkland.com

**From:** Reilly, Luke <luke.reilly@dechert.com>
**Sent:** Thursday, July 22, 2021 3:30 PM
**To:** Kwon, Sam <sam.kwon@kirkland.com>; Lasky, Benjamin <blasky@kirkland.com>; *agaza@ycst.com <agaza@ycst.com>; Parrado, Alvaro <alvaro.parrado@kirkland.com>; *bpalapura@potteranderson.com <bpalapura@potteranderson.com>; DG-Amneal-Vasopressin@goodwinlaw.com; DG-vasopressin-FK-Amneal@goodwinlaw.com; *dmoore@Potteranderson.com1 <dmoore@Potteranderson.com>; #EagleVasopressinLitigation <EagleVasopressinLitigation@kirkland.com>; hwu@goodwinlaw.com; jbova@goodwinlaw.com; jbuckley@potteranderson.com; Wacker, Jeanna <jeanna.wacker@kirkland.com>; lcipriano@goodwinlaw.com; *RVrana@ycst.com <RVrana@ycst.com>; *sobyrne@potteranderson.com <sobyrne@potteranderson.com>; swilson@ycst.com
**Cc:** ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan <mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Par v. Eagle; Par v. Amneal – Defendants' Proposed Findings of Fact

Counsel,

We have not yet received a response to my email below.  Please confirm that you are available to meet and confer tomorrow morning at 10:30 am Eastern.  If that time does not work, please provide Defendants' availability tomorrow before 3:00 pm Eastern.

Regards,
Luke

**Luke M. Reilly**
Associate

**Dechert LLP**
+1 215 994 2194  Direct
luke.reilly@dechert.com
dechert.com

**From:** Reilly, Luke
**Sent:** Wednesday, July 21, 2021 12:51 PM
**To:** Kwon, Sam <sam.kwon@kirkland.com>; Lasky, Benjamin <blasky@kirkland.com>; *agaza@ycst.com <agaza@ycst.com>; Parrado, Alvaro <alvaro.parrado@kirkland.com>; *bpalapura@potteranderson.com <bpalapura@potteranderson.com>; DG-Amneal-Vasopressin@goodwinlaw.com; DG-vasopressin-FK-Amneal@goodwinlaw.com; *dmoore@Potteranderson.com1 <dmoore@Potteranderson.com>; #EagleVasopressinLitigation <EagleVasopressinLitigation@kirkland.com>; hwu@goodwinlaw.com; jbova@goodwinlaw.com; jbuckley@potteranderson.com; Wacker, Jeanna <jeanna.wacker@kirkland.com>; lcipriano@goodwinlaw.com; *RVrana@ycst.com <RVrana@ycst.com>; *sobyrne@potteranderson.com <sobyrne@potteranderson.com>; swilson@ycst.com
**Cc:** ALL NA Endo Vasopressin <NAEndoVasopressin@dechert.com>; EXT Michael Farnan

<mfarnan@farnanlaw.com>; EXT Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** Par v. Eagle; Par v. Amneal – Defendants' Proposed Findings of Fact

Counsel,

It has come to our attention that Defendants' Proposed Findings of Fact contain at least the following objectionable content:

- Paragraphs 92-98, 100-106: discussion of the impurity levels within lot 788435 beyond the content addressed during Dr. Kirsch's cross-examination, in violation of Judge Connolly's ruling (*see, e.g.*, 1st Revised Tr. at 410:5-10, 415:1-9)

- Paragraphs 128-131: discussion of the specific impurity levels within lot 788436, for which there was no supporting testimony

- Paragraphs 176: citation to DTX-29, which was not admitted into evidence

- Paragraph 211: reference to Par's alleged assertion that three distinct pH ranges were critical, for which there was no supporting testimony

Please confirm by noon tomorrow that Defendants will withdraw paragraphs 92-98, 100-106, 128-131, and 211 and any reference to DTX-29. If Defendants will not so confirm, please let us know your availability to meet and confer tomorrow afternoon.

Regards,
Luke

**Luke M. Reilly**
Associate

**Dechert LLP**
+1 215 994 2194  Direct
luke.reilly@dechert.com
dechert.com

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.