# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, *et al.*,<br><br>*Defendants*. | C.A. No. 18-2032-CFC-CJB (consolidated)<br><br>REDACTED - PUBLIC VERSION |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT OF <u>NON-INFRINGEMENT</u>

*Of Counsel*:

MADDOX EDWARDS, PLLC
Steven A. Maddox
Jeremy J. Edwards
Kaveh V. Saba
1900 K Street NW, Suite 725
Washington, D.C. 20006
(202) 830-0707
smaddox@meiplaw.com
jedwards@meiplaw.com
ksaba@meiplaw.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendants Amneal Pharmaceuticals of New York, LLC, Amneal Biosciences LLC, Amneal Pharmaceuticals Pvt. Ltd., and Amneal EU, Limited*

Dated: November 29, 2021
Redacted: December 6, 2021

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................... 1

ARGUMENT .......................................................................................................... 3

   A.  Par's Demand for Additional Discovery Is Moot, and In Any Event Legally Irrelevant to the Controlling Material Facts for Infringement. ............................ 3

   B.  Par's Complaints About Amneal's Compliance with LR 7.1.1 Are at Best Misplaced ............................................................................................................. 8

CONCLUSION ..................................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*ArcherDX, Inc. v. QIAGEN Scis., LLC,*
C.A. No. 18-1019-MN, (D. Del. May 22, 2020) .................................................10

*Astellas Pharm Inc. v. Actavis Elizabeth LLC,*
C.A. No. 16-905-JFB-CJB, (D. Del. May 14, 2019) ........................................5, 6

*Barkes v. First Correctional Medical,*
C.A. No. 06-104-LPS, 2011 WL 1827323 (D. Del. May 12, 2011) ...................10

*Bayer AG. v. Bioavail Corp.,*
279 F.3d 1340 (Fed. Cir. 2002) ........................................................................4, 5

*Bioavail Corp. Int'l. v. Andrx Pharm., Inc.,*
239 F.3d 1297 (Fed. Cir. 2001) .............................................................................5

*Otsuka Pharm. Co., Ltd. v. Mylan Inc.,*
C.A. No. 14-4508-JBS-KMW, 2017 WL 5162807 (D.N.J. Nov. 7,
2017) ................................................................................................................5, 6

*Par Pharm., Inc. v. Eagle Pharm. Inc.,*
C.A. No. 18-823-CFC-JLH, 2021 WL 3886418 (D. Del. Aug. 31,
2021) ................................................................................................................4, 7

*Shire Dev. LLC v. Mylan Pharm. Inc.,*
No. 8:12-cv-1190-T-36AEP, 2014 WL 12621213 (M.D. Fl. July
25, 2014) ...............................................................................................................5

*Tyco Healthcare Group LP v. Mutual Pharm. Co.,*
762 F.3d 1338 (Fed. Cir. 2014) .............................................................................4

**Other Authorities**

D. Del. LR 7.1.1 .........................................................................................................8

Fed. R. Civ. P. 56(c) ..................................................................................................6

# INTRODUCTION

Par for the very first time represented in its opposition to Amneal's motion that it would not oppose this motion, if Amneal confirmed █████████████ █████████████████████████████████████████████████████████████ █████████████. Specifically, Par told Amneal and the Court that "if Amneal had responded that it had not manufactured any new batches and had obtained no new pH data, then *Par would have consented to briefing summary judgment*." (D.I. 314 ("Par Br.") at 9 (emphasis added).)  Par also told the Court that in light of the overlap with the *Eagle* case, "Par does not oppose – in principle – Amneal's request for leave to file its proposed motion for summary judgment of non-infringement." (*Id.* at 10)

By letter on the morning of November 24, 2021, Amneal confirmed to Par that Amneal █████████████████████████████████████████████████ ████████████████████████████ already produced during discovery. (Ex. A.)

Par thereafter *disavowed its representations*.  On the day this reply brief was due, Par advised that ████████████████████████████████████████████ ████████████████████ *Par would NOT consent to summary judgment briefing*.  It is impossible to reconcile Par's promises to the Court in Par's brief, on the one

1

hand, with Par's continued refusal to consent to summary judgment briefing, on the other. The motion should be granted on that basis alone.

In any event, Par's *ad hominem* attacks, inaccurate descriptions of events, and baseless procedural complaints are no substitute for a response on the merits of Amneal's motion. The fact remains that Amneal has filed its response to the CRLs. Contrary to Par's speculation back in June, ███████████████ ████████████████████████████████████████████████ ███████████ just as Amneal had represented at the time.

At the very least, Amneal now stands in the same position in which Eagle stood at the time the Court allowed Eagle to go to trial – namely, ███████ ████████████████████████████████████████████████ ███████████████████████████ Indeed, Amneal has gone beyond Eagle in offering a stipulation to agree to infringement in the event that ██████ ███████ are changed to 3.65. This case is ripe for adjudication.

Further, as in *Eagle*, infringement here is controlled by the ANDA release and stability pH upper limits, compared to the claimed pH minimum of 3.7, which this Court construed to reach only as low as 3.65. This Court already considered and rejected Par's legal arguments to the contrary. Accordingly, any additional batches and pH testing would be immaterial as a matter of law. ███████ ████████████████████████████████████████████████████.

2

Summary judgment is appropriate, given the undisputed fact that ▮



Par's speculation about ▮

▮ Taking into account the prejudicial delay already suffered by Amneal, the case should now proceed expeditiously to an adjudication on the same ANDA upper pH specification limits that were before the Court back in June.[1]

## ARGUMENT

**A.  Par's Demand for Additional Discovery Is Moot, and In Any Event Legally Irrelevant to the Controlling Material Facts for Infringement.**

Par's only substantive opposition to Amneal's motion for leave, buried ten pages deep into its brief, is to relitigate the controlling law that the Court already decided against Par. (Par Br. at 10–16.) Par does so in an attempt to justify its requests for additional discovery. (*Id.*) The Court should reject this effort.

As a threshold matter, ▮. Par's requests were to know whether Amneal "has manufactured new batches or obtained any additional pH

---

[1] Amneal filed this motion on the traditional assumption that summary judgment can be resolved sooner than a one-day trial can be scheduled, conducted, and decided. If, however, the Court determines a trial date certain will allow a more rapid resolution of infringement than by motion, Amneal would forgo summary judgment, and proceed directly to trial.

3

data in connection with . . . ███████████████████████████████ (Par Br. at 11.) Despite the irrelevance of these requests, Amneal ██████████████████

████████████████████████████████████████████████████████████████

███████████████, Par acknowledged on the day this reply was due that Amneal has answered the questions asked and, based thereon, Par does not seek additional discovery at this time. Nevertheless, Par has not withdrawn its opposition – Par is playing for time.

    Moreover, Par's entire opposition boils down to its continued insistence that its theories on batch pH data or alleged drift can trump the controlling ANDA pH specifications that speak directly to the claim limitation at issue. (Par Br. at 13 (arguing that the Court's, the Federal Circuit's, and Amneal's legal understanding that "the ANDA specification would preclude a finding of infringement . . . is not the law").) Just as it did in the *Eagle* case, this Court should reject Par's erroneous legal proposition. *Par Pharm., Inc. v. Eagle Pharm. Inc.*, C.A. No. 18-823-CFC-JLH, 2021 WL 3886418, at *8–10 (D. Del. Aug. 31, 2021) (hereinafter the "*Eagle* Opinion").[2]

---

[2] The Court already carefully considered and rejected Par's arguments based upon language from *Tyco Healthcare Group LP v. Mutual Pharmaceutical Co.*, 762 F.3d 1338 (Fed. Cir. 2014), which Par again advocates here. *Eagle* Opinion at *10 n.2. Par now also points to another case, *Bayer AG. v. Bioavail Corp.*, 279 F.3d 1340 (Fed. Cir. 2002), to try to resurrect its legally erroneous infringement proposition, to no avail. Par's quotation of *Bayer v. Bioavail* omits the sole critical

4

The rest of Par's opposition seeks to muddy the waters and sow doubt where none exists. Par first suggests that it is somehow entitled under the law to further discovery, beyond what Amneal already produced prior to filing its motion. (Par Br. at 11–12.) This is incorrect. Two of the cases on which Par relies simply refer to the obligation to inform of amendments and correspondence regarding the ANDA with FDA – which Amneal has indisputably already done. *See Bioavail Corp. Int'l. v. Andrx Pharm., Inc.*, 239 F.3d 1297, 1304 (Fed. Cir. 2001) ("any material amendment to the ANDA"); *Shire Dev. LLC v. Mylan Pharm. Inc.*, No. 8:12-cv-1190-T-36AEP, 2014 WL 12621213, at *3 (M.D. Fl. July 25, 2014) ("potential changes initiated by the deficiency letter"). The other two cases involved either a misrepresentation regarding the existence of samples, *Astellas Pharm Inc. v. Actavis Elizabeth LLC*, C.A. No. 16-905-JFB-CJB, D.I. 455, at *11–*12 (D. Del. May 14, 2019), or the refusal to produce samples where prior batches were not necessarily representative, *Otsuka Pharm. Co., Ltd. v. Mylan Inc.*, C.A. No. 14-4508-JBS-KMW, 2017 WL 5162807, at *6 (D.N.J. Nov. 7, 2017). There are no such issues here. Further, unlike in *Astellas* and *Otsuka*, where batch

---

fact in that case. The only reason why expert evidence outside the ANDA specification could have been relevant was due to a claim construction dispute on whether the limitation referred to the raw material measurement (as to which the ANDA specification compelled non-infringement, regardless of the expert declaration), or the measurement of manufactured tablets (as to which the ANDA specification was silent, and therefore did not control). *Bayer AG*, 279 F.3d at 1347. There is no such dispute or ambiguity here.

samples and data were critical to infringement, the controlling ANDA specifications here render such discovery irrelevant.

There are simply no "facts essential to justify [Par's] opposition that are unavailable" to Par, to delay summary judgment. (Par Br. at 12.) The multiple *years* of discovery that have already taken place in this case, and Amneal's timely updates regarding FDA correspondence and responses, far surpass the "adequate time" for discovery that Rule 56(c) provides before "mandat[ing] the entry of summary judgment." (Par Br. at 14 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).) None of Par's cited cases suggests otherwise. (*See id.* at 14.)

Par is not interested in developing an appropriate record for summary judgment – which already exists – but rather in delaying judgment for as long as possible to avoid generic competition and to continue to reap exorbitant profits from the public. Indeed, Par now concedes that the only infringement dispute here is based on "Amneal's ANDAs ***as presently situated*** and the scope of products Amneal ***currently*** seeks approval to sell." (Par Br. at 16 (emphases in original).) Par has apparently abandoned its ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at 15; D.I. 277 at 1-2.) Even so,

6

Amneal's stipulation should eliminate any concern about the possibility of future changes to its pH specifications.[3]

Tellingly, Par's opposition does not dispute or identify even one fact that could meaningfully distinguish non-infringement as a matter of law here from the *Eagle* case. While Par vaguely alludes to expert testimony that may differ, such testimony cannot avoid the same result of non-infringement, based on the same controlling law and undisputed facts as in the *Eagle* Opinion. (Par Br. at 10.)[4]

Finally, Par buries in a footnote at the end of its brief its response to the potential public benefits of adjudicating non-infringement now, to ensure reduced patient costs upon approval of the presumptive second generic competitor. (D.I. 310 at 12–13; Par Br. at 15 n.6.) Par asks the Court to turn a blind eye to these benefits, labeling them "inadmissible hearsay." (*Id*.) This is a red herring, because disposition of Amneal's motion for leave is a matter of the Court's discretion, not

---

[3] Par objects to the form of Amneal's stipulation, but not its substance. (Par Br. at 13 n.4.) Amneal is prepared to re-file a unilaterally signed copy of that stipulation, if the Court prefers.

[4] Despite the lack of infringement as a matter of law, Par suggests that the Court should also consider Par's legally irrelevant infringement theories, simply because it previously did so in the Eagle case. (Par Br. at 13 n.5.) But the Court rejected such theories as irrelevant in view of the legally controlling release and stability specifications. *Eagle* Opinion at *8–10. Par's pending appeal does not justify another bite at the apple, nor does it cure the insufficiency of Par's argument under current controlling law.

7

the Rules of Evidence. (Par Br. at 15 n.6.) Swift adjudication of this action serves the public interest, consistent with the core principle of the Hatch-Waxman scheme.

**B.     Par's Complaints About Amneal's Compliance with LR 7.1.1 Are at Best Misplaced.**

The weakness of Par's substantive opposition explains why it chose to lead with high-dudgeon and unfounded accusations about the meet-and-confer process. (Par Br. at 6–10.)

Amneal fulfilled its meet-and-confer obligations before filing its motion for leave. Specifically, Amneal made multiple attempts – by letter, email, and a meet-and-confer conference call – to obtain consent on its motion for leave. Amneal's November 2nd letter set forth the basis for its motion (*i.e.*, "summary judgment of non-infringement, based on the Court's own conclusions regarding the controlling Federal Circuit law in the Eagle decision," in conjunction with Amneal's CRL responses filed on November 1st). (D.I. 315, Ex. C.) Amneal then explained by email why Par's various requests for additional discovery were inappropriate and immaterial as a matter of law. (*Id.*, Ex. F at 2–3.) Further, Amneal initiated a subsequent meet-and-confer call, during which Par continued to refuse to provide any concrete position until all its additional discovery demands were met to Par's satisfaction. (*Id.* at ¶¶ 15–16.) Par apparently had no interest in consenting to Amneal's straight-forward motion, only in delay.

8

Par implies that Amneal should have told Par sooner that Amneal was considering filing a motion for summary judgment. (Par Br. at 7.) Par suggests that Amneal is required to provide its internal litigation strategy thought processes to its litigation adversary. This proposition refutes itself.

Nor should Amneal be faulted for preparing to move promptly upon perfecting its case-dispositive FDA filing. ██████████████████████ ████████████████████████████████████████████ ████████████████████████

Par also overstates the "burden" of reviewing the CRL responses. They are two substantively identical submissions, each organized under nearly identical cover letters. The accompanying documentation is in standard ANDA format, broken down by numbered sections. Par well knew that the only part of the response relevant to this case was ████████████████████████ ████████████████████████ Par's experienced ANDA counsel could have made that determination in less than an hour.

Moreover, it was Par, not Amneal, who failed to "meaningfully engage" in the meet and confer process. (Par Br. at 9.) When Par asked for discovery, Amneal was immediately candid about its position that Amneal regarded Par's request for discovery as merely a delay tactic. (D.I. 315, Ex. F at 2.)

9

Knowing this, Par could have told Amneal that absent any new batches or pH data, Par would consent to Amneal's motion for leave. That is, Par could have, and should have, offered this as a way to sidestep the impasse. But instead, Par debuted this position in its opposing brief two weeks later. Par cannot now recast its own cat-and-mouse approach to the meet and confer as some failure by Amneal.

At bottom, Amneal was justifiably unwilling to incur further delay by entertaining demands for immaterial discovery. As explained above and in Amneal's draft summary judgment brief, the discovery Par requested was (and remains) incapable of generating a material issue of fact to defeat summary judgment. Par should not be permitted to use irrelevant discovery or the meet-and-confer process as tools for delay. Par already leveraged ███████████ ███████████████████████████████████████

Finally, the case law on which Par relies does not support its position. *ArcherDX, Inc. v. QIAGEN Scis., LLC*, C.A. No. 18-1019-MN, D.I. 247 (D. Del. May 22, 2020) addressed meet-and-confer efforts to narrow claim construction issues, not whether a case-dispositive motion based on undisputed facts should be permitted. *Barkes v. First Correctional Medical*, C.A. No. 06-104-LPS, 2011 WL 1827323 (D. Del. May 12, 2011) is also inapposite. Unlike here, *Barkes* involved a motion for sanctions, for which the meet and confer obligation is heightened, and it did not involve any demands for additional irrelevant discovery. *Id.* at *2.

# CONCLUSION

Accordingly, the Court should grant Amneal's motion for leave to file its proposed summary judgment motion and opening brief.  In the event, however, that the Court can more quickly resolve the case by a one-day trial early in the new year, Amneal is prepared to proceed in that manner.

Dated:  November 29, 2021

*Of Counsel*:

MADDOX EDWARDS, PLLC
Steven A. Maddox
Jeremy J. Edwards
Kaveh V. Saba
1900 K Street NW, Suite 725
Washington, D.C. 20006
(202) 830-0707
smaddox@meiplaw.com
jedwards@meiplaw.com
ksaba@meiplaw.com

Young Conaway Stargatt & Taylor, LLP

*/s/ Anne Shea Gaza*
_____
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendants Amneal Pharmaceuticals of New York, LLC, Amneal Biosciences LLC, Amneal Pharmaceuticals Pvt. Ltd., and Amneal EU, Limited*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the Court's type and word count limitations because it has been prepared in 14-point and Times New Roman font, and contains 2,499 words, including footnotes, as calculated by the "Word Count" feature of Microsoft Word.

| | |
|---|---|
| Dated: November 29, 2021 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| *Of Counsel*: | /s/ *Anne Shea Gaza* |
| MADDOX EDWARDS, PLLC | _____ |
| Steven A. Maddox | Anne Shea Gaza (No. 4093) |
| Jeremy J. Edwards | Robert M. Vrana (No. 5666) |
| Kaveh V. Saba | Samantha G. Wilson (No. 5816) |
| 1900 K Street NW, Suite 725 | Rodney Square |
| Washington, D.C. 20006 | 1000 North King Street |
| (202) 830-0707 | Wilmington, DE 19801 |
| smaddox@meiplaw.com | (302) 571-6600 |
| jedwards@meiplaw.com | agaza@ycst.com |
| ksaba@meiplaw.com | rvrana@ycst.com |
| | swilson@ycst.com |
| | *Attorneys for Defendants Amneal Pharmaceuticals of New York, LLC, Amneal Biosciences LLC, Amneal Pharmaceuticals Pvt. Ltd., and Amneal EU, Limited* |

# EXHIBIT A



# MADDOX EDWARDS

1900 K STREET NW - SUITE 725
WASHINGTON, DC 20006
(202) 830-0707

November 24, 2021

Robert D. Rhoad
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808

    Re:    Par Pharmaceutical, Inc. v. Amneal Pharmaceuticals of New York, LLC
              Case No. 18-cv-2032-CFC-CJB

Dear Mr. Rhoad:

       As you know, we believe that discovery directed to matters beyond the ANDA pH specification upper limit is immaterial as a matter of law, in light of the Federal Circuit law properly articulated and applied by the Court in the Eagle opinion.

       Nevertheless, we write to let you know ████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

       Please confirm that you now consent to leave being granted, in accordance with your representation to the Court in your opposition brief.

                                               Best regards,

                                               Steven Maddox

# CERTIFICATE OF SERVICE

I, Anne Shea Gaza, Esquire, hereby certify that on December 6, 2021, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to all registered participants.

I further certify that on December 6, 2021, I caused the foregoing document to be served by e-mail on the following counsel of record:

> Brian E. Farnan
> Michael J. Farnan
> FARNAN LLP
> 919 North Market Street, 12th Floor
> Wilmington, DE 19801
> bfarnan@farnanlaw.com
> mfarnan@farnanlaw.com
>
> Martin J. Black
> Brian M. Goldberg
> Sharon K. Gagliardi
> Daniel Roberts
> DECHERT LLP
> Cira Centre
> 2929 Arch Street
> Philadelphia, PA 19104
> martin.black@dechert.com
> brian.goldberg@dechert.com
> sharon.gagliardi@dechert.com
> daniel.roberts@dechert.com
>
> Robert D. Rhoad
> DECHERT LLP
> 100 Overlook Center, 2nd Floor
> Princeton, NJ 08540-7814
> robert.rhoad@dechert.com

Blake B. Greene
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
blake.greene@dechert.com

*Attorneys for Plaintiffs*

Dated: December 6, 2021

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

 */s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendants*